UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

JANE DOE 1, *et al.*,

   Plaintiffs,

   v.

UNITED STATES OF AMERICA,

   Defendant.

---

Civil Action No. 24-2743 (JEB)

## MEMORANDUM OPINION AND ORDER

Plaintiffs Jane Doe 1, Jane Doe 2, Jane Doe 3, Laura Newman, Jane Doe 4, Jane Doe 5, Jane Doe 6, and Sandra Ward have sued the United States of America. They claim that the Federal Bureau of Investigation has negligently and recklessly ignored reports and tips that Jeffrey Epstein was abusing girls and young women. See ECF No. 1 (Compl.), ¶¶ 1–2. They now move to be able to proceed using pseudonyms. See ECF No. 2 (Mot.) at 2–4.

The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

**I.    Legal Standard**

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found.

1

v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party seeking to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and, relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

**II.     Analysis**

At this early stage, Plaintiffs have met their burden to show that the privacy interests at stake outweigh the public's presumptive and substantial interest in learning their identities.

First, as the Complaint makes clear, Plaintiffs seek to proceed under pseudonyms not "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature."  Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original).  Here, the case involves allegations of sexual assault, which courts have found to favor pseudonymity.  See In re Sealed Case, 971 F.3d at 327

("sexual activities" are "intimate issues" that this factor "commonly involves"); Doe v. Cabrera, 307 F.R.D. 1, 5 (D.D.C. 2014) ("Courts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects."); Doe v. De Amigos, LLC, 2012 WL 13047579, at *2 (D.D.C. Apr. 30, 2012) ("Courts have granted anonymity to protect against disclosure of a wide range of issues involving matters of the utmost intimacy, including sexual assault.") (internal quotation marks omitted); see also, e.g., M.A. v. Mayorkas, 2023 WL 5321924, at *2 (D.D.C. Jul. 6, 2023) (factor favors pseudonymity where complaint "describes in vivid detail particular threats and instances of physical and sexual violence that Plaintiffs have experienced or witnessed in their countries of origin"); Doe v. Burns, No. 23-2937, ECF No. 7 (Mem. Op.) at 4 (D.D.C. Oct. 5, 2023) (same where "Doe describes both her [sexual] assault and the events leading up to it in detail").

The second factor, which concerns the "risk of retaliatory physical or mental harm" to Plaintiffs and to "innocent non-parties," also counsels granting the Motion. In re Sealed Case, 971 F.3d at 326 (internal quotation marks and citation omitted). Public disclosure, Plaintiffs assert, would result in a risk of mental harm. See Mot. at 6–7; Compl., ¶¶ 40–41. They maintain that news coverage and media attention would cause psychological distress and exacerbate their underlying trauma. See Mot. at 7. They also assert that at least one Plaintiff has already received threats to prevent her from going forward with litigation. See Compl., ¶ 41.

Courts have found that pseudonymity is supported in cases where a plaintiff describes particular threats of physical harm, abuse, or violence that he has received or has credible grounds to believe would follow from disclosure. See, e.g., J.K.A. v. United States, No. 23-2273, ECF No. 7 (Mem. Op.) at 3–4 (D.D.C. Aug. 10, 2023); Doe v. U.S. Dep't of State, 2015 WL 9647660, at *3 (D.D.C. Nov. 3, 2015) ("Allowing Doe to file pseudonymously will

3

help to conceal his work with the U.S.-led reconstruction efforts [in Iraq] and protect his wife and minor child from the anti-U.S. insurgents who he says have been and continue to be a threat to their lives."). Additionally, courts have found that pseudonymity is also appropriate where there is a risk of mental harm. See, e.g., Cabrera, 307 F.R.D. at 7 ("Out of grave concern that the Court could exacerbate any psychological issues the plaintiff is currently experiencing, the Court finds that this factor weighs in favor of anonymity."); Doe v. Sessions, 2018 WL 4637014, at *4 (D.D.C. Sept. 27, 2018) ("Courts generally find a risk of retaliatory harm in cases where the moving party provides evidence that psychological damage is anticipated if a party's identity is disclosed.") (cleaned up); Doe v. Roman Catholic Diocese of Greensburg, 2021 WL 12137383, at *7 (D.D.C. Feb 12, 2021) (crediting claim in similar case that "the stress associated with [proceeding publicly] would exacerbate the symptoms of [plaintiff's] mental illness") (cleaned up).

