UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 9:25-CV-80880 LEIBOWITZ

JANE DOE 1, *et al.*,

    Plaintiffs,

vs.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## JOINT EXPEDITED MOTION TO MODIFY THE COURT'S SCHEDULING ORDER

    The Parties, by and through their undersigned counsel, respectfully move to modify the Court's scheduling order [ECF 46]. Given the impending deadlines addressed herein, the Parties respectfully request the Court's ruling by August 25, 2025. In support, the Parties state:

    1.    This multi-plaintiff case was transferred from the District of Columbia to the Southern District of Florida on July 11, 2025.

    2.    Plaintiffs filed their Second Amended Complaint on July 29, 2025 [ECF 48].  The Second Amended Complaint includes twenty-six Jane Does and two named plaintiffs.

    3.    The Parties had previously moved for a thirty-day enlargement of time for the United States to respond to the Second Amended Complaint and for the Parties to file their joint scheduling report, certificates of interested parties, and corporate disclosure statements, which the Court granted [ECF 46].

    4.    The undersigned Assistant U.S. Attorneys were assigned to the defense of this action on August 10, 2025.  Since then, counsel for all Parties have engaged in several in-depth discussions regarding the status of the pleadings and the parameters of the case. These discussions have been uniformly cordial and productive.

5. Given the complexities of the pleadings, the Office of the Deputy Attorney General has requested additional time to review the Second Amended Complaint. Additionally, Plaintiffs' counsel has indicated that they intend to file a third amended complaint, adding approximately ten additional Jane Does as Plaintiffs. The United States has no objection to the filing of a Third Amended Complaint for this purpose.

6. While the United States is ready to respond to the Second Amended Complaint on August 25, 2025 (and will do so absent a denial of this motion from the Court), the Parties agree that the interests of justice will be better served if the United States' response is directed to a comprehensive pleading which includes all Plaintiffs currently represented by opposing counsel.

7. The Parties have spent substantial time discussing the parameters of the case. While there are still several areas of disagreement, the Parties do agree that an operative pleading which encompasses the full universe of Plaintiffs currently represented by their undersigned counsel is essential in terms of Judicial and Party resources.

8. Additionally, the United States has discussed with Plaintiffs that it intends to file a motion to stay discovery pending the filing of a motion to dismiss the Third Amended Complaint which will raise challenges thereto through the assertion of Sovereign Immunity as well as failure to state a claim. Plaintiffs are currently not in agreement with a stay of discovery, which will need to be briefed before the Court.

9. "District courts enjoy broad discretion in deciding how to best manage the cases before them." *Gibson v. Lynn Univ., Inc.*, 2020 WL 6700448, at *1 (S.D. Fla. Oct. 29, 2020) (citing *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001)). *See also Young v. City of Palm Bay*, 358 F.3d 859, 863 (11th Cir. 2004) (explaining that the district court has "managerial power to maintain control over its docket" which includes discretion over whether to grant or deny a motion for an extension of time). This motion is not made for purposes of causing undue delay, but rather to conserve Judicial and Party resources and to give time to continue the constructive dialogue being established between the Parties.

WHEREFORE, the Parties respectfully request the Court modify its current scheduling order as follows:

- On or before September 22, 2025, Plaintiffs will file a Third Amended Complaint.
- The United States will file its response to the Third Amended Complaint within 14 days thereafter.

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

Pursuant to Local Rule 7.1(a)(2), undersigned counsel certify that they conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised therein, and that the Parties are in agreement with the relief requested.

Respectfully submitted,

**JASON A. REDING QUIÑONES**
**UNITED STATES ATTORNEY**

By: *John S. Leinicke*
JOHN S. LEINICKE
ASSISTANT UNITED STATES ATTORNEY
Fla. Bar No. 64927
United States Attorney's Office
Southern District of Florida
99 N.E. 4th Street, 3rd Floor
Miami, Florida 33132
Tel: (305) 961-9212
E-mail: john.leinicke@usdoj.gov

By: *Steven R. Petri*
STEVEN R. PETRI
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. A5500048
United States Attorney's Office
Southern District of Florida
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, FL 33394
Tel: (954) 660-5799

E-mail: steve.petri@usdoj.gov

*Counsel for Defendant United States*

By: <u>Jordan Merson, Esq</u>
Jordan Merson, Esq.
Jennifer Plotkin, Esq.
Merson Law, PLLC
950 Third Avenue, 18th Floor
New York, New York 10022
Telephone: (212) 603-9100
Facsimile : (347) 441-4171
Email : jmerson@mersonlaw.com
Email : jplotkin@mersonlaw.com

Todd J. Michaels, Esq.
The Haggard Law Firm
330 Alhambra Circle
Coral Gables, FL. 33134
Office: (305) 446-5700
Cell: (305) 775-0339
Fax: (305) 446-1154
Email:tmichaels@haggardlawfirm.com

*Counsel for Plaintiffs*