UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 9:25-CV-80880-LEIBOWITZ

JANE DOE 1, *et al.*,

    Plaintiffs,

vs.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## DEFENDANT'S EXPEDITED MOTION TO STAY DISCOVERY AND FILING OF SCHEDULING REPORT PENDING RESOLUTION OF MOTION TO DISMISS

    Defendant, United States of America, by and through its undersigned counsel, hereby moves to stay discovery, including the requirement to submit a Joint Scheduling Report, pending the resolution of Defendant's Motion to Dismiss [ECF 61] the Third Amended Complaint. Given that the Court has imposed a deadline of October 7, 2025 (*see* Order, ECF 52), for the Parties to file their Joint Scheduling Report, the United States respectfully requests pursuant to Local Rule 7.1(d)(2) that the Court rule on the instant motion by October 1, 2025. In support thereof, the Defendant states as follows:

### I.  INTRODUCTION

    In their Third Amended Complaint ("TAC"), thirty-four Plaintiffs bring a single Federal Tort Claims Act ("FTCA") claim against the United States, alleging that over a period of several decades the FBI violated a duty owed to them as victims to properly investigate and make charging decisions based upon leads and other available information of the criminal conduct of Jeffrey Epstein. TAC at pg. 26. In response, the United States has filed a Motion to Dismiss ("MTD"). Therein, the United States asserts on four separate bases that it has not waived its sovereign immunity, necessitating dismissal of the action under Fed. R. Civ. P. 12(b)(1). The

1

United States also argues that Plaintiffs fail to state a claim under Rule 12(b)(6). These case dispositive defenses are as follows:

    A.    No Plaintiff presented their administrative claim to the FBI within the FTCA's two-year statute of limitations. MTD at pgs. 3-7. In short, although the last injury alleged in the TAC occurred in 2017 and Jeffrey Epstein died in prison in 2019, the first administrative claim was not presented to the FBI until May of 2023. Absent a timely presentation of an administrative claim, the waiver of sovereign immunity in the FTCA cannot be invoked;

    B.    Plaintiffs' sole cause of action for "negligent police investigation" has no analogous state-law tort necessary to invoke jurisdiction under the FTCA. MTD at pgs. 7-9. Nor could it, as negligent investigation by a law enforcement agency is not a recognized tort under the laws of either Florida or New York, where Plaintiffs' abuse occurred;

    C.    Decisions as to whether to launch or terminate a criminal investigation, including whether to bring evidence and testimony before a grand jury necessary to set forth formal charges against a criminal defendant, are inherently discretionary decisions subject to policy analysis by the Executive Branch. MTD at pgs. 9-16. Under the Discretionary Function Exception ("DFE") to the FTCA, there is no waiver of sovereign immunity pertaining to discretionary law enforcement investigative decisions;

    D.    Plaintiffs allege a decades long institutional failure of the FBI writ large. However, institutional failures by a federal agency are not addressable by the waiver of sovereign immunity contained in the FTCA. MTD at pgs. 16-18. Rather, only an injury caused by the negligent act of a federal employee is subject to the waiver, and the TAC is devoid of a single allegation of a negligent act by a specific government employee; and

    E.    Finally, the TAC is a shotgun pleading subject to dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). MTD at pgs. 18-20.

Any one of the United States' four sovereign immunity defenses would be fatal to the entirety of Plaintiffs' claim. The FTCA's waiver of the United States' sovereign

immunity must be strictly construed. *Biggins v. United States*, 2005 WL 8155945 at *3 (S.D. Fla. 2005) (citing *Phillips v. United States*, 260 F.3d 1316, 1317 (11th Cir. 2001)). The United States' assertion of dispositive sovereign immunity defenses weighs strongly in favor of a stay of discovery. The Eleventh Circuit has ***squarely held*** that a district court abuses its discretion by requiring a Rule 26(f) report before immunity is resolved. *See Howe v. City of Enter.*, 861 F.3d 1300, 1302 (11th Cir. 2017) ("[T]he part of the order requiring the parties to develop their Rule 26(f) report before the court ruled on the immunity defenses is also inconsistent with . . . decisions which establish that immunity is a right not to be subjected to litigation beyond the point at which immunity is asserted.") (citing *Bouchard Transp. Co. v. Fla. Dep't of Envtl. Prot.*, 91 F.3d 1445 (11th Cir. 1996)).

The United States respectfully submits that a "preliminary peek" at its motion to dismiss will reveal that it should be granted due to the numerous fatal defects present in Plaintiffs' single FTCA claim. Any one of the asserted sovereign immunity defenses would be sufficient to dispose entirely of this litigation. Accordingly, the United States respectfully suggests that it must be protected from the burdens of discovery where no waiver of sovereign immunity is applicable. In view of the need to conserve judicial and party resources, the United States moves this Court to stay discovery and the filing of the scheduling report in this matter pending the resolution of its motion to dismiss.

