UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 9:25-CV-80880-LEIBOWITZ

JANE DOE 1, *et al.*,

    Plaintiffs,

vs.

UNITED STATES OF AMERICA,

    Defendant.
_____/

**DEFENDANT'S REPLY IN SUPPORT OF
EXPEDITED MOTION TO STAY DISCOVERY AND FILING OF SCHEDULING
REPORT PENDING RESOLUTION OF MOTION TO DISMISS**

    Defendant, United States of America, by and through its undersigned counsel and pursuant to Local Rule 7.1(c)(1), files the following reply in support of its Expedited Motion to Stay Discovery ("Motion") [ECF 63]. In their opposing memorandum ("Response") [ECF 65], Plaintiffs fail to raise any meritorious bases for denying the Motion and allowing discovery to proceed while the United States Motion to Dismiss the Third Amended Complaint [ECF 62] remains pending. Indeed, Plaintiffs concede on the first page of their Response that this case "will require extensive discovery." *Id.*, p. 1, yet they do not argue that jurisdictional discovery is necessary to support their claim. The case law cited therein is readily distinguishable. At bottom, given the strong likelihood that the entirety of this litigation will be dismissed on the basis of the United States' sovereign immunity, leaving no surviving claims, and because no factual inquiry is necessary in order for this Court to rule on the United States' Motion to Dismiss the Third Amended Complaint [ECF 62], a stay of all discovery is warranted.

### The United States' Motion to Dismiss Will Likely Be Dispositive As to All Plaintiffs. In Identical Circumstances, the Eleventh Circuit Has Affirmed Stays of Discovery.

Plaintiffs first argue that the United States has failed to meet its "tall burden" of staying discovery. Response, p. 2 (citing *United States ex rel. Mosley v. Walgreen Co.*, No. 18-cv-80200, 2024 U.S. Dist. LEXIS 72426 (S.D. Fla. Apr. 18, 2024) (*Bloom, J.*)). Plaintiffs' reliance on *ex rel. Mosley* is unavailing. Therein, relator Elmer Mosley brought a *qui tam* action on behalf of the United States against the Wallgreen Co. pharmacy chain under the False Claims Act, 31 U.S.C. § 3729 et *seq. Id.* at *2. Wallgreen simultaneously moved to dismiss the relator's second amended complaint and stay discovery. Judge Bloom denied Wallgreen's motion to stay discovery for two reasons. First, Wallgreen did not sufficiently establish prejudice or burdensomeness, as the scope of discovery sought was limited to documents that Wallgreen had already produced to the United States during the government's prior investigation. *Id.* at *11. Second, Wallgreen's motion to dismiss did not appear to be clearly meritorious and case dispositive after a preliminary peek. *Id.* at *13 ("[T]he Court cannot say at this stage that it is a 'sure winner' warranting a stay of discovery at this stage."). The Court noted that the difference between the amended complaints' allegations "could change the outcome of the Motion to Dismiss as to the Second Amended Complaint." *Id.* at *14. Finally, it is important to note that the moving party, Wallgreen, is a private company, and therefore the issue of sovereign immunity did not arise.

The United States's Motion easily overcomes the concerns expressed by Judge Bloom in *ex rel. Mosley*. First, the inordinate discovery burdens in this case are readily apparent, and the United States identify several examples in its Motion. *See* Motion, p. 7. The Third Amended Complaint identifies thirty-four Plaintiffs are scattered across the world in Florida, New York, New Mexico, California, the U.S. Virgin Islands, and Paris, France. *See* ECF 61, ¶¶ 32-65. Plaintiffs allege a timeframe of "decades" for the relevant acts and omissions of the FBI. *Id.*, ¶¶ 7, 78, 110. Any reasonable attorney would recognize the herculean effort required to coordinate discovery on this scale. Even Plaintiffs concede that this case "will require extensive

discovery" "which will take a long time if we do not start now." Response, pp. 1 and 9. Despite Plaintiffs' unadorned claim that the Third Amended Complaint is "the same" as the prior pleadings,[1] Response, p. 8, the Third Amended Complaint significantly expands the scope of relevant allegations. When balanced against the government's legitimate, dispositive sovereign immunity defenses, the United States readily meets its burden of showing good cause and reasonableness of a stay upon this Court's "preliminary peek" at the Motion to Dismiss. Other courts in this district agree. For example, in a recent action brought by thirty-two plaintiffs against a retail company, Magistrate Judge Strauss recently stayed discovery pending resolution of the defendants' motion to dismiss because "First and foremost, Defendants' standing argument, if successful, would result in dismissal of this entire action (without prejudice). But even if the Court were to find that Plaintiffs have standing, certain arguments in Defendants' Rule 12(b)(6) motion could, if successful, result in dismissal of this entire action." *Morrison v. Fam. Dollar Stores, LLC*, No. 24-CV-60294, 2025 U.S. Dist. LEXIS 62092 at *9 (S.D. Fla. Apr. 1, 2025) (*Strauss, M.J.*). "Needless to say, discovery in this case is likely to be very expensive and time-consuming. Given the types of challenges that Defendants raise in their motions to dismiss and the high costs that will come with discovery in this matter, a stay of discovery is appropriate." *Id.*

