UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 9:25-CV-80880 Leibowitz / McCabe

JANE DOE 1, *et al.*,

    Plaintiffs,

vs.

UNITED STATES OF AMERICA,

    Defendant.
_____/

UNITED STATES' OBJECTIONS TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT

i

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................... 1

II.  ARGUMENT .......................................................................................................... 3

   A. The Magistrate Judge Erred in Finding that the FTCA's Statute of
      Limitations Was Equitably Tolled, and Therefore Plaintiffs' Claims Were
      Timely ................................................................................................................ 3

        1.  Plaintiffs did not (and cannot) allege that they diligently
           pursued their rights .............................................................................. 4

        2.  Plaintiffs did not (and cannot) allege facts showing that
           extraordinary circumstances prevented the timely filing of their
           administrative claims............................................................................ 6

   B. The Magistrate Judge Erred in Finding that Plaintiffs Sufficiently Plead
      Proximate Causation ...................................................................................... 10

   C.  The Magistrate Judge Erred in Finding That Plaintiffs' Claims Did Not
      Amount to an "Institutional Tort" ................................................................ 13

   D. The Magistrate Judge Erred in Recommending that Plaintiffs be
      Afforded Leave to File a Fourth Amended Complaint  ................................. 14

III. CONCLUSION ..................................................................................................... 15

Pursuant to 28 U.S.C. § 636(b)(1)(C) and S.D. Fla. Mag. Judge Rule 4(b), Defendant, the United States of America, by and through the undersigned Assistant United States Attorneys, respectfully files the following objections to portions of the Magistrate Judge's Report and Recommendation on Defendant's Motion to Dismiss Plaintiffs' Third Amended Complaint ("R&R") [ECF 79].

## I. INTRODUCTION

In their Third Amended Complaint ("TAC"),[1] the thirty-four Plaintiffs brought one count of negligence against the United States pursuant to the Federal Tort Claims Act. Plaintiffs contended that at various times across a span of decades, Jeffrey Epstein[2] sexually abused them. The crux of their legal theory of liability against the government is that Epstein's abuse would not have occurred but-for the FBI's systemic failure to properly investigate Epstein's criminal conduct. As Plaintiffs see it, the FBI, as an institution, breached a duty of care it owed to the Plaintiffs by negligently conducting its investigation into Epstein. *See* TAC at ¶¶ 25, 74, 98, 104, 110, 118. Plaintiffs theorize that had the FBI competently conducted its investigation, some un-stated intervening action(s) would have occurred that would have prevented Epstein from abusing each of the Plaintiffs on separate occasions between 1996 and 2017. *Id.* ¶¶ 115-116, 122. The United States moved to dismiss the TAC in its entirety.[3]

---

[1] Plaintiffs Laura Newman, Sandra Ward, and Jane Does 1 – 6 filed their first Complaint [ECF 1] in the District of Columbia. Their First Amended Complaint [ECF 9] added Jane Does 7 – 17. Their Second Amended Complaint [ECF 25-2] added Jane Does 18 – 26. The United States moved to dismiss the Second Amended Complaint [ECF 26]. The D.C. district court granted the United States' motion in part, concluding that District of Columbia was the wrong venue [ECF 33 and 35]. Plaintiffs re-filed the Second Amended Complaint in the Southern District of Florida [ECF 48]. Finally, the Plaintiffs filed a Third Amended Complaint [ECF 61], which added Jane Does 27 – 32.

[2] Jeffrey Epstein died on August 10, 2019. He is not a named party to this lawsuit.

[3] *See* the United States' Motion to Dismiss the Third Amended Complaint [ECF 62], its Reply in Support of Motion to Dismiss [ECF 73], and its Response in Opposition to Plaintiffs' Motion for Leave to File Sur-Reply [ECF 76].

The Magistrate Judge recommended that the government's motion be granted in part and denied in part. Critically, the Magistrate Judge correctly recognized that the entirety of the government's allegedly negligent conduct arose out of criminal law enforcement decisions concerning the investigation, arrest, and prosecution of Epstein. Thus, Plaintiffs' claims were barred by the FTCA's discretionary function exception set forth in 28 U.S.C. § 2680(a), and the Court therefore lacked subject-matter jurisdiction. *See* R&R, p. 5 – 11. The Magistrate Judge also correctly recommended that this Court dismiss this action because Plaintiffs did not allege facts showing a special relationship between FBI agents and the Plaintiffs, or a special relationship between FBI agents and Epstein, sufficient to give rise to a duty of care under Florida law. *Id.*, p. 11 – 18. Therefore, the United States retained its sovereign immunity as to their claims, and the case should be dismissed for lack of subject-matter jurisdiction. *Id.*, p. 18.

