UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JANE DOE 1 et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>*Defendant*. | Civ. Act. No: 9:25-cv-80880 |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTIONS TO THE MAGISTRATE COURT'S REPORT AND RECOMMENDATION**

The Magistrate Court correctly determined: (1) equitable tolling of the statute of limitations, (2) Plaintiffs plausibly alleged proximate causation, (3) Plaintiffs do not allege an institutional tort, and (4) Plaintiffs should be granted leave to amend.

Defendants say the Magistrate erred on all four points. As for equitable tolling, Defendants assert Plaintiffs should have known about the FBI's misconduct long ago. But Plaintiffs allege when they learned about that misconduct – December 2022. At this stage, those allegations must be accepted as true. And at the pleading stage, a pleading must only "not foreclose a finding of equitable tolling" to survive.

As for proximate cause, the Government quibbles with Plaintiffs' allegations, but at this stage "it is enough if one can reasonably infer actual and proximate causation for Plaintiff's injuries from Defendant's alleged negligence." *Marabella v. NCL (Bahamas), Ltd.*, 437 F. Supp. 3d 1221, 1229 (S.D. Fla. 2020). Plaintiffs have done so here.

Next, Defendant contends Plaintiffs allege an institutional tort not cognizable under the FTCA. But they tellingly rely on authority that does not involve institutional torts. That is

1

because courts instruct "at this early stage of litigation when discovery has yet to be conducted," a plaintiff need not identify each individual act and actor to avoid pleading an institutional tort. *See, e.g.*, *A.F.P. v. United States*, No. 1:21-cv-00780, 2022 WL 2704570, at *18 (E.D. Cal. July 12, 2022).

Finally, the Government says granting leave to amend would be futile. But the government bears a "heavy burden" to establish such futility. They cannot do so here, where evidence of the FBI's misconduct continues to be publicly released and reveals the FBI's misconduct throughout the Epstein investigation.

## ARGUMENT

**I.      *The Magistrate Court Correctly Recommended Equitably Tolling the Statute of Limitations.***

Defendants first argue (at 5-10) that the Magistrate Court erred by recommending this Court equitably toll the statute of limitations. They are wrong. The limitations period "in the FTCA are not jurisdictional, and a court therefore can toll the limitations period on equitable grounds. *See United States v. Wong*, 575 U.S. 402, 412 (2015). At this stage, a pleading need only "not foreclose a finding of equitable tolling" to survive. *Myers v. Provident Life & Accident Ins. Co.*, 2023 WL 3304825, at *2 (M.D. Fla. May 8, 2023) (declining to determine whether equitable tolling applies at the pleading stage).[1] And whether tolling ultimately applies is "ordinarily an issue of fact which should be left to the trier of fact." *Beach Cmty. Bank v. CBG Real Est. LLC*, 674 F. App'x 932, 935 (11th Cir. 2017).

---

[1] *See also In re Chiquita Brands Int'l, Inc. Alien Tort Statute & S'holder Derivative Litig.*, 190 F. Supp. 3d 1100, 1116 (S.D. Fla. 2016) ("Whether the Defendants can prevail on their limitations defense at the motion to dismiss stage hinges on whether it appears beyond doubt that Plaintiffs can prove no set of facts in support of their claim that the statute of limitations should be equitably tolled." (cleaned up)).

A plaintiff is entitled to equitable tolling if she has pursued her rights diligently and extraordinary circumstances exist beyond her control that thwarted her timely filing. *See Menominee Indian Tribe v. United States*, 577 U.S. 250, 255 (2016). Such circumstances include "where the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against her." *Cabello v. Fernandez–Larios*, 402 F.3d 1148, 1155 (11th Cir. 2005).

The Magistrate Court correctly recommended (at 21-22) that it is plausible equitable tolling applies here because Plaintiffs alleged the FBI concealed reports and covered up Epstein's conduct. Thus, Plaintiffs could not "discover a causal link to the FBI's misconduct until December 2022, when they learned, through a publicly filed lawsuit, that JP Morgan Chase" had reported suspicious banking transactions and concerns of sex trafficking.

