UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JANE DOE 1 et. al, *Plaintiffs*, v. UNITED STATES OF AMERICA *Defendant*. | Civ. Act. No: 9:25-cv-80880 |

### PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT WITH NEWLY DISCOVERED EVIDENCE

Plaintiffs, through undersigned counsel, and after conferring with counsel for the defendant United States of America, file this Moton for Leave to Supplement the Record to submit newly discovered evidence from another Epstein victim. Multiple calls were placed to the FBI about her victimization, and the FBI stated that they would investigate the allegations. However, the FBI never contacted the victim and never investigated the abuse. The annexed Exhibit (See "Audra Christiansen's Declaration" *attached hereto as* **Exhibit A**) was exchanged with defense counsel which had the opportunity to review and discuss the declaration with the FBI. This motion for leave to supplement is not on consent.

According to Judge Ryon M. McCabe's report and recommendation, the prior lack of an affirmative representation from the FBI was used to distinguish this case from *In re Marjory Stoneman Douglas High Sch. Shooting*, 482 F. Supp. 3d 1273 (hereafter "MSD") and

1

recommended dismissal of the case with leave to amend the complaint. *See* ECF No. 79 at pp. 17-18, 25. For the Court's convenience, the relevant part is set forth, as follows:

> "Given that the FBI made affirmative representations to the caller, but failed to follow through on those representations, Judge Dimitrouleas found that the MSD plaintiffs stated a plausible negligence claim under the voluntary undertaker doctrine. *Id.* at 1300. **Likewise, Judge Dimitrouleas found that the FBI's "own affirmative conduct" in making representations to the caller created a "foreseeable zone of risk" that gave rise to a negligence claim under Florida's zone-of-risk doctrine.** *Id.* at 1302-03; *see also Lippman v. United States*, 622 F. Supp. 2d 1337, 1341-42 (S.D. Fla. 2008) (noting that "[a] duty may, however, arise when law enforcement officers become directly involved in circumstances which place people within a 'zone of risk' by creating or permitting dangers to exist, by taking persons into police custody, detaining them, or otherwise subjecting them to danger") (cleaned up)." *Id.* at 17 (emphasis added).
>
> In this case, the Plaintiffs' Third Amended Complaint (hereafter "TAC") fails to allege facts that give rise to a common law duty under Florida's voluntary undertaker doctrine or zone-of-risk doctrine. *See* ECF No. 61. Unlike in MSD, the TAC fails to allege that FBI agents made specific representations to follow through on information provided by tipsters or that tipsters forewent contacting other law enforcement agencies in reliance upon representations made by FBI agents."

Plaintiffs have recently obtained a declaration from Audra Christiansen, an Epstein victim, that states, in part, the following:

> "I had multiple calls placed to the FBI in 2005 about Jeffrey Epstein's sex traffic operation and was told by the FBI that they would help me and would investigate Jeffrey Epstein . . . Nobody from the FBI ever called me back despite my repeated calls to the FBI . . . I relied on the FBI to investigate Jeffrey Epstein as they affirmatively told me that they would look into it and help me . . . . The FBI never returned these calls either and ignored my reports . . . . I did not contact any other law enforcement agencies in reliance upon representations made by FBI agents . . . ." *See* Exhibit A.

With this new evidence of an affirmative representation by the FBI, this case is on all fours with the MSD case and like that case, defendant's motion to dismiss should be denied.

Plaintiffs also can amend our complaint in accord with Judge Ryon M. McCabe's report and recommendation (at p. 25) to include this new information.

This latest evidence also highlights why the Court should not undertake the fact-specific inquiry required to determine whether the discretionary function applies until after discovery is completed and is another reason for denying defendant's motion to dismiss.

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

Pursuant to Local Rule 7.1(a)(2), undersigned counsel certify that they conferred with all parties who are affected by the relief sought.

Date: March 12, 2026

By: ____/s/Jennifer C. Plotkin_____
Jennifer C. Plotkin, Esq.
*Attorneys for Plaintiffs*
Merson Law, PLLC
950 Third Avenue, 18th Floor.
New York, New York 10022
Telephone: (212) 603-9100
Email:jplotkin@mersonlaw.com

By: ____/s/Todd J. Michaels, Esq_____
Todd J. Michaels, Esq.
The Haggard Law Firm
Attorneys for Plaintiffs
330 Alhambra Circle
Coral Gables, FL. 33134 Office:
(305) 446-5700
Cell: (305) 775-0339
Email: tmichaels@haggardlawfirm.com