**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 9:25-cv-80880-LEIBOWITZ/MCCABE**

JANE DOE 1, *et al.*,
     *Plaintiffs,*

v.

UNITED STATES OF AMERICA,
     *Defendant.*
_____/

## ORDER MODIFYING MAGISTRATE'S REPORT AND RECOMMENDATION AND DENYING PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD

**THIS CAUSE** is before the Court upon the Report and Recommendation [ECF No. 79] by United States Magistrate Judge Ryon M. McCabe (the "R&R"), filed on December 17, 2025, recommending that (1) the United States's Motion to Dismiss [ECF No. 62] be GRANTED; (2) the Third Amended Complaint [ECF No. 61] be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction; and (3) Plaintiffs be afforded the opportunity to amend their pleading to show subject-matter jurisdiction. On October 17, 2025, the undersigned referred Defendant's Motion to Dismiss to Judge McCabe for a report and recommendation consistent with 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of the Local Magistrate Judge Rules. [ECF No. 72]. After Judge McCabe issued the R&R, the parties jointly moved twice for extensions of time to file objections [*see* ECF Nos. 80, 82], which the Court granted [*see* ECF Nos. 81, 83].

In early February 2026, the parties filed objections to the R&R, to which each party responded. [ECF Nos. 84, 86, 88, 89]. Twenty-three (23) days after the Government filed its response to Plaintiffs' objections, Plaintiffs moved for leave to file a supplemental affidavit "from another Epstein victim" to rebut the R&R's conclusion that this case is distinguishable from *In re: Marjory Stoneman Douglas High*

1

*School Litigation ("MSD")*, 482 F. Supp. 3d 1273 (S.D. Fla. 2020) (denying the government's motion to dismiss for lack of subject-matter jurisdiction in action under the Federal Torts Claim Act ("FTCA")).

Plaintiffs' motion for leave to supplement the record [ECF No. 90] set off another round of briefing and another joint request for an extension, which has now run its course.  [*See* ECF Nos. 91, 92, 93, 95].  Amid that second round of briefing, the Government filed a Notice of Supplemental Authority [ECF No. 94], attaching a recent decision from U.S. Magistrate Judge Michael Frank for the Northern District of Florida, recommending dismissal of a plaintiff's FTCA claims for lack of subject-matter jurisdiction under the FTCA's discretionary function exception.  [ECF No. 94 (attaching *Chambers v. Dep't of Justice*, No. 4:24-cv-290-RH/MJF (N.D. Fla. Jan. 2, 2025), *report and recommendation adopted* on Jan. 22, 2025))].

The Court has reviewed *de novo* the R&R, the parties' objections and responses thereto, the Third Amended Complaint, and the relevant portions of the record.  The Court has also carefully considered Plaintiffs' motion to supplement the record, including the affidavit submitted in support as well as the Government's opposition and *Chambers, supra.*  The Court agrees with Judge McCabe that the Third Amended Complaint must be DISMISSED for lack of subject-matter jurisdiction.  The Court also agrees with Judge McCabe that Plaintiffs should be afforded the opportunity to file a Fourth Amended Complaint if they can establish subject-matter jurisdiction consistent with the R&R and this Order.  Because Plaintiffs will have the opportunity to move for leave to amend their pleading, the Court need not consider the late-filed affidavit at this juncture.  Accordingly, the Court DENIES Plaintiffs' motion to supplement the record [ECF No. 90].

Turning to the merits of the Government's motion to dismiss, the Court briefly sets forth the procedural history and allegations relevant to the motion before addressing the parties' objections to Judge McCabe's thoughtful and well-reasoned R&R.

# I.    BACKGROUND

Plaintiffs initiated this action in the District of Columbia on September 25, 2024. [ECF No. 1].   On June 30, 2025, the District of Columbia dismissed the action for improper venue and transferred the case to this District on July 11, 2025.  [ECF Nos. 35, 36].  Upon transfer, the case was assigned to the undersigned.  [ECF No. 37].  Plaintiff filed their Second Amended Complaint on July 29, 2025.  [ECF No. 48].  On September 15, 2025, the parties filed a Consent Motion, seeking court authorization for Plaintiffs to file a Third Amended Complaint [ECF No. 59], which the Court granted [ECF No. 60].  The Third Amended Complaint [ECF No. 61] is the operative pleading and asserts one count of negligence by thirty-two (32) Jane Does against the United States arising from the Federal Bureau of Investigation's ("FBI") alleged failure to protect them from sex trafficking and sexual abuse by Jeffrey Epstein, all in violation of the FBI's mandatory policies and rules.  [*See generally, id.*].

