**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

|  |  |
|---|---|
| **JANE DOE 1** *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>**UNITED STATES OF AMERICA**<br><br>*Defendant.* | **Civ. Act. No: 9:25-cv-80880** |

**PLAINTIFFS' MOTION FOR AND MEMORANDUM IN SUPPORT OF LEAVE TO DEPOSE MARIA FARMER BEFORE THE RULE 26(f) CONFERENCE UNDER RULES 26(d)(1) AND 30(a)(2)(A)(iii)**

Plaintiff moves to depose Maria Farmer before the Rule 26(f) conference because she has brain cancer, and her testimony goes to the heart of this case.[1]  Under Rule 30, this Court has discretion to permit depositions before the Rule 26 conference.  *See* Fed. R. Civ. P. 30(a)(2)(A)(iii) (instructing that parties must obtain leave to depose witnesses "before the time specified in Rule 26(d)"); *see also* Fed. R. Civ. P. 26(d)(1) (noting parties may seek discovery before Rule 26 conference "by court order").  Courts permit such depositions for good cause.  *See, e.g.*, *T-Link, Inc. v. Jbarah*, 2022 WL 4596673, at *5 (N.D. Ga. Aug. 16, 2022) (granting early deposition under Rule 30 "for good cause shown").[2]  Under that standard, "the party requesting expedited discovery

---

[1] Plaintiffs' counsel conferred with Defense counsel, who do not consent to Ms. Farmer's early deposition.  *See* Local Rule 7.1(a)(2).

[2] The Court of Appeals for the Eleventh Circuit has not determined the required showing for early depositions under Rule 30.  While some courts apply a preliminary injunction standard, the overwhelming majority approach is to apply a good cause standard.  *See, e.g.*, *Merrill Lynch, Pierce, Fenner, & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002); *Ayyash v. Bank Al–Madina*, 233

must show that the need for expedited discovery, in consideration of the administration of justice, outweighs prejudice to [the] responding party." *Cook v. Williams*, No. 4:09-CV-1375CAS, 2009 WL 3246877, at *1 (E.D. Mo. Oct. 6, 2009).

Here, the need for expedited discovery, in consideration of the administration of justice, strongly outweighs any prejudice. As for good cause, courts have found such good cause where the movant seeks to preserve the testimony of a sick witness. *See Cook*, 2009 WL 3246877, at *1 (E.D. Mo. Oct. 6, 2009) (finding good cause for early deposition after the plaintiff was diagnosed with a terminal illness). Good cause exists here because Maria Farmer has brain cancer. She was recently released from the hospital after brain surgery and remains bedridden.[3]

The content of Ms. Farmer's testimony – which goes to the heart of this case – also favors finding good cause. For instance, on May 12, 2026, the United States House of Representatives House Oversight Committee conducted a "shadow hearing" in West Palm Beach, Florida. At that hearing, Ms. Farmer testified remotely – lying on her couch and covered by blankets – because she was too sick to travel. Ms. Farmer testified that when she called the FBI in 1996 to report Jeffrey Eptsein, "the FBI asked me questions, said they were familiar with some of the perpetrators I identified, and gave me every reason to believe they would respond."[4] Plaintiffs expect Ms.

---

F.R.D. 325, 327 (S.D.N.Y. 2005); *Dimension Data N. Am., Inc. v. NetStar-1, Inc.*, 226 F.R.D. 528, 530, 530-32 (E.D.N.C. 2005); *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004); *Energy Prod. Corp. v. Northfield Ins. Co.*, No. CIV.A. 10-0933, 2010 WL 3184232, at *3 (E.D. La. Aug. 6, 2010); *Paul v. Aviva Life and Annuity Co.,* 2009 WL 3815949, at *1 (N.D. Tex. Nov. 12, 2009); *Rodale, Inc. v. U.S. Preventive Med., Inc.,* 2008 WL 4682043, at *1 (E.D. Tex. Oct. 21, 2008); *Badger v. Stryden Corp.*, No. CIV.A. 09-3619, 2010 WL 392352, at *1 (E.D. Pa. Jan. 26, 2010); *Corp. v. Walt Disney Imagineering*, No. Civ. A. 03–3546, 2003 WL 22519440, at *3 (E.D. Pa. Oct.3, 2003).

[3] In an abundance of caution, Plaintiffs' counsel repeated only publicly available information about Ms. Farmer's condition. If the Court would like more information of her condition, Plaintiffs' counsel can submit confidential health information under seal.

[4] *See* United States House of Representatives House Oversight Committee Hearing, Fox 7 Austin (May 12, 2026), https://www.youtube.com/live/oUR8I2-RiGY (starting at 0:06).

Farmer to testify similarly in this case.  And that testimony establishes reliance, which precludes the FBI from invoking the discretionary function exception.  *See, e.g.*, *In re Marjory Stoneman Douglas High Sch. Shooting FTCA Litig.*, 482 F. Supp. 3d 1273, 1294-98 (S.D. Fla. 2020) (holding the discretionary function exception did not apply because, among other reasons, tipsters relied on the FBI to investigate allegations); *see also* Restatement (Second) of Torts § 324A (1965).

Nor is there prejudice.  *Cook* is again instructive.  There, the court emphasized that the plaintiff "d[id] not seek expedited discovery in general," and therefore determined "it should not be overly burdensome for defendants' counsel to participate in the deposition."  *Cook*, 2009 WL 3246877, at *1.  So too here.  Plaintiffs do not seek extensive expedited discovery – just one deposition of a witness with brain cancer who could determine the outcome of this case.  As in *Cook*, it will not be overly burdensome for Defense counsel to participate.

For the reasons above, this Court should permit Plaintiffs to depose Ms. Farmer before the Rule 26(f) conference under Rules 26(d)(1) and 30(a)(2)(A)(iii).

3

## <u>CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)</u>

Pursuant to Local Rule 7.1(a)(2), undersigned counsel certifies that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so

By: */s/Jordan K. Merson*_____
Jordan Merson, Esq.
Jennifer Plotkin, Esq.
Sam Martin, Esq. (to be admitted pro hac vice)
Nathan Werksman, Esq. (to be admitted pro hac vice)
950 Third Avenue, 18th Floor
New York, New York 10022
Telephone:(212)-603-9100
Facsimile : (347) 441-4171
Email : jmerson@mersonlaw.com
Email : jplotkin@mersonlaw.com

By: _/s/Todd J. Michaels, Esq_____

Todd J. Michaels, Esq.
The Haggard Law Firm
 Attorneys for Plaintiffs
330 Alhambra Circle
Coral Gables, FL. 33134 Office: (305) 446-5700
Cell: (305) 775-0339
Email: tmichaels@haggardlawfirm.com

*Counsel for Plaintiffs*

4