UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-80880-CIV-LEIBOWITZ

JANE DOE 1, *et al.,*

        Plaintiffs,

v.

UNITED STATES OF AMERICA,

        Defendant.

_____/

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO DEPOSE MARIA FARMER BEFORE THE RULE 26(f) CONFERENCE

Defendant, United States of America, by and through the undersigned Assistant United States Attorney, respectfully submits this Response in Opposition to Plaintiffs' Motion for Leave to Depose Maria Farmer Before the Rule 26(f) Conference. [D.E. 101].

As an initial matter, if Ms. Farmer is indeed gravely ill that would be unfortunate and sad news, and undersigned counsel sincerely hope that is not the case.  The United States has made several requests for supporting medical information from Plaintiffs' counsel to ascertain Ms. Farmer's medical prognosis necessary to determine a position on this motion.  To date, medical support either in the way of treatment records or declaration of a family member has not been received.  As there is no evidence in the record (despite repeated requests) to support the proposition that there is a reasonable basis to believe that Ms. Farmer will not be available as a witness in this case, the United States must file this opposition.

### LEGAL STANDARD

It should be noted that the District Court entered an order staying all discovery in this case. [D.E. 67].  A Fourth Amended Complaint was filed on May 14, 2026.  [D.E. 104].  Whether the

1

Court has jurisdiction to entertain the claims in the Fourth Amended Complaint remains at issue, as the Defendant's response thereto is not due until June 4, 2026.  A Rule 26(f) conference has not been held in this case.  Generally, a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized by ... court order." Fed. R. Civ. P. 26(d)(1). A district court may expedite the discovery process if a party moves for expedition and establishes "good cause" for it. *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 615 (S.D. Fla. 2019) (citing *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002)); 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2046.1, at 288 (3d ed. 2010). A party seeking expedited discovery bears the burden of establishing good cause. *ELargo Holdings, LLC v. Doe-68.105.146.38*, 318 F.R.D. 58, 61 (M.D. La. 2016); *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011); *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2014) (quoting *Semitool, Inc.*, 208 F.R.D. at 276).

The primary purpose of "expedited discovery is to allow a party to obtain specific, limited, and identifiable pieces of information, particularly when there is some risk of spoliation or when the suit cannot reasonably proceed without the information." *Let Them Play MN v. Walz*, 517 F. Supp. 3d 870, 889 (D. Minn. 2021). "Expedited discovery is not the norm." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000); *see Hard Drive Prod. Inc. v. Doe*, 283 F.R.D. 409, 410 (N.D. Ill. 2012). Thus, expedited discovery should be granted only in

2

exceptional instances. *Sheridan v. Oak St. Mortg., LLC*, 244 F.R.D. 520, 521 (E.D. Wis. 2007); *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004).

In deciding whether a party has shown good cause for expedited discovery, courts frequently consider at least the following factors:

> (1) whether a motion for preliminary injunction is pending;
> (2) the breadth of the requested expedited discovery;
> (3) the reasons the moving party is requesting expedited discovery;
> (4) the burden on the opponent to comply with the request for expedited discovery;
> (5) whether the information sought expeditiously could be obtained more efficiently from some other source;
> (6) the extent to which the discovery process would be expedited; and
> (7) whether a motion to dismiss for failure to state a claim is pending.

*Let Them Play MN*, 517 F. Supp. 3d at 889; *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 97 (D.D.C. 2014); *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 6 (D.D.C. 2006). Generally, expedited discovery should be granted primarily "when some unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time." *Fimab-Finanziaria Maglificio Biellese Fratelli Fila S.p.A. v. Helio Imp./Exp., Inc.*, 601 F. Supp. 1, 3 (S.D. Fla. 1983) (quoting *Gibson v. Bagas Rests.*, 87 F.R.D. 60, 62 (W.D. Mo. 1980)).

