UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-80880-Leibowitz/McCabe

JANE DOE 1, *et al.,*

     Plaintiffs,

v.

UNITED STATES OF AMERICA,

     Defendant.

_____/

**ORDER ON DE 101**

THIS CAUSE comes before the Court on Plaintiff's motion to depose Maria Farmer, which was referred to the undersigned by United States District Judge David S. Leibowitz.  (DE 101, DE 103).  As set forth below, the Court **GRANTS** the motion.

**I.      Background**

This is a negligence case arising under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq. ("FTCA") brought by numerous sexual abuse victims of Jeffrey Epstein.  Plaintiffs allege that the Federal Bureau of Investigation acted negligently in failing to timely investigate Epstein, arrest him, and prevent him from committing further crimes, including those committed against Plaintiffs.  (DE 104).

On September 30, 2025, the District Judge entered a stay of discovery pending resolution of the Government's then-pending motion to dismiss.  (DE 67).   In doing so, the District Judge recognized the significant defenses available to the Government by way of the doctrine of sovereign immunity.  (DE 67).  The District Judge later dismissed the pending complaint on sovereign immunity grounds but afforded Plaintiffs an opportunity to file another complaint.  (DE

97 at 15).   Plaintiffs responded with their Fourth Amended Complaint.  (DE 104).  At the hearing on this motion, the Government reported that it anticipates filing another motion to dismiss, again on sovereign immunity grounds.  (DE 107).  Meanwhile, the stay remains in place, so the parties have not yet engaged in the discovery conference required by Fed. R. Civ. P. 26(f).

## II.    Discussion

By way of this motion, Plaintiffs request the Court to lift the stay for the limited purpose of allowing the deposition of Maria Farmer, a witness who reportedly has brain cancer and was recently released from the hospital.  (DE 101 at 2).  Pursuant to Fed. R. Civ. P. 26(d)(1), a district court may, in its discretion, allow parties to engage in discovery prior to the Rule 26(f) conference. A district court should allow such discovery only upon a showing of "good cause." *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 615 (S.D. Fla. 2019) (cleaned up). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.*; *see also In re Chiquita Brands International, Inc.*, No. 07-60821-CV, 2015 WL 12601043, at *4 (S.D. Fla. Apr. 7, 2015) (noting that the party requesting expedited discovery bears the burden of showing the existence of good cause and that the need for the discovery outweighs any prejudice to the opposing party).

Applying these standards here, the Court finds that Plaintiffs have demonstrated good cause to take the expedited deposition of Maria Farmer.  Plaintiffs have provided the Court with a declaration from Annie Farmer, who is Maria Farmer's sister.  (DE 108-1).  The declaration provides as follows:

> Over the years, my sister has battled brain cancer, a brain tumor, and other serious medical conditions.  Recently, she was hospitalized for many days, suffered what appears to have been an adrenal crisis, and was diagnosed for the first time with

Addison's Disease.  We are currently in the process of figuring out and putting together a treatment plan for her.

(DE 108-1 ¶ 6).

The Court has considered the Government's argument that Annie Farmer's declaration does not show a health condition of sufficient severity to warrant an expedited deposition.  While the Court agrees the declaration could have provided more detail, the Court nevertheless finds the declaration sufficient to support good cause, given Maria Farmer's serious medical history and her recent hospitalization.

The Court further finds that Plaintiffs' need for the deposition outweighs any prejudice to the Government.  As a result of this Order, the Government will be forced to expend the time and resources necessary to depose a single witness, Maria Farmer.  The Court recognizes that, in the event the Government ultimately prevails on its sovereign immunity defenses, this deposition will have been a wasted exercise and the Government will have suffered prejudice by expending time and resources on an unnecessary deposition.

Against this prejudice, the Court must weigh the risk that might befall Plaintiffs from the denial of this motion.  If the Court were to deny this motion, and Maria Farmer were to subsequently pass away, Plaintiffs would be deprived of the testimony of an important witness.  In this regard, the Court notes that the Fourth Amended Complaint mentions Maria Farmer's name over sixty (60) times.  (DE 104).  In the Court's view, the potential harm posed to Plaintiffs outweighs the prejudice to the Government.  As such, the Court grants the motion.

The Court expresses reservations, however, concerning the final paragraph of Annie Farmer's declaration, which provides as follows:

> Maria is very ill, *and we are very concerned that the taking of her deposition at the present time could well trigger another adrenal crisis*.  We hope and pray that her condition will improve in near future

(DE 108-1 ¶ 7) (emphasis added).  Based on this assertion, it appears that Maria Farmer's family does not want her to be deposed due to her declining health.

By granting this motion, the Court expresses no view on any motion for protective order that Maria Farmer might file to oppose or place limits upon the deposition in this case.  The parties have advised the Court that Maria Farmer has her own case pending in the District of Columbia, *Maria Farmer v. United States of America*, 25-1709-CV.  (DE 106 at 5).  The Court instructs the parties to provide a copy of this Order to Maria Farmer's counsel so that counsel understands the Court has not pre-judged any such motions that might be filed on behalf of Maria Farmer (assuming this Court would be the proper venue for such motions).

## III.    Conclusion

For all of the reasons stated above, the Court **GRANTS** the pending motion.  (DE 101). The stay of discovery shall be lifted for the limited purpose of deposing Maria Farmer.  Plaintiffs and the Government may serve third-party subpoenas (including duces tecum) on Maria Farmer to take this deposition.  The Court expresses no view on any motions that Maria Farmer might file, in the appropriate venue, to place limitations on the deposition or document requests served upon her.

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 3rd day of June 2026.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE