UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-80880-CIV-LEIBOWITZ

JANE DOE 1, *et al.,*

        Plaintiffs,

v.

UNITED STATES OF AMERICA,

        Defendant.

_____/

### UNITED STATES OF AMERICA'S MOTION TO QUASH NON-PARTY DEPOSITION SUBPOENA AND FOR PROTECTIVE ORDER WITH SUPPORTING MEMORANDUM OF LAW

Defendant, United States of America, by and through the undersigned Assistant United States Attorneys, pursuant to Rule 26 and 45 of the Federal Rules of Civil Procedure, Local Rule 7.1 and other authority specified below, hereby move this Court for an entry of a protective order and to quash the "Subpoena to Testify at a Deposition in a Civil Action" (Subpoena) that Plaintiffs may have caused to be served upon Maria Farmer, a non-party witness.[1]

For the reasons discussed in detail below, the Subpoena should be quashed and a protective order entered because in accordance with the Federal Rules of Civil Procedure and this Court's June 4, 2026 Order [D.E. 109], taking the deposition of Maria Farmer at this time would create an undue burden upon her based upon her current health status.

---

[1] Defendant has attempted to confirm whether the subpoena issued by Plaintiffs' counsel has been accepted by Ms. Farmer's Counsel. As of the date of this filing, no confirmation has been received.

1

**MEMORANDUM OF LAW**

## I.      Factual Background

This case was originally filed in September of 2024. [D.E. 1]. Thereafter, several amendments to the Complaint occurred, as well as a venue transfer. [D.E. 9, 36, 45, 61, 104]. Discovery in this case is currently stayed. [D.E. 67]. However, on May 14, 2026, Plaintiffs filed a Motion to Take Deposition from Maria Farmer. [D.E. 14]. The Defendant opposed this Motion as Plaintiffs had failed to provide adequate information that they could meet the good cause standard required for expedited discovery. *See* D.E. 106. This was after several communications between Plaintiffs' counsel and the undersigned wherein documentation was requested and promised, yet no documentation was provided. [D.E. 106 at pp. 4-5]. After a hearing on the Motion, Magistrate Judge McCabe granted the Plaintiffs' Motion, while indicating reservations about the decision due to the declaration from Maria Farmer's sister, Annie Farmer, in which she stated "Maria is very ill, and we are very concerned that the taking of her deposition at the present time could well trigger another adrenal crisis…" [D.E. 109 at p. 3].

On the same day the order was entered, counsel for Plaintiffs emailed a deposition subpoena for Ms. Farmer to the undersigned for June 23, 2026, without consultation about dates or availability of those involved. As a result, the undersigned reached out to counsel for Maria Farmer to cross-notice the deposition, and was at that time informed that "[a]s we previously informed plaintiffs' counsel, Maria Farmer is currently ill and not available to have her deposition taken at this time. She has been in and out of the hospital and ICU for weeks, was recently diagnosed w[ith] Addison's disease, and she is searching for a treatment doctor and a proper protocol. We will get back to you in the coming days or weeks w an update on her availability."

2

Email from Ms. Farmer's Counsel, dated June 4, 2026. Plaintiffs' counsel refused to withdraw their subpoena after receiving this information from Ms. Farmer's counsel.

The following week, the undersigned again reached out to Ms. Farmer's counsel to attempt to cross-notice the deposition set by Plaintiffs' counsel while informing her that Plaintiffs had declined to withdraw their subpoena. Again, Ms. Farmer's counsel responded that Ms. Farmer is not well and would not likely be available in June for a deposition and requested that the demand for Ms. Farmer's deposition at this time be withdrawn. Specifically, counsel for Ms. Farmer stated:

> As I have advised plaintiff's counsel, Maria is not well and her doctor says she is not currently available for a deposition and not likely to be available this month. Continuing to demand that her deposition go forward this month is dangerous to her health, particularly given her recent adrenal crisis, and we respectfully request that this inappropriate and distressing demand be promptly withdrawn.
>
> Please promptly advise that the deposition has been adjourned for June. Please allow Maria the ability to follow her doctor's instructions and extend her time to heal.
>
> We will be back to you on a future date.

Email from Maria Farmer's Counsel, dated June 9, 2026. The undersigned again reached out to counsel for Plaintiffs to ascertain whether they would be withdrawing the subpoena based upon the information received from Ms. Farmer's counsel and as of the time of this filing, Plaintiffs' counsel have still refused.