To be sure, Plaintiffs do not attach an affidavit supporting these claims, cf. Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023) (referencing affidavits in support of motion), and "[d]iscovery may well render [their] concerns unsupported and unwarranted." Doe v. Fed. Republic of Germany, 2023 WL 4744154, at *3 (D.D.C. July 3, 2023). At this early stage, however, the Court finds that the allegations in the Complaint are sufficient to establish that revealing their names publicly in connection with this litigation poses a risk of harm. See Mot. at 6–7; Compl., ¶¶ 40–41.

The third factor — "the ages of the persons whose privacy interests are sought to be protected," In re Sealed Case, 931 F.3d at 97 — supports proceeding under pseudonyms, too. Although Plaintiffs are adults, some are parents, and they claim that their psychological harm concerns extend to their minor children. See Mot. at 8. Courts have determined that if

4

disclosure could implicate the privacy interests of minors, this factor favors pseudonymity. See, e.g., Doe v. Blinken, No. 23-2997, ECF No. 3 (Mem. Op.) at 4 (D.D.C. Oct. 13, 2023) ("To the extent that revealing Plaintiff's identity would also reveal the identities of his four minor children, proceeding pseudonymously would be appropriate."); J. v. Dist. of Columbia, No. 23-1279, ECF No. 3 (Mem. Op.) at 4 (D.D.C. May 9, 2023) (factor favored pseudonymity; "although Plaintiffs are adults, they share common privacy interests with their minor child due to their intractably linked relationship") (cleaned up).

The fourth factor also adds some weight to the scale supporting non-disclosure. Plaintiffs have sued a governmental actor, and "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about "reputation" that private individuals have when they are publicly charged with wrongdoing.'" J.W. v. District of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (quoting Cabrera, 307 at 8); see also Doe 1 v. George Washington Univ., 369 F. Supp. 3d 49, 67 (D.D.C. 2019) (distinguishing "private litigants, who presumably have concerns about their respective reputations"). Additionally, Plaintiffs only request individualized relief, and "[w]hen a plaintiff requests individualized relief against a government defendant[,] . . . the fourth factor favors pseudonymity." Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024).

The fifth and final factor also weighs in favor of granting the motion. It is well established that if a defendant already knows the plaintiff's identity or the plaintiff has offered to disclose her identity under seal, then this factor favors pseudonymity. See, e.g., In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant knows plaintiff's identity); Doe v. ICE, No. 24-617, ECF No. 9 (Mem. Op.) at 5 (D.D.C. Mar. 8, 2024)

5

(fifth factor supports motion where defendant already knows plaintiff's identity); R.A. v. Islamic Republic of Iran, No. 23-2606, ECF No. 4 (Mem. Op.) at 5 (D.D.C. Sept. 12, 2023) (same because "[w]hile this is not a case in which Defendant knows their identities already, Plaintiffs have offered to disclose them under seal and have not asked to do so *ex parte*").  Here, Defendant has already been provided with the names of each Plaintiff and will be able to conduct full discovery and have access to their discoverable information.  See Mot. at 9.  Plaintiffs also affirm that they will continue to provide the Government with identifying information in a confidential manner.  Id.  Defendants, therefore, would suffer no unfairness if the motion were granted.

In sum, every factor highlights Plaintiffs' "legitimate interest in anonymity" at this early stage.  In re Sealed Case, 931 F.3d at 96.

### III. Conclusion

The Court accordingly ORDERS that:

1. Plaintiffs' [2] Motion to Proceed Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiffs shall file on the public docket:

   i. A pseudonymous version of their [2] Motion and any attachments; and

   ii. A declaration containing their real names and residential addresses, filed *ex parte* and under seal.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date: October 9, 2024