## II. LEGAL STANDARD

"District courts enjoy broad discretion in deciding how to best manage the cases before them." *Gibson v. Lynn Univ., Inc.*, 2020 WL 6700448, at *1 (S.D. Fla. Oct. 29, 2020) (*Ruiz, J.*) (citing *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001)). "[A] stay of discovery is appropriate where the movant shows good cause and reasonableness." *Id.* (quoting *Varga v. Palm Beach Cap. Mgmt., LLC*, 2010 WL 8510622, at *1 (S.D. Fla. Sep. 3, 2010) (*Moreno, J.*)). In establishing good cause and reasonableness in justification of a stay of discovery, an immunity such as sovereign immunity "provides an entitlement not to stand trial or face the other burdens of litigation." *Howe*, 861 F.3d at 1302 (quotation omitted). "The basic thrust"

3

of such immunity doctrines "is to free officials from the concerns of litigation, including avoidance of disruptive discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (quotations omitted).

The United States has also moved to dismiss the TAC as a shotgun pleading, which independently supports a stay of discovery. "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should… be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); *see also Tradex Global Master Fund SPC Ltd. v. Palm Beach Capital Mgmt., LLC*, 2009 WL 10664410, *1 (S.D. Fla. Nov. 24, 2009) (*Moreno, J.*) (stating that under *Chudasama*, "facial challenges to the legal sufficiency of a claim should be resolved before discovery begins"). "Where a pending motion may dispose of the entire action, granting a stay of discovery not necessary to the resolution of the motion may be justified." *Gibson,* 2020 WL 6700448, at *2. Courts have thus taken a "preliminary peek" at dispositive motions to dismiss in order to determine the merits of the motion and the likelihood that the motion would ultimately be granted. *E.g.*, *id.* (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D. Fla. 1997)).

III.   **ARGUMENT**

This Court should stay discovery, including the requirement to conduct a Rule 26(f) conference and submit a joint scheduling report by October 7, 2025, *see* D.E. 52, pending resolution of the MTD, for three reasons.

*First*, the MTD concerns sovereign immunity. As noted, this issue before the Court ***requires*** a stay, as the Eleventh Circuit squarely held in *Howe*. Courts have accordingly routinely stayed discovery pending resolution of threshold issues of sovereign immunity and other types of immunity. *See, e.g.*, *Diamond v. Hastie*, 2017 WL 10991770, at *1 (S.D. Ala. Nov. 1, 2017) (amending scheduling order to clarify that defendant asserting Eleventh Amendment immunity was not required to participate in Rule 26(f) meeting until motion to dismiss was resolved); *Dressler v. U.S. Dep't of Educ.*, 2019 WL 13063430, at *2 (M.D. Fla. Feb. 26, 2019) (finding good cause to stay discovery as to the federal government defendant "until the immunity

4

claims in its motion to dismiss are resolved."); *Mpaka v. Migoya*, 2019 WL 3001634, at *1 (S.D. Fla. July 10, 2019) (*Williams, J.*) ("[I]n light of the Eleventh Circuit's holding in *Howe*, a precedent by which this Court is bound, Defendant's motion appealing the prior order denying his motion to abate is GRANTED. The deadlines in the scheduling order are STAYED pending resolution of Defendant's motion for judgment on the pleadings."); *Point Conversions, LLC v. Lopane*, 2020 WL 6700236, at *2 (S.D. Fla. Oct. 29, 2020) (*Ruiz, J.*) ("Defendant asserts sovereign and judicial immunity defenses, which raise serious questions regarding the viability of Plaintiff's Complaint that must be resolved before Defendant is burdened with discovery and other pretrial obligations."); *Oueiss v. Saud*, 2021 WL 11606313, at *2 (S.D. Fla. Apr. 5, 2021) (*Moore, C.J.*) ("United States Supreme Court and Eleventh Circuit Court of Appeals precedent instructs that defenses of immunity should be resolved at the earliest stages of litigation so that defendants subject to such immunity are not unnecessarily burdened with litigation requirements, including discovery.") (collecting authority and staying discovery).

*Second*, the United States respectfully suggests that a "preliminary peek" at the MTD will quickly show that Plaintiffs' claim is fatally defective and that the motion is due to be granted. Courts in this circuit have frequently stayed discovery pending resolution of the motion to dismiss where a "preliminary peek" reveals that the motion is likely due to be granted. *See, e.g.*, *Chudasama*, 123 F.3d at 1368 ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided… when faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible. The court's duty in this regard becomes all the more imperative when the contested claim is especially dubious."); *Gibson*, 2020 WL 6700448, at *2 ("[T]he Court finds that a stay of discovery is appropriate until it can consider such potentially dispositive issues."); *Varga*, 2010 WL 8510622, at *1 ("While the Court has not yet ruled on the motions to dismiss, a cursory review of those motions and the Court's own prior rulings in *Tradex* suggests that a short stay of discovery is