---

[1] Plaintiffs curiously attack the merits of the Motion to Dismiss the Third Amended Complaint over certain arguments they believe were not raised in the government's prior motion to dismiss filed in the District of Columbia. *See* Response at p. 1 (attacking Motion to Stay because the prior motion to dismiss did not use the words "fatally defective" to describe Plaintiffs' first complaint) *and* p. 9 (attacking the Motion to Dismiss as "duplicitous" for asserting a "shotgun pleading" argument because "defendant did not even make this argument" in its prior motion). An amended complaint supersedes the original complaint and renders it without legal effect. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007). Thus it is entirely appropriate to address arguments to the new allegations contained within the operative pleadings. Regardless, the defenses of lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted are not waived if omitted from a prior motion to dismiss. *See* Fed. R. Civ. P. 12(h)(2).

Plaintiffs' reliance on *Yelapi v. DeSantis*, No. 20-cv-351, 2021 U.S. Dist. LEXIS 93652 (N.D. Fla. Feb. 25, 2021) is similarly misplaced. Response, pp. 3, 6, and 7. Plaintiffs rely on *Yelapi* for the proposition that the government's discretionary function defense is insufficient to stay discovery. In *Yelapi*, the plaintiff sued Governor DeSantis under the Rehabilitation Act and the ADA. Governor Desantis moved to dismiss plaintiff's Rehabilitation Act claim on sovereign immunity grounds, and simultaneously moved to stay discovery pending resolution of its motion to dismiss. The district court denied the Governor's motion to stay discovery because (1) it found that factual discovery was necessary to resolve the state's sovereign immunity defense; (2) the state's sovereign immunity defense only applied to one of the two asserted claims; and (3) the legal standard for the surviving ADA claim was "the same" as the Rehabilitation Act claim, and therefore "even if legal issues remain as to one claim, does not enlarge the scope of discovery or increase Defendants' burden." *Id.* at *3.

Plaintiffs' case is entirely different. No factual discovery is required for this Court to rule on any of the United States' defenses raised in its Motion, nor do the Plaintiffs ask for fact discovery for the purposes of addressing the sovereign immunity issues. The Motion would be case dispositive if granted. The Eleventh Circuit recently reaffirmed its belief that "Dispositive motions that present purely legal questions—such as a motion to dismiss for failure to state a claim—should be resolved before discovery." *Olufemi v. Exclusive Ass'n Mgmt.*, No. 23-10752, 2024 U.S. App. LEXIS 3985, at *2 (11th Cir. Feb. 21, 2024) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)). "Discovery imposes high costs on the court and on litigants in time and resources, and thus, any claim that is not viable should be dismissed before discovery whenever possible." *Id.* "When there is a pending motion that presents a purely legal question and is likely to be dispositive, a district court may stay discovery pending the resolution of the motion." *Id.* (citing *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1308-09 (11th Cir. 2020)). In *Olefumi*, the Eleventh Circuit affirmed the district court's decision to deny plaintiff's motion opposing the stay of discovery pending a ruling on defendant's motion to dismiss. *Id.*

at *3. The defendant's motion to dismiss presented three questions that were potentially dispositive on plaintiff's claim: (1) whether the court had subject matter jurisdiction under the *Rooker-Feldman* doctrine; (2) whether the doctrine of res judicata barred his claims; and (3) whether plaintiff failed to state a claim. "Because the motion to dismiss presented a potential resolution to the case that required no further findings of fact, this Court's precedent dictates that the district court should rule on the motion before discovery." *Id.* "Given the high costs of discovery and the preference for deciding dispositive, purely legal motions before those costs are incurred, the district court was well within its discretion when it stayed proceedings and when it continued the stay over [plaintiff's] objection." The Eleventh Circuit further commended the district court for "staying proceedings 'in the interest of efficiency.'" *Id.* at *4.