The Magistrate Judge determined that because he recommended dismissal on either of the above two grounds, he need not address the remainder of the government's arguments. *Id.* However, for the benefit of the District Judge, the Magistrate Judge performed the analysis, and recommended against dismissal on any of the government's three remaining bases: (1) statute of limitations, *id.*, p. 18 – 23; (2) lack of proximate causation, *id.*, p. 23 – 24; and (3) framing the complaint as an institutional tort, *id.*, p. 24-25. The Magistrate Judged erred in his analysis of each of these three remaining issues. The Magistrate Judge further erred in recommending that Plaintiffs should be afforded an opportunity to file a Fourth Amended Complaint that alleges facts sufficient to show subject-matter jurisdiction. *Id.*, p. 25.

In sum, this Court should overrule the Magistrate Judge's recommendations that Defendant's Motion to Dismiss should be denied in part, and should dismiss the TAC in its entirety, without further leave to replead.[4]

---

[4] The United States does not object to those portions of the Report and Recommendation recommending that its Motion to Dismiss be granted. Those portions should be adopted by this Court.

## II. ARGUMENT

### A. The Magistrate Judge Erred in Finding that the FTCA's Statute of Limitations Was Equitably Tolled, and Therefore Plaintiffs' Claims Were Timely

In its motion to dismiss, the United States argued that because the Plaintiffs had failed to submit administrative claims within two years of the date of their injuries, their claims were barred under the FTCA's statute of limitations, 28 U.S.C. § 2401(b).[5] The Magistrate Judge correctly determined that Plaintiffs' FTCA claims accrued, for purposes of § 2401(b), at the times of their respective injuries. *See* R&R, p. 21. The Magistrate Judge also correctly determined that because Plaintiffs' claims did not arise from either medical malpractice or wrongful death, the FTCA's "discovery rule" did not apply. *Id.*, p. 19-21. However, the Magistrate Judge improperly found that Plaintiffs alleged sufficient facts to equitably toll the statute of limitations. *Id.,* p. 22.

While the FTCA's limitation period is not jurisdictional and could be subject to equitable tolling, it is, however, "an extraordinary remedy which should be extended only sparingly." *Dotson v. United States*, 30 F.4th 1259, 1268 (11th Cir. 2022) (citations omitted); *see also Trump v. Clinton*, 161 F.4th 671 (11th Cir. 2025)

---

[5] The Magistrate Judge made note of the fact that the United States submitted an affidavit "outside the four corners of the pleadings" attesting that Plaintiffs failed to timely submit their administrative claims. R&R, p. 19, citing ECF 62-1. The Magistrate Judge also noted that Plaintiffs submitted portions of FBI policy manuals pertaining to sex trafficking investigations, and commented that "the Court cannot look beyond the four corners of the pleadings at this stage of the case." *Id.*, p. 8. This legal conclusion by the Magistrate Judge is not entirely correct. In considering a factual attack on the court's subject-matter jurisdiction under Rule 12(b)(1), "a district court is not limited to an inquiry into undisputed facts; it may hear conflicting evidence and decide for itself the factual issues that determine jurisdiction." *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991); *see also Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (explaining the difference between "facial" and "factual" attacks on subject-matter jurisdiction). Therefore, the Magistrate Judge can and should have considered the United States' affidavit, as well as the United States' citations to external court filings, the DOJ OIR report, the FBI's FOIA responses, the DOJ's press releases, and widespread media reporting.

- 3 -

(stressing that equitable tolling is a "rare remedy"). A litigant is entitled to equitable tolling of a statute of limitations only by establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Menominee Indian Tribe v. United States*, 577 U.S. 250, 255 (2016) (citing *Holland* v. *Florida*, 560 U.S. 631 (2010)). The two requirements—extraordinary circumstances and diligence—are "distinct elements," both of which must be satisfied. *Id.* at 256.