The Government erects a strawman (at 10-11), arguing that Plaintiffs should have known about the FBI's misconduct long ago. Specifically, the Government points to Plaintiffs' allegations of Senator Ben Sasse's remarks that allowing Epstein to "get away with child rape" was a "disgusting failure."[2] TAC ¶ 114. But Senator Sasse referred to the Office of Professional Responsibility's probe into whether the U.S. Attorney's Office for the Southern District of Florida improperly resolved the federal investigation into Epstein – not whether the investigation itself by the FBI was improperly conducted.[3] Thus, Plaintiffs still did not know about the FBI's misconduct.

---

[2] Plaintiffs do not allege when Senator Sasse made that remark. TAC ¶ 114. Even so, for reasons explained, Senator Sasse's remarks do not cut against tolling the limitations period.

[3] *See generally* Department of Justice, Office of Professional Responsibility, *Investigation into the U.S. Attorney's Office for the Southern District of Florida's Resolution of Its 2006-2008 Federal Criminal Investigation of Jeffrey Epstein and Its Interactions with Victims during the Investigation* (2020), https://www.justice.gov/opr/page/file/1336471/dl.

Next, Defendants say (at 5) that Maria Farmer reported Epstein's abuse to the FBI in 1996. That is misdirection. Whether tolling applies does not turn on when Ms. Farmer reported Epstein's abuse. Rather, the relevant inquiry is whether the FBI investigated that tip, and when Plaintiffs became aware of the FBI's failure to investigate that tip. Finally, Defendants point out (at 5-6) that the Palm Beach Post published articles about Epstein's Florida conviction in 2006. But again, that article says nothing about the FBI's misconduct, of which Plaintiffs were unaware.

Defendants next try to move the goalposts (at 6-10), implying that Plaintiffs cannot establish "extraordinary circumstances" that warrant equitable tolling because, according to them, the FBI did not cover up its own investigation. But Plaintiffs need not establish that the FBI covered up their investigation, they must only show that extraordinary circumstances beyond their control prevented them from pursuing a claim. And "when the plaintiff has no reasonable way of discovering the wrong perpetrated against her," an extraordinary circumstance exists. *See Cabello*, 402 F.3d at 1155. Plaintiffs alleged – and this Court must accept as true – that the FBI concealed evidence of Epstein's abuse and that they learned of the FBI's misconduct from another lawsuit filed in December 2022, revealing that JP Morgan Chase had reported suspicious activity to the FBI. At this stage, it is plausible that tolling applies.

Tellingly, Defendants cast as "conclusory" Plaintiffs' allegations that they learned of the FBI's misconduct in 2022 – knowing that if the Court accepts those allegations as true, tolling should apply. But the Government misunderstands conclusory allegations: "A conclusory allegation is one which simply asserts a legal conclusion, such as I was retaliated against, not a specific factual allegation." *Medina-Velazquez v. Hernandez-Gregorat*, 767 F.3d 103, 109 (1st

4

Cir. 2014). Plaintiffs assert no legal conclusion – rather, they allege a fact as it relates to when they learned of the FBI's misconduct.[4]

Some of the Government's own authorities emphasize why tolling is appropriate here. For instance, in *Harper v. Ercole*, 648 F.3d 132 (2d Cir. 2011), the Court of Appeals for the Second Circuit held that a habeas petition "should have been deemed timely," and vacated the order dismissing the petition. *Id.* at 142. The Government's remaining authority shows why it is improper to determine whether equitable tolling applies at this stage or misses the mark. For instance, in *Dotson v. United States*, 30 F.4th 1259 (11th Cir. 2022), the Eleventh Circuit held that equitable tolling did not apply at summary judgment. And in *Trump v. Clinton*, 161 F.4th 671, 686 (11th Cir. 2025), the Court of Appeals for the Eleventh Circuit declined to toll the limitations period for President Trump because he "concede[d] that he *chose* not to bring this lawsuit" – that is, nothing prevented him from doing so. *Id.* Here, as the Magistrate noted (at 22), it is just the opposite: "Plaintiffs failed to discover the facts showing a causal link between their injuries and the FBI's conduct, in part, because the FBI 'concealed' reports of Epstein's abuses from the public and because the FBI engaged in a decades-long 'cover up' of its investigation."