On September 24, 2025, the United States filed the instant Motion to dismiss the Third Amended Complaint.  [ECF No. 62].  In the Motion, the United States urges dismissal on five grounds. First, the United States argues Plaintiffs' claims are barred by the FTCA's statute of limitations.  [ECF No. 62 at 3–7]. Second, the United States maintains there is no private party analog for Plaintiffs' FTCA claims; thus, the Court lacks subject-matter jurisdiction over them.  [*Id.* at 7–9]. Third, the United States contends the discretionary function exception of the FTCA bars Plaintiffs' claims altogether.  [*Id.* at 9–15].  Fourth, the United States views Plaintiffs' claims as impermissible "institutional" torts disallowed by the FTCA.  [*Id.* at 16–17].  And fifth, the United States asks the Court to dismiss the Third Amended Complaint on shotgun pleading grounds, chiefly for failure to plead facts sufficient to show proximate causation.  [*Id.* at 17–21].

3

## II.      LEGAL STANDARD

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (internal quotation marks omitted)). "Whenever a litigant has a meritorious proposition of law which he is seriously pressing upon the attention of the trial court, he should raise that point in such clear and simple language that the trial court may not misunderstand it, and if his point is so obscurely hinted at that the trial court quite excusably may fail to grasp it, it will avail naught to disturb the judgment on appeal." *United States v. Zinn,* 321 F.3d 1084, 1087–88 (11th Cir. 2003).

A party's objections are improper if they expand upon and reframe arguments already made and considered by the Magistrate Judge, or simply disagree with the Magistrate Judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.") (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). When the objecting party has not properly objected to the Magistrate Judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704,

4

at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000)).  To demonstrate plain error, an objector must show that: "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings."  *United States v. Gresham,* 325 F.3d 1262, 1265 (11th Cir. 2003).  An error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court.  *See Schultz,* 565 F.3d at 1356–57 (citing *United States v. Lejarde–Rada,* 319 F.3d 1288, 1291 (11th Cir. 2003)).

## III.    REPORT AND RECOMMENDATION

The R&R accepted two of the five arguments for dismissal argued by the United States but rejected the other three.  [*See* ECF No. 79 at 5–25].  Judge McCabe agreed with the Government that the discretionary function exception barred Plaintiff's FTCA claims, finding both elements of the applicable two-part test satisfied.  [*Id.* at 5–11].  Judge McCabe also agreed with the Government that there is no private party analog for Plaintiffs' claims as alleged in the Third Amended Complaint, depriving the Court of subject-matter jurisdiction.  [*Id.* at 11–18].  On this point, Judge McCabe discussed at length why this case is different from *MSD, supra,* given that Plaintiffs did not allege that FBI agents made specific representations to follow through on specific information provided by tipsters, or that tipsters did not contact other law enforcement agencies in reliance upon the FBI's representations.  [*Id.* at 17].  Thus, Judge McCabe concluded Plaintiffs failed to allege facts sufficient to establish a common law duty owed to them under either Florida's voluntary undertaker or zone-of-risk doctrines, distinguishing this case from *MSD.*  [*Id.*].

Judge McCabe rejected the Government's statute-of-limitations argument, finding instead that Plaintiffs sufficiently alleged facts to support equitable tolling to withstand dismissal.  [ECF No. 79 at 21–23].  Judge McCabe also rejected the Government's "proximate causation" argument.  [*Id.* at 23–

24].  On this point, Judge McCabe agreed that Plaintiffs "face significant causation hurdles in this case," but he declined to recommend dismissal on this ground because proximate causation is "rarely decided on summary judgment, let alone on a motion to dismiss."  [*Id.* at 24].  Finally, Judge McCabe disagreed with the Government that Plaintiffs brought an impermissible institutional tort claim asserted against the FBI itself rather than against its individual employees.  [*Id.* at 24–25].  At this early stage of the litigation, Judge McCabe explained that FTCA Plaintiffs need not identify individual government employees to survive dismissal.  [*Id.*].