## ARGUMENT

Under Rule 26(d)(1), a party may not seek discovery from ***any source*** before the parties have met and conferred as required by Rule 26(f) of the Federal Rules of Civil Procedure. While the Rule is subject to certain exceptions, including a court order permitting discovery, the moving party requesting such exception is required to show "good cause". *In re Chiquita Brands International, Inc.*, 2015 WL 12601043 (S.D. Fla. Apr. 7, 2015).

3

Here, Plaintiffs seek to take the deposition of Maria Farmer, a witness for the Plaintiffs' case. *See* D.E. 101 at p. 2. However, Plaintiffs have failed to meet the good cause standard required for expedited discovery. Plaintiffs rely heavily on an unpublished district court case from the Eastern District of Missouri for the notion that "courts have found such good cause where the movant seeks to preserve the testimony of a sick witness." *Cook v. Williams*, No. 4:09-CV-1375CAS, 2009 WL 3246877, at *1 (E.D. Mo. Oct. 6, 2009). However, the facts in *Cook* differ from that in this case. In *Cook*, the plaintiff was able to show that the witness at issue had a terminal illness and was given a prognosis of weeks to live. *Id*. at *2. In contrast, Plaintiffs offer generalized information that Maria Farmer was diagnosed with brain cancer and was recently released from the hospital. *See* D.E. 101 at p. 2.

"In general, decisions whether to grant or deny leave for early discovery depend on the ***specific justifications*** offered in support of the application." *Mullane v. Almon*, 339 F.R.D. 659, 665 (N.D. Fla. 2021); quoting 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2046.1, at 290-91 (3d ed. 2010) (emphasis added). Nothing in Plaintiffs' Motion offers a specific justification for why Maria Farmer will not be available for a deposition if this case proceeds to the discovery phase. In fact, Defendant has been requesting specific medical documentation or an affidavit specifying why Maria Farmer's deposition needs to be expedited, so that Defendant could evaluate the necessity of such request, since April 27, 2026.  The underlying motion in fact offered to submit confidential health information under seal, and yet to undersigned's knowledge that has not been done.  D.E. 101, at 2, fn. 3. Undersigned counsel requested medical information to ascertain Ms. Farmer's condition either via treatment records or a declaration of a family member via email on April 27, May 13, and May 14, 2026, in addition to a request made to Plaintiffs' counsel over the telephone on May 20, 2026.  In these

4

requests the undersigned explained that medical support was necessary to properly evaluate the request.  However, as of the date of this filing, no such information has been provided.

It should also be noted that Ms. Farmer has her own case pending in Washington, D.C., in *Maria Farmer v. United States of America*, 25-1709-CV, based on parallel allegations.  Ms. Farmer is represented by counsel in that case.  Undersigned counsel also requested confirmation that Ms. Farmer's counsel consented to contact with her for purposes of this deposition.  That confirmation has not been received.  Undersigned counsel also asked whether the Defendant would be permitted to cross notice the deposition with the consent of Ms. Farmer's counsel and has not received a response.

Without the requested information detailing the need for expediting Maria Farmer's deposition, Plaintiffs are simply relying on conclusory allegations with no factual support for the proposition that Maria Farmer will be unavailable if and/or when discovery commences in this action.

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that this Court deny the Plaintiffs' Motion for Leave to Depose Maria Farmer before the Rule 26(f) conference, [D.E. 101] as Plaintiffs have failed to meet the good cause standard necessary for such relief.

Respectfully submitted,

**JASON A. REDING QUIÑONES**
**UNITED STATES ATTORNEY**

By:   */s/ Kelsi R. Romero*
KELSI R. ROMERO
Assistant U.S. Attorney
United States Attorney's Office
Southern District of Florida
Special Bar No. A5502758
500 East Broward Blvd, Suite 700

5

Fort Lauderdale, FL 33394
kelsi.romero@usdoj.gov

Steven R. Petri
Assistant United States Attorney
 Federal Bar No. A5500048
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, FL 33394
(954)660-5799; Fax: (954)356-7180
Email: Steve.Petri@usdoj.gov

*Counsel for Defendant*

6