As Plaintiffs' counsel has not withdrawn the deposition subpoena, even after being told by Ms. Farmer's counsel that she is presently too sick to sit for a deposition, the Defendant's only option is to move to quash the Subpoena that clearly places an undue burden upon Ms. Farmer in violation of the Federal Rules and this Court's Order. The government should not be forced to take the deposition of a very ill witness when there is a likelihood of her regaining strength and

3

health at a later point in time.   Even if forced to undergo the scrutiny of a deposition, it is questionable whether Ms. Farmer would have the energy and wherewithal to provide a complete account of her extensive information, resulting in further prejudice.

## II.      Legal Standard

### A.      Standard to Quash or Modify Subpoena

Federal Rule of Civil Procedure Rule 45 provides that "[o]n motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive."

Federal Rule of Civil Procedure 45 provides in pertinent part:
(c) Protecting a Person Subject to a Subpoena.
. . .
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
. . .
(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena. . .

## III.      Argument

### A.      The Subpoena is Unduly Burdensome to an Ill Witness especially where there is a Likelihood of Improvement for later Testimony

Federal Rules of Civil Procedure 26(c)(1) and 45(d)(3) protect parties or persons from undue burden. Courts have recognized the need to reduce the discovery burden on nonparties. *See High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) (quoting *United States v. C.B.S.,* 666 F.2d 364, 371-72 (9th Cir. 1982) ("Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of litigation to which they are not a party.... [A] witness's

nonparty status is an important factor to be considered in determining whether to allocate discovery costs on the demanding or producing party.").[2]

Here, Plaintiffs are attempting to require Maria Farmer, who by Plaintiffs' own admissions, is presently extremely ill, to sit for a deposition in this matter against medical advice. Counsel for Maria Farmer has advised all parties to this litigation that Ms. Farmer's doctors have advised her not to sit for a deposition at this time. Requiring Ms. Farmer to submit for a deposition against medical advice is the very definition of unduly burdensome. It is also not in conformity with the concerns for Ms. Farmer's health expressed in the Order permitting the deposition to occur before a scheduling conference.  [DE 109]. This Court should not require Ms. Farmer to risk her health and well-being to accommodate Plaintiffs' timeline. This is especially true when counsel for Ms. Farmer has indicated that she will provide dates of availability once Ms. Farmer has developed a treatment plan with her medical team and is feeling better.

Finally, Rule 45(d)(1) requires that the party (and its attorney) "responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). And, the court where compliance is required "must enforce this duty." *Id.*  Plaintiffs' have a duty to "take reasonable steps to avoid imposing undue burden" on Ms. Farmer, and the Court, likewise, has a duty to enforce this obligation. As mentioned above, Ms. Farmer's counsel has indicated that she is too ill at the current time to sit for a deposition. This is confirmed by the declaration of Ms. Farmer's sister, Annie Farmer, filed with this Court. [D.E. 108]. This Court has already expressed reservations about requiring Ms. Farmer to sit for a deposition when she is not well; requiring this deposition to go

---

[2] While the cases cited herein relate more to monetary costs, it is important to note the physical cost of requiring Ms. Farmer to sit for a deposition at this time. Her counsel has indicated her doctors have advised her not to sit for a deposition currently.

forward as set by Plaintiffs runs contrary not only to the Federal Rules, but to the intent of this Court as expressed in its Order. [D.E. 109].

## CERTIFICATE OF CONFERENCE

Pursuant to S.D. Fla. L.R. 7.1(a)(3), the undersigned certifies that reasonable attempts to confer with Plaintiffs' counsel were made which could not resolve the issues presented in this motion.  Specifically, on June 4, 2026, and June 11, 2026, undersigned counsel emailed requests to postpone the deposition of Ms. Farmer set for June 23, 2026, to a later date to be set when Ms. Farmer's counsel provides notice that her health has improved sufficiently.  Plaintiffs' counsel to date have declined to withdraw the subpoena at issue.

## CONCLUSION

WHEREFORE, for the reasons set forth above, the United States of America respectfully request this Court enter an Order quashing the Subpoena for testimony of Maria Farmer at this time and enter a protective order barring such testimony until such time that Ms. Farmer's counsel indicates she is well enough to participate.

Respectfully Submitted,

**JASON A. REDING QUIÑONES**
**UNITED STATES ATTORNEY**

By:     */s/ Kelsi R. Romero*
KELSI R. ROMERO
Assistant U.S. Attorney
United States Attorney's Office
Southern District of Florida
Special Bar No. A5502758
500 East Broward Blvd, Suite 700
Fort Lauderdale, FL 33394
Kelsi.Romero@usdoj.gov

Steven R. Petri
Assistant United States Attorney
 Federal Bar No. A5500048
500 E. Broward Blvd., Suite 700

6

Ft. Lauderdale, FL 33394
(954)660-5799; Fax: (954)356-7180
Email: Steve.Petri@usdoj.gov