5

appropriate."); *Padilla v. Porsche Cars N. Am., Inc.*, 2019 WL 1281484, at *1 (S.D. Fla. Mar. 19, 2019) ("Based upon a cursory review of Plaintiffs' Complaint and Defendant's bases for dismissal with prejudice, the Court finds that a stay of discovery is appropriate until the Court rules on the case dispositive issues raised in Defendant's Motion to Dismiss."); *Roberts v. FNB S. of Alma, Georgia*, 716 F. App'x 854, 857 (11th Cir. 2017) ("[I]n general, motions to dismiss for failure to state a claim should be resolved before discovery begins. Here, the district court properly stayed discovery pending a ruling on the legal sufficiency of Roberts's complaint because there was no need for discovery before the court rule[d] on the motion.") (citations and quotations omitted); *Roman v. Tyco Simplex Grinnell*, 732 F. App'x 813, 815 (11th Cir. 2018) ("In civil actions, a plaintiff's right to perform discovery and present his claims to a jury are not absolute. In particular, a motion to dismiss for failure to state a claim must be resolved before discovery begins.").

  ***Third***, because Plaintiffs' TAC is a shotgun pleading, the United States cannot discern with any degree of specificity the factual basis of the claim(s) Plaintiffs are bringing against the government, what allegations particular to each of the thirty-four Plaintiffs support their FTCA claim, what discovery on the thirty-four separate claims might be appropriately relevant if allowed to proceed, and what relief Plaintiffs are seeking as to each claim as opposed to an aggregate claim of $200 million in damages as a group. TAC at pg. 29. Without further guidance from the Court regarding the legal viability of Plaintiffs' claims, discovery would be inefficient and unproductive, as the United States attempts to defend against the litany of largely unspecified allegations seeking **two hundred million dollars in damages**. *See, e.g., Torres v. Zingale*, 2023 WL 7000943, at *2 (M.D. Fla. Oct. 24, 2023) (staying discovery pending resolution of motion that argued, among other things, that complaint was shotgun pleading) (collecting authority); *Priority Payment Sys., LLC v. Connect Merch. Payment Services, LLC*, 2017 WL 10410661, at *1-2 (N.D. Ga. Jan. 31, 2017) (staying discovery until plaintiff cured improper shotgun pleading, noting that "the construction of the operative pleading requires immediate attention").

The burdens of discovery on the United States would be quite significant. Just as an example of the costs and complexities involved, it can be anticipated that many victims of sexual abuse would be asserting mental health issues arising therefrom. To assess the level of damages at issue, the Defendant would need to retain expert psychiatrists across many cities to perform in person independent medical exams pursuant to Fed. R. Civ. P. 35 to evaluate mental health claims across thirty-four Plaintiffs. The psychiatrists would undoubtedly need to review mental health and other treatment records of the numerous Plaintiffs to assist with the assessment before issuing a report on the mental health injuries suffered as to each specific Plaintiff. Many Plaintiffs allege abuse which occurred over two decades ago, so presumably the collection of historical mental health records for review by the psychiatrists would be a significant endeavor. Further, investigative files of the FBI spanning several decades might be at issue, which would need burdensome review for assertions of privilege and redactions to protect the privacy interests of other victims not part of this litigation.

Plaintiffs have waited many years before first attempting to bring their claims to the Court. Any prejudice they would suffer by a temporary delay of the initiation of discovery while the Court determines the sovereign immunity and other issues raised in the underlying motion to dismiss would be minor in comparison to the great burden and cost to the Defendant if discovery proceeds prematurely. The Eleventh Circuit precedent of *Howe* mandates a discovery stay as a non-discretionary decision by the Court.

## IV. CONCLUSION

Defendant respectfully requests that this Court stay all discovery in this action, including the requirement of preparing a Joint Scheduling Report pending resolution of the Motion to Dismiss.

## CERTIFICATE OF PRE-FILING CONFERRAL

Pursuant to S.D. Fla. L.R. 7.1(a)(2), the undersigned hereby certifies that he conferred via Teams meeting with Plaintiffs' counsel on August 20, 2025, who stated that the Plaintiffs oppose the relief requested in the motion. Plaintiffs' opposition to a stay was confirmed via email on September 22, 2025.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: *John S. Leinicke*
JOHN S. LEINICKE
ASSISTANT UNITED STATES ATTORNEY
Fla. Bar No. 64927
United States Attorney's Office
Southern District of Florida
99 N.E. 4th Street, 3rd Floor
Miami, Florida 33132
Tel: (305) 961-9212
E-mail: john.leinicke@usdoj.gov

By: *Steven R. Petri*
STEVEN R. PETRI
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. A5500048
United States Attorney's Office
Southern District of Florida
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, FL 33394
Tel: (954) 660-5799
E-mail: steve.petri@usdoj.gov

*Counsel for United States of America*