The instant action presents an identical factual and procedural posture to *Olufemi*. The United States' motion to dismiss requires no further findings of fact, and, if granted, will resolve the case in its entirety. The proper course of action for this Court is to stay discovery until such time as it rules on the United States' motion. *See Gibbs v. United States*, 517 F. App'x 664, 670 (11th Cir. 2013) (holding in FTCA action where the United States moved to dismiss for failure to state a claim that the district court did not err "in granting the defendants' motion to stay the filing of a case management report until a ruling was entered on their motion to dismiss [plaintiff's] second amended complaint."); *Roether v. Georgia*, No. 22-13731, 2024 U.S. App. LEXIS 2141, at *8-9 (11th Cir. Jan. 31, 2024) (affirming magistrate judge's stay of discovery where "some defendants were likely to achieve dismissal for various reasons, including colorable claims of immunity from suit, and that discovery would not be necessary to meet the defendants' non-factual defenses."); *Howe v. City of Enter.*, 861 F.3d 1300, 1302 (11th Cir. 2017) ("[T]he part of the order requiring the parties to develop their Rule 26(f) report before the court ruled on the immunity defenses is also inconsistent with . . . decisions which establish that immunity is a right not to be subjected to litigation beyond the point at which immunity is asserted.").

5

Finally, Plaintiffs point to *Frederic v. United States*, No. 18-CV-62758, 2019 U.S. Dist. LEXIS 244083 (S.D. Fla. Dec. 10, 2019) (*Snow, M.J.*) for the proposition that the "court permitted discovery to determine the question of the discretionary function exception." Response, p. 7. This is not entirely accurate. What was before Magistrate Judge Snow in that case were three motions: Plaintiffs' Corrected Expedited Motion to Compel Discovery, Plaintiffs' Expedited Motion to Compel Compliance with Court Order, and Defendant's Motion for Protective Order as to Plaintiff's attempt to depose the Director and Deputy Director of the FBI. *Id.* at 6. It is crucial to note that these motions were filed subsequent to Judge Dimitrouleas's order granting Plaintiffs' request to conduct jurisdictional discovery before responding to the Defendant's Motion to Dismiss. *Id.* Magistrate Judge Snow's ruling, therefore, was limited to denying the government's request to stay the jurisdictional discovery deadline, "as such request must be directed to Judge Dimitrouleas." *Id.* at *39. Magistrate Judge Snow otherwise granted the government's motion for protective order, because Plaintiffs failed to provide sufficient notice for the aforementioned depositions under Local Rule 26.1(h). *Id.* **Here, Plaintiffs have not requested jurisdictional discovery, nor is such discovery necessary for this Court to rule on any argument raised within the United States' motion to dismiss**.

Conclusion

Immunity is "irrevocably lost" when a defendant is forced to stand trial or is subjected to discovery. *McMahon v. Presidential Airways, Inc.*, 502 F.3d 1331, 1339 (11th Cir. 2007) (Immunity "not only insulates the party from liability, but also prevents the party from being exposed to discovery and/or trial."); *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 488 (5th Cir. 2001) (If immunity is found "but only after lengthy discovery, then obviously, one of the primary functions of qualified immunity is lost."). The United States should not be subjected to Plaintiffs' threatened "extensive discovery" until such time as the Court resolves the dispositive

6

defenses raised in its Motion to Dismiss, each of which are apparent on the face of the Third Amended Complaint.[2]

Therefore, the United States respectfully requests that this Court stay all discovery in this action, including the requirement of preparing a Joint Scheduling Report pending resolution of the Motion to Dismiss.

                                     Respectfully submitted,

                                     JASON A. REDING QUIÑONES
                                     UNITED STATES ATTORNEY

By:   *John S. Leinicke*
      JOHN S. LEINICKE
      ASSISTANT UNITED STATES ATTORNEY
      Fla. Bar No. 64927
      United States Attorney's Office
      Southern District of Florida
      99 N.E. 4th Street, 3rd Floor
      Miami, Florida 33132
      Tel: (305) 961-9212
      E-mail: john.leinicke@usdoj.gov

By:   *Steven R. Petri*
      STEVEN R. PETRI
      ASSISTANT UNITED STATES ATTORNEY
      Federal Bar No. A5500048
      United States Attorney's Office
      Southern District of Florida
      500 E. Broward Blvd., Suite 700
      Ft. Lauderdale, FL 33394
      Tel: (954) 660-5799
      E-mail: steve.petri@usdoj.gov

      *Counsel for United States of America*

---

[2] The United States notes that Plaintiffs Response addresses only two of the five defenses raised in the Motion to Dismiss, namely the discretionary function defense and the shotgun pleading defense. The Response is otherwise silent as to the defenses of statute of limitations, no state tort analogue, and the FTCA's bar on "intuitional / systemic" torts. Any of the five asserted defenses would be case dispositive, if granted.