In practice, the two elements often go hand in hand. For example, if no extraordinary circumstances stood in the litigant's way, but she nevertheless failed to timely file, it is likely that she did not diligently investigate and pursue her claim. *See, e.g.*, *Minominee.* at 756-57 (declining to equitably toll limitations period because Tribe's failure to timely present its claims was caused "not by an obstacle outside its control, but by [its] mistaken belief that presentment was unneeded"); *Cruz v. United States*, 522 F. App'x 635, 637-38 (11th Cir. 2013) (affirming dismissal and declining to equitably toll limitations period because plaintiff's allegation that he could not meet the two-year filing deadline because he was transferred between prisons, did not immediately have access to the video of his shooting, and originally obtained bad legal advice were not extraordinary circumstances and were "reasonably avoidable with due diligence"); *cf. Jean v. Dorelien*, 431 F.3d 776, 780 (11th Cir. 2005) (equitably tolling limitations period because of credible fear of reprisal from death squads).

Here, Plaintiffs did not plead facts supporting either element of their equitable tolling argument. Instead, Plaintiffs effectively "plead [themselves] out of court by alleging facts that foreclose a finding of diligence or extraordinary circumstances, both of which are required for equitable tolling." *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016).

### 1. Plaintiffs did not (and cannot) allege that they diligently pursued their rights

As to the first prong, the "diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653

(internal quotation marks and citation omitted). However, the TAC did not allege a single step any Plaintiff took to investigate her claims. Plaintiffs' inaction is "fatal" to any equitable tolling argument. *Myers v. Allen*, 420 F. App'x 924, 927 (11th Cir. 2011); *see also Donahue v. United States*, 634 F.3d 615, 629 (1st Cir. 2011) (rejecting equitable tolling argument where plaintiffs, "having become aware of the FBI's role in the deaths of their loved ones, . . . nevertheless failed to exercise due diligence in investigating the possibility of a claim.").

The Magistrate Judge ignored several allegations in the complaint which would have triggered Plaintiffs' duty to pursue their rights. For example, the TAC quoted Senator Ben Sasse's November 12, 2020 criticism of the DOJ after the Office of Professional Responsibility issued its report that "letting a well-connected billionaire get away with child rape and international sex trafficking isn't poor judgment—it's a disgusting failure." TAC at ¶114. Senator Sasse's statement—an explicit condemnation of the government's alleged failures in its criminal investigation into Epstein—was widely reported among numerous national news outlets.[6] The TAC also alleged that in 1996, Maria Farmer provided information to the FBI that Epstein had sexually abused her and her sister with further sexual abuse of minors and vulnerable young women and that the FBI failed to investigate. TAC, ¶¶ 79, 108, and 121(a).[7] Finally, the TAC cited to a July 26, 2006 Palm Beach

---

[6] *See, e.g., Senator rips finding that Acosta used 'poor judgment' but broke no rules in Epstein case*, The Miami Herald, November 14, 2020, https://www.miamiherald.com/news/local/article247133141.html (last visited 02/02/2026).

[7] Farmer first made this allegation in an affidavit which was attached to a defamation complaint filed by Epstein victim Virginia Roberts Guiffre. *See Guiffre v. Dershowitz*, S.D.N.Y Case No. 19-cv-03377 (ECF 1-12 at ¶ 7, filed April 16, 2019) (attesting that "[In 1996] I called the FBI and made the report but to my knowledge, the FBI did not take any action against Epstein or Maxwell."). Farmer's affidavit received immediate and widespread media coverage. *See, e.g., New Jeffrey Epstein Accuser Goes Public*, The Miami Herald, April 16, 2019, https://www.miamiherald.com/news/nation-world/article229277874.html (last visited 02/02/2026) (reporting that Maria Farmer "reported her assault to New York police and the FBI in 1996. FBI documents released April 1[, 2019] make a reference to Farmer having been interviewed in 2006

Post news article entitled "After long probe, billionaire faces solicitation charge" which detailed that Epstein paid to have underage girls and young women brought to his home for sexual purposes. *See* TAC, p. 21-22.[8] Despite their longstanding awareness of the FBI's role in the investigation of Epstein, Plaintiffs nevertheless failed to exercise due diligence in investigating the possibility of a claim. On this basis, the Magistrate Judge should have determined that the statute of limitations was not equitably tolled.