  **II.**  ***The Magistrate Court Correctly Determined that Proximate Causation is Plausible.***

The Magistrate correctly determined (at 23-24) that Plaintiffs have plausibly alleged that Defendants proximately caused their injuries. Under Florida law, a plaintiff alleging negligence must establish that the defendant proximately caused their injury. *Clay Elec. Coop., Inc. v.*

---

[4] Defendants then cite (at 8-11) various articles and cases that they claim document the FBI's investigation into Jeffrey Epstein. But none of those articles or allegations are discussed or incorporated by reference into Plaintiffs' complaint. At this stage, this Court is limited to Plaintiffs' allegations. After discovery, a factfinder may find that tolling should not apply, but at this stage it is improper to consider facts outside the pleadings.

*Johnson*, 873 So.2d 1182, 1185 (Fla. 2003).  At the pleading stage, that must be only plausible. *See Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016) ("At the pleading stage, the relevant question is whether the complaint provides a short and plain statement of the claim that gives the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." (cleaned up)).  Thus, "it is enough if one can reasonably infer actual and proximate causation for Plaintiff's injuries from Defendant's alleged negligence." *Marabella*, 437 F. Supp. 3d at 1229.  As the Magistrate correctly explained (at 24): "The issue should rarely be decided on summary judgment, let alone on a motion to dismiss."

*Hung Kang Huang v. Carnival Corp.*, 909 F. Supp. 2d 1356 (S.D. Fla. 2012).[5]  There, the plaintiff brought a negligence claim against a cruise line, seeking damages for injuries sustained during a fall resulting in his death.  He alleged that he was injured "due to" the defendant's negligence, "then proceed[ed] to list, in fourteen subparagraphs, the alleged failures on [the defendant's] part that resulted in [her] injuries." *Id.* at 1360.  Specifically, she pointed to "inadequate flooring, a lack of handrails, a faulty door, and a lack of warning." *Id.*  Those allegations "suffice[d] to give Defendants notice of the claim leveled against it." *Id.*

So too here.  Like the plaintiff in *Hung Kang*, Plaintiffs allege that "as a direct and proximate cause of the FBI's negligence," Plaintiffs were "sex trafficked, abused, raped, tortured, and threatened." *See, e.g.*, ¶ 122.  And then, again like in *Hung Kang*, Plaintiffs allege in fifteen subparagraphs "the alleged failures on [the Government's] part that resulted in [their] injuries. *Cf. Hung Kang*, 909 F. Supp. 2d at 1360.  That is enough at this stage.

---

[5] *Hung Kang* was abrogated on other grounds by Franza v. Royal Caribbean Cruises, Ltd., 772 F.3d 1225, 1240 (11th Cir. 2014)

6

The Government first tries to misrepresent the Magistrate's Recommendation, suggesting (at 10-11) that the Court erred by not applying the plausibility standard. But the Magistrate Court was clear (at 24): "the TAC alleges sufficient facts to support a plausible claim of proximate causation." Of course, the Magistrate relied on Florida law to determine the elements of a negligence claim, but it applied the correct federal pleading standard.