After due consideration and as explained below, the Court agrees with Judge McCabe on all recommendations except that dismissal is appropriate on discretionary function exception grounds at this stage of the litigation.

## IV.    DISCUSSION

Both parties objected to the adverse rulings against them, so the Court addresses the objections in the order in which they were filed.

### A.  United States's Objections

The United States lodges four objections to the R&R.  First, the United States takes issue with Judge McCabe's finding that Plaintiffs' claims were not barred by the FTCA's statute of limitations because of equitable tolling.  [ECF No. 84 at 3–10].  Second, the United States disagrees with Judge McCabe's finding that the Third Amended Complaint sufficiently pleaded proximate causation.  [*Id.* at 10–13].  Third, the United States contends Judge McCabe erred in finding that Plaintiffs' claims did not assert an impermissible institutional tort.  [*Id.* at 13–14].  Fourth, the United States challenges Judge McCabe's recommendation that Plaintiffs be allowed to cure their pleading deficiencies by filing a Fourth Amended Complaint.  [*Id.* at 14–15].

Not surprisingly, Plaintiffs respond that Judge McCabe correctly decided all four points.  [ECF No. 88].  The undersigned agrees with Plaintiff at every turn.  First, at the pleading stage, a plaintiff

need only "not foreclose a finding of equitable tolling" and whether tolling applies is "ordinarily a fact issue which should be left for the trier of fact." [*Id.* (first quoting *Myers v. Provident Life & Accident Ins. Co.*, 2023 WL 3304825, at *2 (M.D. Fla. May 8, 2023) (declining to determine whether equitable tolling applies at the pleading stage), then quoting *Beach Cmty. Bank v. CBG Real Est. LLC*, 674 F. App'x 932, 935 (11th Cir. 2017))]. Thus, on *de novo* review, the Court agrees that Plaintiffs' FTCA claims withstand dismissal on equitable tolling grounds.

As for proximate causation, the Third Amended Complaint clearly alleges the FBI violated its own policies and procedures governing investigations into sex-trafficking, which proximately caused Plaintiffs to be sex-trafficked, raped, and abused by Epstein. [*Id.* at 8]. "[P]roximate cause asks 'whether and to what extent the defendant's conduct *foreseeably and substantially* caused the specific injury that actually occurred.'" *Chirillo v. Granicz*, 199 So. 3d 246, 249 (Fla. 2016) (quoting *McCain v. Fla. Power Corp.*, 593 So. 2d 500, 502 (Fla. 1992) (internal quotation marks omitted) (emphasis added). It entails "a fact-specific assessment by the jury to determine whether the exact injury is likely to recur if the defendant's same conduct is repeated in a similar context." *Id.* (citing *McCain*, 593 So. 2d at 503). "[H]arm is 'proximate' in a legal sense if prudent human foresight would lead one to expect that similar harm is likely to be substantially caused by the specific act or omission in question." *McCain*, 593 So. 2d at 503. However, "an injury caused by a freakish and improbable chain of events would not be 'proximate' precisely because it is unquestionably unforeseeable." *Id.* "The law does not impose liability for freak injuries that were utterly unpredictable in light of common human experience." *Id.* Nevertheless, "the law does not require an act to be the exclusive or even the primary cause of an injury in order for that act to be considered the proximate cause of the injury: rather, it need only be a substantial cause of the injury." *Ruiz v. Tenet Hialeah Healthsystem, Inc.*, 260 So. 3d 977, 982 (Fla. 2018). "Unlike in the 'duty' context, the question of foreseeability as it relates to proximate causation generally must be left to the fact-finder to resolve." *McCain*, 593 So. 2d at 504. Thus, while the

7

undersigned agrees that Plaintiffs might face an uphill battle on causation, at this stage of the litigation, Plaintiffs' allegations sufficiently plead the proximate causation element.