### 2. **Plaintiffs did not (and cannot) allege facts showing that extraordinary circumstances prevented the timely filing of their administrative claims**

As to the second prong, the Magistrate Judge incorrectly determined that Plaintiffs plausibly alleged that "the FBI 'concealed' reports of Epstein's abuses from the public and because the FBI engaged in decades-long 'cover up' of its investigation." *See* R&R, p. 22, citing TAC at ¶¶ 21, 91, 110, 119. The Magistrate Judge relied on Plaintiffs' naked allegation that they failed to discover the FBI's misconduct until December 2022 through filings in a separate lawsuit alleging that JP Morgan Chase had "'reached out to the federal government on numerous occasions between 2006 to 2008 and via numerous avenues regarding Epstein's transactions with the bank *and concern for sex trafficking.*'" R&R at pg. 22 (emphasis in original), citing TAC, ECF 61 at ¶¶ 15, 31. This was error for several reasons.

First, this conclusory allegation is the exact type of "unadorned, the-defendant-unlawfully-harmed-me accusation" prohibited by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1209 (11th Cir. 2014) ("[V]ague allegations about the existence of impediments, without more, or an argument that fails to explain how such impediments prevented the timely filing of the petition, does not establish extraordinary circumstances."); *Chavez v. Sec'y Fla.*

---

or 2007. However, Farmer, now 49, said the FBI did not take any action against Epstein and Maxwell.").

[8] *After long probe, billionaire faces solicitation charge*, The Palm Beach Post, July 27, 2006, https://www.palmbeachpost.com/story/news/2006/07/27/after-long-probe-billionaire-faces-solicitation-charge/2623078007/ (last visited 02/02/2026).

*Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (allegations supporting equitable tolling must be factual and specific, not conclusory). Plaintiffs' claim of an FBI cover up is a non-starter, primarily because Plaintiffs had no right to examine the FBI's investigatory files in the first place. "Protecting the integrity and secrecy of an ongoing criminal investigation is a well-recognized compelling governmental interest." *In re Warrant*, 622 F. Supp. 3d 1257, 1262 (S.D. Fla. 2022) (*Reinheart, M.J.*) "The government is under no obligation to provide private citizens with information concerning ongoing criminal investigations." *O'Connor v. United States*, No. 12-cv-02070, 2013 U.S. Dist. LEXIS 44624, at *29 (M.D. Fla. Mar. 26, 2013) (quoting *Gonzalez-Bernal v. United States*, 907 F.2d 246, 250 (1st Cir. 1990)); *see also Sirmans v. S. Miami*, 86 F.R.D. 492, 495 (S.D. Fla. 1980) (*Gonzalez, J.*) ("The applicable federal privilege for criminal investigative files provides for the protection of files relating to ongoing criminal investigations.") (citing cases); *In re Dep't of Investigation*, 856 F.2d 481, 484 (2d Cir. 1988) (noting that the purpose of the "law enforcement privilege" is "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation"). Furthermore, the Privacy Act of 1974, 5 U.S.C. § 552a, specifically prohibits any federal agency from "disclos[ing] any record . . . to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains[.]" 5 U.S.C. § 552a(b).

Plaintiffs' allegation that the FBI "covered up" its investigation is belied by the fact that on July 6, 2019, the FBI arrested Epstein on charges of sex trafficking of minors and conspiracy to commit sex trafficking of minors.[9] The FBI further produced

---

[9] *See United States v. Epstein*, No. 19-cr-490 (S.D.N.Y.). Immediately thereafter, the U.S. Attorney's Office for the Southern District of New York issued a press release on Epstein's arrest and corresponding criminal charges. *See* Press Release, U.S. Dept. of Justice, *Jeffrey Epstein Charged In Manhattan Federal Court With Sex Trafficking Of Minors* (July 8, 2019) (https://www.justice.gov/usao-sdny/pr/jeffrey-epstein-charged-manhattan-federal-court-sex-trafficking-minors) (last visited 02/02/2026).

thousands of documents in response to FOIA litigation.[10] Additionally, the DOJ's Office of Professional Responsibility later published an exhaustive report on the FBI's investigation on November 12, 2020.[11] Finally, numerous courts in this district and elsewhere have discussed at length the FBI's investigation into Epstein.[12]

Judge Marra's opinion in *Does v. United States* is particularly apropos. Therein, Judge Marra noted that between 1999 and 2007 Epstein had sexually abused more than thirty minor victims. *Does*, 359 F. Supp. 3d at 1204. The opinion also discussed that in 2006, the FBI "opened an investigation into allegations that Epstein and his personal assistants used the facilities of interstate commerce to induce girls between the ages of 14 and 17 to engage in illegal sexual activities." *Id*. at 1205. That FBI investigation was closed without federal charges on Sept. 24, 2007, when the DOJ entered into a non-prosecution agreement with Epstein without having conferred with the victims. *Id*. at 1207. Judge Marra's 2019 opinion was a public notice of Plaintiffs' theories of liability in this case, yet they did nothing to diligently pursue their claims.