After faulting the Magistrate Court for citing Florida authority, the Government points to three state court cases (at 12-13) that only emphasize why Plaintiffs' claims must survive the pleading stage. For instance, Defendant points to *McCain v. Fla. Power Corp.*, 593 So. 2d 500, 503 (Fla. 1992), where, after a verdict, the Florida Supreme Court explained that "foreseeability as it relates to proximate causation generally must be left to the fact-finder to resolve" and held that there was sufficient evidence "that would justify a reasonable juror" to find the plaintiff's injuries were "proximately caused by a breach of a duty." *Id.* at 504-05. Next the Government cherry-picks a sentence from *Curd v. Mosaic Fertilizer*, LLC, 39 So. 3d 1216, 1230 (Fla. 2010), instructing that harms can be foreseeable yet not cognizable. True, but that case did not involve causation at all – rather, the *Curd* court explained how duty turns on foreseeability. *See id.* ("Courts have generally recognized that foreseeability in the duty context is not unlimited."). In any event, *Curd* is no longer good law. *See Lieupo v. Simon's Trucking, Inc.*, 286 So. 3d 143 (Fla. 2019) (overturning *Curd*). Finally, *Fla. Power & Light Co. v. Macias by Macias*, 507 So. 2d 1113 (Fla. Dist. Ct. App. 1987), was also an appeal from a motion for a directed verdict after trial. Causation here must likewise be resolved by the factfinder.

Next, the Government relies on unpublished federal authority – even so, it misses the mark. First, the Government points to *Taylor v. Royal Caribbean Cruises*, Ltd., No. 20-14754, 2021 WL 3502626 (11th Cir. Aug. 10, 2021), for the unremarkable proposition that a plaintiff

7

must plausibly plead causation. But tellingly, the Government does not describe the case. In *Taylor*, the plaintiff fell getting off a cruise ship and alleged several theories of negligence, but did not clarify what caused her injury, "leaving [the defendant] to guess which alleged failure was the cause of her injuries." *Id.* at *4. Here, it is just the opposite. The Government need not guess – Plaintiffs allege that the FBI violated its own policies and procedures by failing to investigate Jeffrey Epstein. That failure proximately caused them to be abused and trafficked. Next, the Government cites Se. Laborers Health & Welfare Fund v. Bayer Corp., 444 F. App'x 401 (11th Cir. 2011). There, an employee welfare benefit plan sued a pharmaceutical company because of risks associated with the use of a medication the defendant manufactured. But the welfare fund did "not assert that [the drug's] alleged defect physically harmed [the fund], not d[id] [the fund] assert a derivative claim on behalf of any of its members that might have suffered physical injuries." *Id.* at 411. Here, of course, Plaintiffs did suffer physical injuries – they were raped, trafficked, and abused.[6]

### III.     The Magistrate Correctly found that Plaintiffs' Claims are not Institutional Torts.

The Magistrate Court (at 24-25) "reviewed the TAC closely" and determined that "it does not allege an institutional tort against the FBI writ large. Rather, it alleges a negligence claim based on the actions of individual FBI employees who failed to properly investigate Epstein, arrest him, and prevent him from committing further crimes prior to 2019." That is correct.

While a plaintiff may not bring claims under the FTCA against federal institutions as a whole, *see* 28 U.S.C. § 1346(b)(1), at the pleading stage, a plaintiff need not identify each

---

[6] The Government's remaining authority is similarly irrelevant. Carruth v. Bentley, 942 F.3d 1047 (11th Cir. 2019), was a § 1983 case where the plaintiff lodged allegations at the then-Governor and his counsel at "the highest order of abstraction." Here, Plaintiffs' allegations are not abstract – the Government failed to follow its own rules, and Plaintiffs were harmed because of that failure.

employee or official involved in each alleged act, *see, e.g.*, *A.F.P.*, 2022 WL 2704570, at *18 ("To the extent the government is arguing that plaintiffs must specifically identify every employee, official, and contractor involved in each of the alleged acts, such is not required at this early stage of litigation when discovery has yet to be conducted.").