With respect to Judge McCabe's finding that Plaintiffs do not allege an impermissible institutional tort, the Court finds no error. The Third Amended Complaint does not seek to sue the FBI itself. Rather, Plaintiffs are suing the United States under the FTCA for negligence arising from the FBI's alleged failure to protect Plaintiffs from a known sex trafficker, which failure caused them injury. Accordingly, dismissal on this ground was not warranted.

Finally, the Court agrees that, because dismissal for lack of subject-matter jurisdiction is not an adjudication on the merits, Plaintiffs should be afforded a final opportunity to establish subject-matter jurisdiction before the case is dismissed with prejudice. A court may deny leave to amend where such amendment would be futile. *See Forman v.* Davis, 371 U.S. 178, 182 (1962); *see Maynard v. Bd. of Regents of Div. of Univs. Of Fla. Dep't of Educ. ex. rel. Univ. of S. Florida.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (stating "a motion to amend may be denied on 'numerous grounds' such as 'undue delay, undue prejudice to the defendants, and futility of the amendment.'") (quoting *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000) (quoting *Abramson v. Gonzalez*, 949 F.2d 1567, 1581 (11th Cir. 1992)). Amendment is futile when the plaintiff "provide[s] no reason for the district court to believe that he could offer sufficient allegations to make a claim for relief plausible on its face." *Patel v. Ga. Dep't BHDD*, 485 F. App'x 982, 983 (11th Cir. 2012) (citation omitted). Amendment at this juncture is not futile.

However, if after four bites at the apple Plaintiffs still fail to show this Court has jurisdiction over their FTCA claims, granting leave to amend thereafter would indeed be futile. *See Hamman v. Univ. of Cent. Fla. Bd. of Trs.,* No. 6:23-CV-395-CEM-RMN, 2023 WL 11923008, at *4 (M.D. Fla. Dec. 8, 2023), *report and recommendation adopted,* No. 6:23-CV-395-CEM-RMN, 2024 WL 3912913 (M.D. Fla. Aug. 23, 2024).

8

In sum, the Court finds no error with the R&R on the points raised by the Government. Accordingly, the United States's objections [ECF No. 84] are OVERRULED.

### B.  Plaintiffs' Objections

Plaintiffs' primary objection to the R&R is Judge McCabe's finding that the discretionary function exception bars their FTCA claims.  [*See* ECF No. 86 at 5–17].  Put that to the side for a moment; it is addressed more below.

Plaintiffs' other objection is to the R&R's finding that no private party analog exists under Florida law to support their FTCA claims, relying heavily on District Judge William P. Dimitrouleas's analysis set forth in *MSD, supra.*  [*Id.* at 17–22].  On this one, Plaintiffs impliedly concede their allegations fail to fall within Florida's voluntary undertaker doctrine or zone-of-risk doctrine (as was found in *MSD*) by filing a post-R&R affidavit that attempts to shore up that pleading deficiency.  Thus, the Court agrees with Judge McCabe that the Third Amended Complaint lacks specific facts (by date, time, or location) whereby a tipster alerted an FBI agent (or agents) to specific conduct and the imminent threat of danger to specific individuals (or group of individuals) which, in turn, elicited a specific response from the FBI that it would investigate-- such that the tipster's reliance on such representations was reasonable.  The Court also notes that even Plaintiffs' untimely-filed affidavit fails to set forth such specifics.  [*See* Declaration of Audra Lynn Christiansen, ECF No. 94-1 (Mar. 11, 2026)].  Accordingly, Judge McCabe did not err in his analysis of the Third Amended Complaint: as pled, no private party analog exists under Florida law for Plaintiffs' FTCA claims.  Accordingly, this objection is OVERRULED.

Now to the biggest point of contention—whether the discretionary function exception bars Plaintiffs' FTCA claims such that dismissal is required for lack of subject-matter jurisdiction.