---

[10] *See Radar Online, LLC v. Federal Bureau of Investigation*, No. 17-cv-3956 (S.D.N.Y.). Therein, the FBI produced "all documents relating to the FBI's investigation and prosecution of Jeffery Edward Epstein." ECF 17. The FBI published these documents on a rolling basis between May 22, 2018 and February 20, 2020. *See* https://vault.fbi.gov/jeffrey-epstein (last visited 02/02/2026).

[11] *See Executive Summary to Report of Investigation into the U.S. Attorney's Office for the Southern District of Florida's Resolution of Its 2006–2008 Federal Criminal Investigation of Jeffrey Epstein and Its Interactions with Victims During the Investigation*, Department of Justice, Office of Professional Responsibility, November 12, 2020, https://www.justice.gov/opr/significant-investigative-reports (last visited 02/02/2026).

[12] *See, e.g. Does v. United States*, 359 F. Supp. 3d 1201, 1204-17 (S.D. Fla. February 21, 2019) (*Marra, J.*) (discussing the FBI's investigatory decisions in the context of the petitioners' attempt to vacate the non-prosecution agreement between the U.S. Attorney's Office for the Southern District of Florida and Epstein pursuant to the Crime Victims' Rights Act of 2004, 18 U.S.C. § 3771) and *In re Wild*, 955 F.3d 1196, 1227 (11th Cir. 2020) (noting that "[f]ollowing a tip in 2005, the Palm Beach Police Department and the FBI conducted a two-year investigation of Epstein's conduct.").

After the front-page news of Epstein's indictment and death while in the custody of the Bureau of Prisons in 2019, even a superficial internet search would have uncovered a wealth of information detailing Plaintiffs' theories of liability as to their injuries. The Magistrate Judge failed to consider the countless media reports exhaustively covering the FBI's investigation into Epstein.[13] In the context of tolling a statute of limitations, "media reports are commonly held to end any period of fraudulent concealment." *Guy v. Lexington-Fayette Urban Cty. Gov't*, 488 F. App'x 9, 19 (6th Cir. 2012) (finding that sexual-abuse victims were no longer entitled to equitable tolling once widespread publicity revealed affiliations between the abuser and the organization they sought to hold liable); *see also Rakes v. United States*, 442 F.3d 7, 24 (1st Cir. 2006) (rejecting equitable tolling arguments made in FTCA action by victims of mobster Whitey Bulger based upon widespread media coverage of FBI's connection to Bulger and because victims failed to exercise any due diligence in investigating their claims); *Armstrong v. McAlpin*, 699 F.2d 79, 88 (2d Cir. 1983) (dismissing action where "well-publicized SEC action, which preceded the instant suit by more than two years, set forth in considerable detail many of the wrongs for which appellants now seek recovery.").

In a nutshell, the FBI's investigation into Epstein has been public knowledge for decades. It certainly was within the widespread public knowledge after Epstein's July 2019 arrest and indictment in the Southern District of New York. All of this was clearly sufficient to put Plaintiffs on notice "of the existence of a connection" between the FBI's actions and Plaintiffs' injuries. *Chasteen v. United States*, 334 F. App'x. 271, 273 (11th Cir. 2009). "Moreover, even if the government had concealed facts relating to Plaintiffs' claims, such concealment did not continue to toll the statute of limitations after Plaintiffs became aware of the basic facts of their claims." *O'Connor*, 2013 U.S. Dist. LEXIS 44624, at *32-34 (dismissing FTCA action on statute of limitations grounds and rejecting equitable tolling argument premised upon

---

[13] *See* ECF 62, p 2, fn. 1 and 2; p. 7, fn. 6; *and* ECF 73, p. 2, fn. 1; p. 3, fn. 2; *and* ECF 76, p. 7, fn. 5.