The Government points to one unpublished opinion – *Govan v. United States Dep't of Veterans Affs.*, 787 F. App'x 599 (11th Cir. 2019) – where the court did not discuss institutional torts. There, the Court of Appeals for the Eleventh Circuit simply affirmed dismissal of an FTCA claim where the plaintiff brought intentional torts – not cognizable under the FTCA – and where his negligence claims were devoid of factual detail and thus "failed to sufficiently plead a negligence claim." *Id.* at 603.

### IV.     The Magistrate Correctly Recommended that Plaintiffs be Permitted to Amend.

"A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." And under the Federal Rules of Civil Procedure, courts "should freely give leave" to amend. Rule 15(a)(2). Thus, the rule "severely restricts" a court's discretion to deny a motion to amend. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). While a court may deny leave to amend when such an amendment would be futile, a defendant bears a "heavy burden" to establish such futility. *Garcia-Brosa v. Arvato Digital Servs., LLC*, No. 12-24216-CIV, 2013 WL 12093135, at *3 (S.D. Fla. Apr. 1, 2013).[7]

---

[7] *See also, e.g.*, *Tims v. Golden*, No. CV 15-0516-WS-B, 2016 WL 1312585, at *13 n.20 (S.D. Ala. Apr. 4, 2016) ("Courts place a heavy burden on opponents who wish to declare a proposed amendment futile."); *Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 229 (E.D. Penn. 2012) (same); *Mead v. City First Bank, N.A.*, 256 F.R.D. 6, 7 (D.D.C. 2009) ("A defendant bears the burden to show futility [of amendment].").

The Government resorts to conclusory arguments that the deficiencies in Plaintiffs' pleadings "will not be cured by yet another amendment" because Plaintiffs already had "every opportunity to properly allege" their claims. But this case is unique – the Government continues (albeit slowly) to reveal documents that go to the heart of this case. The FBI disclosed additional documents this week, showing they did not investigate tips about Epstein's trafficking and abuse. For instance, on August 29, 2023, the FBI's Assistant General Counsel emailed colleagues about "an alleged victim of Epstein," who "submitted a report to the FBI in 1996." *See* ECF No. 86, Ex. 3. After a colleague forwards the report, the Assistant General Counsel asks, "if any action took place after receiving the complaint?" *Id.* An agent on the Child Exploitation and Human Trafficking Task Force replies: "Based on the fact that it ended up in a Zero file, Id [sic] assume no action was taken on it."[8] *Id.* On November 16, 2016, the FBI received another complaint, stating "that Jeffrey Epstein should be charged with counts of unlawful sexual activity and child molestation." *See* ECF No. 86, Ex. 4. The complaint likewise ended up in a "zero file," meaning the FBI took no action. *Id.* Those documents – and what Plaintiffs will uncover through discovery – will show that the Government's conduct falls outside the scope of the discretionary function exception.

Thus, while courts must always freely give leave to amend, it is particularly warranted here, where new evidence continues to reveal the FBI's misconduct. This Court should exercise its discretion to permit amendment.

///

///

///

---

[8] An FBI "zero file" means no action was taken in response to the complaint or tip.

10

## CONCLUSION

For the reasons above, this Court should adopt the Magistrate Court's Recommendations that (1) equitable tolling applies, (2) Plaintiffs plausibly alleged proximate cause, (3) Plaintiffs do not allege an institutional tort, and (4) Plaintiffs should be granted leave to amend.

Respectfully submitted,

*/s/ Jordan K. Merson, Esq.*
Jordan K. Merson, Esq.
Jennifer C. Plotkin, Esq.
Samuel A. Martin, Esq.
MERSON LAW, PLLC
950 Third Avenue
New York, New York 10022
Tel: (212) 603-9100
jmerson@mersonlaw.com
jplotkin@mersonlaw.com
smartin@mersonlaw.com


*/s/ Todd J. Michaels, Esq.*
Todd J. Michaels, Esq.
THE HAGGARD LAW FIRM
330 Alhambra Circle
Coral Gables, FL 33134
Tel: (305) 446-5700
TJM@haggardlawfirm.com

*Counsel for Plaintiffs*