9

### 1.   The FTCA, the discretionary function exception, and *Gaubert*'s two-prong test.

Plaintiffs' FTCA tort claim is brought solely against "the United States which, as a sovereign entity, is immune from suit without the consent of Congress." *Shivers v. United States*, 1 F.4th 924, 928–29 (11th Cir. 2021) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). "The FTCA contains a limited congressional waiver of sovereign immunity for injury or loss caused by the 'negligent or wrongful act or omission' of a government employee 'acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Id.* (quoting 28 U.S.C. § 1346(b)(1). The FTCA addresses violations of state law by federal employees, not federal constitutional claims. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 477–78 (1994) (explaining a "constitutional tort claim is not 'cognizable' under § 1346(b)" because the source of substantive liability under the FTCA is state law, not federal law).

The FTCA broadly exempts from the FTCA's waiver of sovereign immunity "[a]ny claim … based upon the exercise or performance or the failure to exercise or perform a *discretionary function or duty* on the part of a federal agency or an employee of the Government, *whether or not the discretion involved be abused*." 28 U.S.C. § 2680(a) (emphasis added). Thus, if the United States's performance of a "function or duty" giving rise to a tort claim involves discretion, the Court lacks subject-matter jurisdiction to entertain the claim. *Foster Logging, Inc. v. United States*, 973 F.3d 1152, 1157 n.3 (11th Cir. 2020) ("If sovereign immunity applies, a court lacks subject matter jurisdiction to consider a claim.") (citing *Zelaya v. United States*, 781 F.3d 1315, 1322 (11th Cir. 2015)). "[T]he purpose of the exception is to prevent judicial second-guessing of … administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *United States v. Gaubert*, 499 U.S. 315, 323 (1991) (quotation marks omitted).

10

*United States v. Gaubert* and its two-prong test govern the application of the FTCA's discretionary function exception. 499 U.S. at 322–23. In *Gaubert*'s two-prong test, the Supreme Court expressly instructed courts how to determine whether challenged government conduct involves "a discretionary function or duty" for purposes of § 2680(a)'s exception. *Gaubert*, 499 U.S. at 322–23 (quoting 28 U.S.C. § 2680(a)). First, a court must determine whether the conduct challenged by the plaintiff was "discretionary in nature"—that is, whether it involved "an element of judgment or choice." 499 U.S. at 322 (quotation marks omitted). Second, a court must evaluate "whether that judgment [or choice] is of the kind that the discretionary function exception was designed to shield." *Id.* at 322–23 (quotation marks omitted).

At the pleading stage, a plaintiff must allege a plausible claim that falls outside the discretionary function exception. *Douglas v. United States*, 814 F.3d 1268, 1276 (11th Cir. 2016) (citing *Autery v. United States,* 992 F.2d 1523, 1526 n.6 (11th Cir. 1993)). The discretionary function exception does not cover government acts that "violated a mandatory regulation or policy that allowed no judgment or acts that, although a permissible exercise of discretion, were not grounded in the policy of the regulatory regime." *Id.* (citation and internal quotation marks omitted).

**2.   Analysis**

Plaintiffs do not contend Judge McCabe applied the wrong legal standard when finding the discretionary function barred their FTCA claims. [*See generally* ECF No. 86 at 6–17]. Instead, Plaintiffs attack the finding on procedural grounds—*i.e.*, the finding is premature at the pleading stage. [*Id.* at 6]. In support of this argument, Plaintiffs cite caselaw from the Tenth Circuit, the D.C. Circuit, and the Seventh Circuit, which hold that dismissal under the discretionary function exception is not appropriate before discovery is conducted on whether the official's actions were, in fact, discretionary.

11

[*Id.* at 6–10].[1] Plaintiffs also cite the Eleventh Circuit in *Douglas* for the proposition that: "If a jurisdiction challenge… implicate[s] the merits of the underlying claim then: The proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." 814 F.3d at 1275 (cleaned up). Consequently, Plaintiffs contend that Judge McCabe erred by recommending dismissal under the discretionary function exception before Plaintiffs could engage in discovery to establish the FBI's failure to investigate Epstein's sex-trafficking was nondiscretionary as alleged. In short, Plaintiffs argue they need only plausibly allege a claim that "falls outside the discretionary function exception," to survive dismissal. [ECF No. 86 at 12 (citing *Douglas*, 814 F.3d at 1273)].