conclusory allegations that the conduct of the United States and the Florida State Attorney's Office hindered plaintiffs' ability to investigate the circumstances of two murders where, in a factual attack on subject-matter jurisdiction, the United States "presented substantial evidence demonstrating that Plaintiffs had, or should have had, knowledge of the murders, Wright's involvement in the murders, Wright's relationship with MacDill Air Force Base, and the government's actions or inactions more than two years before Plaintiffs filed their administrative claim."). "The term 'extraordinary' refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period." *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011). So: "[t]o secure equitable tolling, it is not enough for a party to show that he *experienced* extraordinary circumstances. He must further demonstrate that those circumstances *caused* him to miss the original filing deadline." *Id.* (emphasis added). "A plaintiff…may not bury her head in the sand once she is put on notice that the government may have caused an injury." *Diaz v. United States*, 165 F.3d 1337, 1339 (11th Cir. 1999) (finding that tolling did not apply due to plaintiff's lack of diligence in investigating her claim). Plaintiffs did not –and cannot—allege any extraordinary circumstances which impeded their ability to timely file administrative claims. Therefore, the Magistrate Judge erred by rejecting the statute of limitations as a basis for dismissing the TAC.

### B. The Magistrate Judge Erred in Finding that Plaintiffs Sufficiently Plead Proximate Causation

The Magistrate Judge erred in his analysis refusing to dismiss on the basis of probable cause, holding that "Florida law generally reserves causation as an issue of fact for the jury to decide." R&R, p. 24 (citing *Stahl v. Metro. Dade Cnty*, 438 So.2d 14, 21 (Fla. 3d DCA 1983). While this may be the standard for state court pleadings, it is not the correct pleading standard for federal district court. *See, e.g. Ayers v. Epic Games, Inc.*, No. 1:24-cv-64, 2025 U.S. Dist. LEXIS 164915, at *7 n.1 (N.D. Fla. Apr. 2, 2025) ("Ayers also argued that causation cannot be determined at the motion-to-dismiss stage, citing a Florida decision saying proximate cause 'is a fact question.' Proximate cause is a fact question, but the legal question to be addressed now is

whether Ayers alleged sufficient facts to survive the *Iqbal* plausibility inquiry. That includes the question of whether Ayers has alleged sufficient facts to show a plausible causal connection between Defendants' conduct and the alleged harms.")[14]

While FED. R. CIV. P. 8(a)(2)'s pleading standard "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Thus, "[a] complaint that provides 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' is not adequate to survive a Rule 12(b)(6) motion to dismiss" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). To do so, "[a] facially plausible claim must allege facts that are more than merely *possible*," and a plaintiff's factual allegations that are "'merely consistent with' a defendant's liability" will not be considered facially plausible. *Id.* (emphasis added) (quoting *Iqbal*, 556 U.S. at 678). And, "if allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Id.*

Under the *Iqbal* pleading standard, the Eleventh Circuit routinely affirms dismissals of pleadings which fail to sufficiently allege causation. *See Taylor v. Royal Caribbean Cruises, Ltd.*, No. 20-14754, 2021 U.S. App. LEXIS 23650, at *1 (11th Cir. Aug. 10, 2021) (affirming dismissal of a cruise ship passenger's complaint for failing to plausibly plead causation of her injuries); *Se. Laborers Health & Welfare Fund v. Bayer Corp.*, 444 F. App'x 401, 404 (11th Cir. 2011) (affirming dismissal of second amended complaint which failed to allege proximate causation under the relevant

---

[14] While it is true that, under Florida law, "the issue of proximate causation is generally an issue for the trier of fact; however, there are instances"—for example, "where there is an active and efficient intervening cause"—"where the issue should be decided as a matter of law." *Seminole Lakes Homeowner's Ass'n v. Esnard*, 263 So. 3d 56, 58 (Fla. 4th DCA 2018) (quoting *Nat'l Airlines, Inc. v. Edwards*, 336 So. 2d 545, 547 (Fla. 1976)). The United States respectfully submits that this case presents such an instance.

standards for the civil RICO, New Jersey Consumer Fraud Act, and implied warranty claims); and *Carruth v. Bentley*, 942 F.3d 1047 (11th Cir. 2019) (affirming dismissal of 42 U.S.C. § 1983 action where plaintiff did not plausibly allege that defendants caused his injuries).