The Court agrees with Plaintiffs. The Third Amended Complaint alleges the FBI violated relevant, nondiscretionary regulations that required it to investigate and intervene in Epstein's sex-trafficking operations, which failure caused Plaintiffs injury. [*See* TAC, ECF No. 61 ¶¶ 21, 110, 119, 121, 122]. At this stage of the litigation, this Court must accept all those allegations as true.

The Government counters: "[c]ourts in this district (and across the country) overwhelmingly find that claims—exactly like the one at bar—of negligent investigation by federal law enforcement officers (e.g., the FBI) are barred by the discretionary function exception and therefore properly

---

[1]     Citing *Howard Roth & Sons v. United States*, 668 F.2d 454, 456 (10th Cir. 1981) (reversing Rule 12(b)(1) dismissal, explaining that whether an official's act is discretionary is "very much a factual issue"); *Ignatiev v. United States*, 238 F.3d 464 (D.C. Cir. 2001) (reversing dismissal of the plaintiff's FTCA claims to allow discovery on the Secret Service's internal guidelines that allegedly rendered some actions nondiscretionary); *Palay v. United States*, 349 F.3d 418 (7th Cir. 2003) (declining to apply the discretionary function exception at the pleading stage, because without more than the allegations in the complaint, the court could not determine whether the actions were covered by the discretionary function exception, or not).

dismissed for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1)."  [ECF No. 89 at 5– 6 (including Government's citations to authority in footnote below)].[2]

The Court notes that all of the cases cited by the Government were decided before *Douglas*, except *Engel* from the District of Columbia (which is not binding on this Court).  Moreover, *Engel* involved a *pro se* non-prisoner civil rights complaint under 42 U.S.C. § 1983—not a claim under the FTCA.  *See* Compl., ECF No. 1, *Engel*, No. 1:25-cv-00937.  The district court dismissed that complaint because (1) the plaintiff improperly attempted to compel a criminal investigation by filing a civil rights complaint; (2) the plaintiff did not plausibly plead a constitutional deprivation sufficient to support a Section 1983 action; and (3) the complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure.  *See id.* at ECF No. 3 (Apr. 28, 2025).  In sum, *none of the authority* cited by Government compels a result other than the one advanced by Plaintiffs, that dismissal on discretionary function exception grounds before discovery is completed is inappropriate under *Douglas*.

---

[2]     *Mesa v. United States*, 837 F. Supp. 1210 (S.D. Fla. 1993) (Marcus, J.), *aff'd* 123 F.3d 1435 (11th Cir. 1997) (dismissing FTCA suit on discretionary function exception grounds alleging DEA agents failed to properly identify subject of arrest warrant and mistakenly arrested plaintiff); *Lippman v. City of Miami*, 622 F. Supp. 2d 1337, 1340 (S.D. Fla. 2008) (Marra, J.) (dismissing on discretionary function exception grounds FTCA suit alleging that FBI negligently conducted search of plaintiff's vehicle); *Thacker v. United States*, No. 06-cv-145, 2006 U.S. Dist. LEXIS 69046, at *1 (N.D. Fla. Aug. 15, 2006) (dismissing FTCA suit on discretionary function grounds alleging that FBI failed to investigate plaintiff's allegations of perjury by Walton County Sheriff's officers); *see also Flax v. United States*, 847 F. Supp. 1183, 1190–91 (dismissing on discretionary function exception grounds FTCA suit alleging that FBI negligently performed surveillance of kidnaping victim); *Crenshaw v. United States*, 959 F. Supp. 399, 402–03 (S.D. Tex. 1997) (dismissing FTCA suit on discretionary function exception grounds arising from negligent investigative activities against FBI and NASA-OIG, because agents' "decisions to take or refrain from certain actions were controlled by their desire to obtain…evidence," which "correlates with the public policy goal of punishing and deterring those who violate federal laws"); *McCloskey v. Mueller*, 385 F. Supp. 2d 74 (D. Mass. 2005) (dismissing FTCA suit on discretionary function exception grounds brought by estate of murder victim that FBI failed to follow up on call by self-proclaimed bank robber offering to surrender, and caller killed victim the next day); *Martinez v. United States*, 587 F. Supp. 2d 245 (D.D.C. 2008) (dismissing on discretionary function exception grounds FTCA suit alleging that FBI was derelict in investigating supposed criminal activity reported by plaintiff); *Engel v. FBI*, No. 25-cv-00937, 2025 U.S. Dist. LEXIS 80266 (D.D.C. Apr. 28, 2025) (dismissing Section 1983 suit against FBI arising from alleged "failure to pursue tips" and "failure to arrest" third-parties which allegedly stalked, harassed, and threatened plaintiff).