When measured against the *Iqbal* pleading standard, the TAC does not come close to stating a claim for relief for negligence under Florida law, because Plaintiffs don't plausibly allege that the FBI's actions were the proximate cause of their injuries. Plaintiffs allege only that "The FBI failed to collaborate with federal, state, and local partners and did not share intelligence nor conduct adequate surveillance. The FBI did not interview all the victims and failed to provide victim assistance and concealed reports of a sex trafficking venture. The FBI did not act on reports of crimes." TAC, ¶ 115. This allegation concedes the salient points: that the actions which Plaintiffs (speculatively) assert would have stopped Epstein—arresting, prosecuting, and imprisoning him—would have been taken by third-parties which the FBI did not control: state and federal prosecutors, grand juries, the judiciary, and prison officials.[15]

"[P]roximate causation . . . is concerned with whether and to what extent the defendant's conduct foreseeably and substantially caused the specific injury that actually occurred." *McCain v. Fla. Power Corp.*, 593 So. 2d 500, 502 (Fla. 1992). "[H]arm is 'proximate' in a legal sense if prudent human foresight would lead one to expect that similar harm is likely to be substantially caused by the specific act or omission in question." *Id.* at 503. Florida courts recognize that foreseeability is not unlimited. *See, e.g., Fla. Power & Light Co. v. Macias*, 507 So. 2d 1113, 1115 (Fla. 3d DCA 1987) ("It is incumbent upon the courts to place limits on foreseeability, lest all

---

[15] Note that the Eleventh Circuit recently reaffirmed that miscommunications or failures to communicate or failures to warn by government employees are barred by the misrepresentation exception. *Zelaya v. United States*, 781 F.3d 1315, 1338 (11th Cir. 2015) (holding that "the misrepresentation exception applies to the breach of the duty to use due care in obtaining and communicating information upon which [the plaintiff] may reasonably be expected to rely in the conduct of his economic affairs") (citing *United States v. Neustadt*, 366 U.S. 696, 706 (1961)).

remote possibilities be interpreted as foreseeable in the legal sense."); *Curd v. Mosaic Fertilizer, LLC*, 39 So. 3d 1216, 1231 (Fla. 2010) ("Many harms are quite literally 'foreseeable,' yet for pragmatic reasons, no recovery is allowed.").

A negligent actor is not liable for damages suffered by an injured party "when some separate force or action is the active and efficient intervening cause" of the injury. *Gibson v. Avis Rent-A-Car Sys., Inc.*, 386 So. 2d 520, 522 (Fla. 1980) (internal quotation marks omitted). Such an intervening cause supersedes the prior wrong as the proximate cause of the injury by breaking the sequence between the prior wrong and the injury. *Id*. The Magistrate Judge's determination that Plaintiffs adequately plead causation was in error.

### C. The Magistrate Judge Erred in Finding That Plaintiffs' Claims Did Not Amount to an "Institutional Tort"

The Magistrate Judge erred in failing to dismiss the TAC on the basis that it relied entirely on generalized allegations of a decades long institutional failure by the FBI as an entire agency, rather than specific acts of negligence by individual FBI employees. *See* R&R, p. 24-25. The Eleventh Circuit recently affirmed the dismissal of a negligence action with similar pleading deficiencies to those found here. In *Govan v. U.S. Dep't of Veterans Affs.*, 787 F. App'x 599 (11th Cir. 2019), the plaintiff sued the United States Department of Veterans Affairs under the FTCA, alleging that VA lab personnel "were negligent in failing to follow VA policies and procedures." *Id*. at 601. The Eleventh Circuit agreed that the district court properly dismissed the complaint for failure to state a claim because "for the most part, [the complaint] does not identify what specific VA policies were violated, who violated them, or how exactly they were violated." *Id*. at 602-03. The court noted that the plaintiff did "identify with some particularity" an alleged VA policy that was violated by disclosing confidential information over the phone. *Id*. at 603. However, that was not enough to save the negligence claim because the plaintiff did not "specify which VA personnel allegedly violated that policy[.]" *Id*.

Here, the TAC was similarly devoid of specifics on "what policies were violated, who violated them, or how exactly they were violated." *Govan*, 787 F. App'x at 602-

03. Rather, Plaintiffs complain of generalized tortious conduct by the FBI writ large. As detailed in the briefs, the TAC did not allege a single negligent act by a single FBI employee. Thus, the Magistrate Judge should have recommended dismissal on the basis that Plaintiffs are proceeding under an impermissible institutional tort theory.

### D. The Magistrate Judge Erred in Recommending that Plaintiffs be Afforded Leave to File a Fourth Amended Complaint

"A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). However, the dismissal of a complaint without prejudice can be with or without leave to amend—depending on whether a better-pled amended complaint could cure the jurisdictional deficiencies. The Magistrate Judge recommended that "Plaintiffs should be afforded an opportunity, on whatever timeline deemed appropriate by the District Judge, to File a Fourth Amended Complaint that alleges facts sufficient to show subject matter jurisdiction." R&R, p. 25. This was error.