The Eleventh Circuit has subsequently expounded upon *Douglas* in *Foster Logging, Inc. v. United States*, 973 F.3d 1152, 1159 (11th Cir. 2020), stating as follows:

> To survive dismissal, Plaintiffs were required to "allege a plausible claim that falls outside the discretionary function exception." *Douglas*, 814 F.3d at 1276; *see also Gaubert*, 499 U.S. at 324–25, 111 S. Ct. at 1274–75 ("For a complaint to survive a motion to dismiss, it must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime."). In other words, Plaintiffs' complaint must have alleged facts showing that a Government employee engaged in conduct that, by its nature, is not the kind of conduct that is based on or grounded in considerations of public policy. *Gaubert*, 499 U.S. at 324–25, 111 S. Ct. at 1274–75.

And, in addition to *MSD, supra*, Judge Dimitrouleas also denied the Government's motion to dismiss under the discretionary function exception in another FTCA case, "without prejudice to the United States raising that argument at summary judgment or trial following full discovery." *Guttenberg v. United States*, No. 18-62758-CIV, 2020 WL 13379274, at *3 & n.3 (S.D. Fla. Mar. 5, 2020) (citing *Douglas*, 814 F.3d at 1281).

*Douglas* and its progeny control here. Upon *de novo* review, the Third Amended Complaint plausibly alleges a claim that falls outside of the discretionary function exception sufficient to withstand dismissal.[3]  Accordingly, Plaintiffs' objection to dismissal on discretionary function exception grounds is SUSTAINED.

That all said, the Third Amended Complaint must be dismissed for lack of subject-matter jurisdiction because Florida provides no private party analog for Plaintiffs' claims as alleged.

---

[3]     The Government's other arguments on the discretionary function exception seem to make Plaintiffs' point-- that they need discovery to prove that the FBI failed to follow mandatory, not discretionary, regulations and rules. [*See* ECF No. 89 at 7–10 (Plaintiffs fail to identify a mandatory policy directive) and 10–11 (FBI agents' decisions to investigate are grounded in public policy)]. Because these issues go to the merits of Plaintiffs' claims, the proper course of conduct is to allow for discovery rather than dismiss the claims under the discretionary function exception. *See Douglas*, 814 F.3d at 1275.

Accordingly, the R&R's recommendation that the Third Amended Complaint be dismissed without prejudice for lack of subject-matter jurisdiction is adopted and affirmed.

## V.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUGED** as follows:

1.   Plaintiff' Motion to Supplement the Record [**ECF No. 90**] is **DENIED**.

2.   The Magistrate Judge's Report and Recommendation [ECF No. 79] is ADOPTED AS MODIFIED by this Order.  The United States's Objections [ECF No. 84] are OVERRULED.  The Plaintiffs' Objections [ECF No. 86] are OVERRULED IN PART and SUSTAINED IN PART, as set forth in this Order.

3.   Defendant's Motion to Dismiss [**ECF No. 62**] is **GRANTED**.  The Third Amended Complaint [ECF No. 61] is **DISMISSED WITHOUT PREJUDICE**.

4.   Plaintiffs must file a motion for leave to amend their pleading in compliance with the Court's Local Rules **no later than April 30, 2026**, failing which this case will be DISMISSED, *without further notice*, for failure to prosecute and for failure to comply with a court order.  *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order."); *see also Middlebrooks v. City of Macon-Bibb Cnty., Ga.*, No. 5:23-cv-00083-TES, 2024 WL 555884, at *12 (M.D. Ga. Feb. 12, 2024) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)) (affirming dismissal of action with prejudice for failure to comply with a court orders and court rules).

**DONE AND ORDERED** in the Southern District of Florida on April 16, 2026.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:     counsel of record