Leave to amend should be "freely give[n] ... when justice so requires." FED. R. CIV. P. 15(a)(2). However, "denial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'" *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (quoting *Halliburton & Assoc., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir. 1985)). The Court is not required to grant leave to amend to a plaintiff who is represented by counsel if the plaintiff does not request leave to amend. *See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002). Plaintiffs, who are represented by counsel, have not requested leave to amend their pleadings.

Here, the Magistrate Judge correctly found that the TAC failed to allege any facts that showed a special relationship between FBI agents and Plaintiffs, or a special relationship between FBI agents and Epstein, sufficient to give rise to a duty of care. R&R, p. 15. The Magistrate Judge further correctly found inapplicable both Florida's voluntary undertaker doctrine and Florida's zone-of-risk doctrine. *Id.*, p. 17. This deficiency will not be cured by yet another amended complaint, as a special

relationship forms only when "a law enforcement officer promises or agrees to take some specific action at the individual's request." *Ochran v. United States*, 273 F.3d 1315, 1318 (11th Cir. 2001) (citing *Brown v. City of Delray Beach*, 652 So. 2d 1150, 1153 (Fla. 4th DCA 1995)). Plaintiffs have had multiple opportunities to allege such a relationship, yet have failed to do so.

Even if Plaintiffs could somehow overcome the pleading deficiencies regarding lack of duty, their claims against the FBI would still be subject to dismissal for lack of subject-matter jurisdiction because—as the Magistrate Judge correctly found—the FTCA's discretionary function exception applies to Plaintiffs' claims. Plaintiffs had every opportunity to properly allege facts showing that the FBI was subject to mandatory, non-discretionary duties, going so far as attaching the FBI manual pertaining to sex trafficking investigations to their Response. *See* ECF 71-1 at p. 40-51. The Magistrate Judge found that the cited FBI policies "do not impose mandatory, non-discretionary duties sufficient to remove this case from the discretionary function exception." R&R, p. 8. Additionally, the Magistrate Judge noted that Plaintiffs failed to identify "any mandatory, non-discretionary regulation, policy, or protocol which would have *required* FBI agents to arrest Epstein or recommend that he be prosecuted by federal or state prosecutors in 2019." *Id.*, p, 8-9 (emphasis original). If, as the Magistrate Judge found, the pe rtinent FBI policy manual did not create any mandatory duty for the FBI, it logically follows there is no other basis by which a duty could be imposed upon the FBI.

In short, permitting a fourth amended pleading would be an exercise in futility. This action should be dismissed without further leave to amend. *See Postell v. City of Cordele Ga.*, No. 22-13636, 2023 U.S. App. LEXIS 17047, at *14 (11th Cir. July 6, 2023) (affirming district court's denial of plaintiff's motion for leave to file a fourth amended complaint on futility grounds where "nothing in the proposed fourth amended complaint ameliorated the deficiencies in the third amended complaint.")

### III. CONCLUSION

For these reasons, the United States respectfully request that this Court overrule the portions of the Magistrate Judge's Report and Recommendation

described herein, grant in full its Motion to Dismiss Plaintiffs' Third Amended Complaint [ECF 62], and dismiss this action in its entirety without leave to re-plead.

                          Respectfully submitted,

                          **JASON A. REDING QUIÑONES**
                          **UNITED STATES ATTORNEY**

By:   *John S. Leinicke*
       JOHN S. LEINICKE
       ASSISTANT UNITED STATES ATTORNEY
       Fla. Bar No. 64927
       United States Attorney's Office
       Southern District of Florida
       99 N.E. 4th Street, 3rd Floor
       Miami, FL 33132
       Tel: (305) 961-9212
       E-mail: john.leinicke@usdoj.gov

By:   *Steven R. Petri*
       STEVEN R. PETRI
       ASSISTANT UNITED STATES ATTORNEY
       Federal Bar No. A5500048
       United States Attorney's Office
       Southern District of Florida
       500 E. Broward Blvd., Suite 700
       Ft. Lauderdale, FL 33394
       Tel: (954) 660-5799
       E-mail: steve.petri@usdoj.gov

       *Counsel for United States of America*