UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-80880-CIV-LEIBOWITZ

JANE DOE 1, *et al.,*

   Plaintiffs,

v.

UNITED STATES OF AMERICA,

   Defendant.

_____/

## DEFENDANT'S REPLY IN SUPPORT OF
## MOTION TO DISMISS FOURTH AMENDED COMPLAINT

  Defendant, United States of America, by and through the undersigned Assistant United States Attorney, hereby files this Reply in Support of the United States' Motion to Dismiss Plaintiffs' Fourth Amended Complaint ("FAC") ("Motion").

### ARGUMENT

  Plaintiffs' Response to Defendant's Motion [D.E. 115] attempts to persuade this Court that it is bound by its prior rulings pursuant to the "law of the case" doctrine. Plaintiffs are incorrect. "The law of the case doctrine applies to courts of appeals decisions, not to district court decisions..." *Emergency Recovery, Inc. v. Hufnagle*, 77 F.4th 1317 (11th Cir. 2023). Further, the Court previously dismissed the Plaintiffs' prior complaints which contained completely different legal theories. The FAC is the first and only time the undertaking doctrine and the zone of risk doctrine have been alleged in this case, and the Court is therefore tasked with reviewing a wholly new complaint, albeit with many of the same fatal flaws as previous complaints in this case.

### I. PLAINTIFFS' CONTINUOUSLY FAIL TO MEET THE REQUIREMENTS OF RULE 8

  After multiple rounds of amendments, and the robust discussion in Defendant's Motion, Plaintiffs continue to disregard the pleading requirements of Rule 8, and the FAC should be dismissed on this basis.

### A.     Equitable Tolling

Plaintiffs allege in the FAC that they meet the requirements for equitable tolling yet fail to actually allege any facts showing due diligence or how the government could have possibly concealed the information necessary for them to timely bring their claims. Rather, Plaintiffs rely heavily on the prior decisions of this Court, which, as mentioned above, have no binding effect on the Court at this juncture.

Plaintiffs attempt to convince this Court they have met the "reasonable diligence" requirement, but in doing so they confuse the issues.  Plaintiffs argue they "plausibly allege reasonable diligence" by alleging that "the FBI concealed Epstein's sex-trafficking venture and its own investigation and evidence…" *See* D.E. 115 at p.20. This argument goes to the second element of the equitable tolling analysis, the extraordinary circumstance requirement, not the due diligence requirement. And as discussed in Defendant's Motion, "reasonable diligence and extraordinary circumstance requirements are not blended factors; they are separate elements, both of which ***must*** be met before there can be equitable tolling." D.E. 110 at p. 4 (quoting *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1225 (11th Cir. 2017) (emphasis added).

Plaintiffs fail to even ***attempt*** to meet the pleading requirements for the application of equitable tolling. There are no facts alleged indicating ***any*** diligence on behalf of the Plaintiffs, much less reasonable diligence. The reason that Plaintiffs cannot make a single allegation of due diligence is that even a simple internet search would have uncovered a trove of articles, books, documentaries, blogs, and public statements criticizing the FBI's alleged failures regarding Epstein thereby advising Plaintiffs of their causal connection to their FTCA claims.  Much of this public information is cited within the FAC including: the OPR investigation (FAC at pg. 34-35, fn 14, 16, 17); Judge Marra's opinion (FAC at pg. 34-35); *Worst Failure in Criminal Justice System in Modern Times* (FAC at pg. 27-28, fn. 4 & 5); Julie Brown's investigation (FAC at pgs. 27 & 32); *Everyone Heard About Jeffrey Epstein's Enablers, Few Listened To His Victims* ( FAC at p. 32, fn. 13); *Justice Department Probe Ends with No Action Against Prosecutors Who Oversaw Epstein Deal* (FAC at p. 40, fn. 28);Senator Sasse's November 12, 2020 public statement that the government's investigation was a "disgusting failure" (FAC at ¶ 276).  In view of the trove of publicly available information years before the allegation of discovery of the causal connection,

the fifty-two-page FAC fails to allege a single act of due diligence by a single one of the 34 plaintiffs, resulting in no factual basis whatsoever to permit a finding of equitable tolling.[1]

Further, as to the second element Plaintiffs are required to meet to be entitled to equitable tolling, Plaintiffs have not alleged any acts of concealment. Notably, the supporting allegations must be "specific and not conclusory." *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014); *see also Carlsen v. One W. Bank FSB*, 2010 WL 4123573, at *2 (S.D. Fla. Oct. 20, 2010) ("Plaintiffs' conclusory assertion of equitable tolling is insufficient; the Complaint must allege facts sufficient to support the contention that equitable tolling should apply."); *Switala v. Rosenstiel*, 288 F. Supp. 3d 1296, 1301 (S.D. Fla. 2017) ("Where there has been no showing of a basis for equitable tolling in either the complaint or a response to a motion to dismiss, courts have granted motions to dismiss claims as time-barred."). Plaintiffs state in conclusory fashion that the FBI "concealed Epstein's sex-trafficking venture and its own investigation…" but such statements, entirely unsupported by a single factual allegation, do not survive the equitable tolling analysis in the Eleventh Circuit.

Plaintiffs rely solely on the *JP Morgan* case filed in 2022 for when they allegedly received notice of their claims, yet do not provide a specific date on which they became aware nor what it was about that case that allegedly put them on notice. This is especially problematic given that the case that allegedly put the Plaintiffs on notice was a case about Suspicious Activity Reports (SARs) being sent to FinCEN and the Department of the Treasury, nothing involving notifications to the

---

[1] When a district court considers a motion to dismiss on jurisdictional grounds, it may consider matters "beyond the pleadings in order to determine whether it lacked subject matter jurisdiction." *Goodman v. Sipos*, 259 F.3d 1327, 1331 n. 6 (11th Cir.2001). A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir.1999). Public records are among the permissible facts that a district court may consider. *See Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir.2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss."). That being the case, the public information that was available to Plaintiffs had they done the slightest due diligence would include the Netflix docuseries *Jeffrey Epstein: Filthy Rich* (released May 27, 2020), which includes an in-depth interview of Maria Farmer and her dissatisfaction with the FBI as detailed in the FAC, as well as her prior appearances on news shows showcasing the same dissatisfaction. The *Filthy Rich* docuseries spends significant portions criticizing the federal government's failure to prosecute Epstein. Plaintiffs' conclusory claim of ignorance of the causal connection now alleged is undone by the public information cited in the FAC as well as the other public information fully available to them.

FBI or DOJ. Notably, this was pointed out in Defendant's Motion and Plaintiffs conveniently failed to address the issue in their Response. *See* D.E. 110 at pp 3-4; *see also* D.E. 115.

Because Plaintiffs have failed to meet Rule 8 pleading standards to properly allege facts supporting their claim to equitable tolling in the FAC and also failed to advance any facts or argument that would be legally sufficient in their Response to Defendant's Motion, Plaintiffs' claims are time-barred and the Court lacks jurisdiction. The two-year statute of limitations to file administrative claims expired years before Plaintiffs' claims began to be filed in 2024.  As such, this case must be dismissed.

**B.      Discretionary Function Exception**

Plaintiffs again argue that the Court cannot dismiss this case on the Discretionary Function Exception (DFE) because the Court previously found it was premature to consider at the Motion to Dismiss stage. [D.E. 115 at p. 5]. However, as discussed above, the Court is not bound by its previous findings pertaining to prior complaints no longer at issue, the Government has now provided further support for dismissal on DFE grounds, and it has distinguished the cases previously relied upon by this Court. The Government has also for the first time brought to the Court's attention *In re Wild*, an 11th Circuit decision establishing that the decision not to prosecute Epstein was a Constitutionally discretionary decision vested with the U.S. Attorney.  *See In re Wild,* 994 F.3d 1244 (11th Cir. 2021). Plaintiffs rely heavily on *Douglas* for the argument that dismissal at the Motion to Dismiss (MTD) stage is inappropriate. However, as already discussed in Defendant's Motion, *Douglas* is entirely distinguishable from this case. *See* D.E. 110 at p. 19.

Plaintiffs bear the burden to plead a plausible claim that falls outside of the discretionary function exception. *See Douglas*, 814 F.3d at 1276. They have not done so. *See generally* FAC. Even in Plaintiffs' Response, they fail to point to any ***mandatory*** directives, rather, they cite permissive language from MIOGs and DIOGs that have already been held to be permissive rather than mandatory, and offer mere conclusory statements that some speculative mandatory directive exists. *See* D.E. 115 at p. 9. Even looking at the few specific sections of the MIOGs cited by Plaintiffs, the sections are clearly permissive rather than mandatory. *See, e.g.* MIOG, Part 1 § 31-3.1 ("Agents ***should*** understand… Agents ***should*** bear in mind…"); §31-4(1) ("[C]are ***should*** be taken…"). This is not the language of "a specific statutory [or] regulatory directive." *Gonzalez v. United States*, 814 F.3d 1022, 1032 (9th Cir. 2016) (citing *Berkovitz by Berkovitz v. U.S.,* 486 U.S. 531 (1988)).

Further, Plaintiffs' assertion that they are entitled to discovery to determine whether the FBI violated any other relevant policies or procedures runs directly contrary to the Rule 8 pleading requirements. The FBI policies and procedures are public record, as clearly indicated by the FAC where several of the policies are cited. No amount of discovery will turn the discretionary policies of the FBI into mandatory ones. *See Twombly*, 550 U.S. at 556 (noting that the motion to dismiss and general pleading standards of the Federal Rules require a plaintiff to allege "enough fact to raise a reasonable expectation that *discovery will reveal* evidence" to prove the alleged claim) (emphasis added); *see also, e.g., Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127 (11th Cir. 2014) (noting that it is "backward" to expect that "parties wait until discovery to identify, with precision, the subject of the litigation"); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("A motion to dismiss based on failure to state a claim for relief should be resolved *before discovery begins*; such a dispute always presents a purely legal question because the allegations contained in the pleading are presumed to be true.") (cleaned up; emphasis added).

Finally, most of the references to the FAC in Plaintiffs' Response contain conclusory allegations that a mandatory directive exists, without any specific citation or quotation to such alleged mandatory directive. *See* D.E. 115 at p. 9. Notably, legal conclusions couched as factual allegations are not permissible and need not be accepted as true by this Court. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *see also Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011) ("Legal conclusions without adequate factual support are entitled to no assumption of truth."); *Womack v. Carroll Cty., Ga.*, 840 F. App'x 404, 405 (11th Cir. 2020) ("[W]e need not accept as true the plaintiff's legal conclusions, including those couched as factual allegations."); *Hall v. HSBC Mortg. Servs., Inc.*, 581 F. App'x 800, 803 (11th Cir. 2014) ("Hall's assertions of causation and damages amount only to conclusory statements and legal conclusions couched as factual allegations and, as such, do not suffice [to state a claim]."); *Trujillo v. Florida,* 481 F. App'x 598, 600 (11th Cir. 2012) ("Trujillo's complaint contains only legal conclusions couched as factual allegations, and the district court was not bound to accept such legal conclusions.").

## C.      Causation

Plaintiffs fully ignore the Defendant's argument that Plaintiffs' causation theory runs contrary to the Constitutionally vested discretion of charging decisions within the Department of

Justice. *See* D.E. 110 at p.18. Rather, Plaintiffs attempt to sidestep the issue by stating that the Court has already decided the question and it should not be raised at the MTD stage. *See* D.E. 115 at pp. 10-11.

However, by failing to substantively respond to the Defendant's causation argument that the only way to prevent harm to future victims was for prosecutors to charge Epstein with criminal offenses to get him off the streets, Plaintiffs have waived or abandoned all of their potential counter arguments. *Jones v. Bank of Am., N.A.,* 564 F. App'x 432, 434 (11th Cir. 2014) ("[W]hen a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned." (citing *Hudson v. Norfolk S. Ry. Co.,* 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001)); *Katzoff v. NCL (Bahamas) Ltd.*, No. 1922754-CIV-COOKE/GOODMAN, 2021 WL 2953182 (S.D. Fla. July 14, 2021) (finding plaintiff's arguments about expert opinions to be abandoned and deeming those opinions inadmissible); *Carter v. BPCL Mgmt., LLC*, No. 19-60887-CIV, 2021 WL 7502562, at *1 (S.D. Fla. Sept. 22, 2021) ("Plaintiff's refusal to refute any arguments in Defendant's [*Daubert*] Motion operates as a waiver of those arguments and is akin to a failure to respond."); *Brown v. Buddy Bee Corporation*, No. 14-24368-CIV-ALTONAGA, 2015 WL 11233388, at *4 (S.D. Fla. Mar. 11, 2015) (failure to address arguments is tantamount to failing to respond, finding party waived substantive argument against motion to strike (citing *Glass v. Lahood*, 786 F. Supp. 2d 189, 210 (D.D.C. 2011) (noting that where plaintiff's opposition addresses only certain arguments, those arguments that are not addressed are deemed conceded)).

As the Government argued in Defendant's Motion, and the Plaintiffs failed to rebut in their Response, the Plaintiffs' entire causation allegation is premised on the Constitutionally vested discretion of the Department of Justice to charge Epstein with criminal offenses in order to get him off the streets, and thus, this case cannot continue.  The 11th Circuit has already determined that the decision not to charge Epstein was within the Constitutionally vested discretion of the U.S. Attorney's Office.  *In re Wild,* 994 F.3d 1244, 1264 (11th Cir. 2021).

### D.    Undertaking Doctrine

In Plaintiffs' FAC and their Response, Plaintiffs attempt to hold the FBI accountable as a private person, yet at the same time, allege that the FBI undertook law enforcement services to "protect the American people" and therefore owed a duty to the Plaintiffs. [D.E. 115 at p. 12]. Plaintiffs cannot have it both ways. The Plaintiffs cannot allege the FBI owes the same duty to

Plaintiffs as a private person would, if the only reason that alleged duty exists is because the FBI is an investigative agency of the Government. It's illogical.

Further, Plaintiffs argue that had the FBI appropriately responded to complaints and investigated tips, Plaintiffs "would not have been raped, molested, trafficked and abused." *Id*. However, as the Government points out in the Defendant's Motion, it is the prosecutor's **discretionary** decision whether or not to bring charges that can potentially get a criminal off of the streets, not the FBI's.

More importantly, Plaintiffs have still failed to allege a duty that meets the requirements of Rule 8. Plaintiffs state that their case is "identical" to *Marjory Stoneman Douglas*, but such statement – apart from being sheer hyperbole – is misguided. *See In re Marjory Stoneman Douglas High Sch. Shooting FTCA Litig.,* 482 F. Supp. 3d 1273, 1280 (S.D. Fla. 2020). In *Marjory Stoneman Douglas*, the Court found the FBI violated its duty by failing to do the most basic task, providing a tip to the local FBI Field Office for evaluation, after assuring the caller that the information would be provided to the correct people. *Id*. at *1279. Judge Dimitrouleas never found that the FBI was negligent for failing to investigate. *See generally id.* Rather, the negligence in *Marjory Stoneman Douglas* stemmed solely from the Public Access Line (PAL)'s failure to provide information to the FBI agents for assessment at the local field office. *Id*. at 1298. This is especially true given that the PAL "voluntarily undertook to serve as the central repository and conduit for information… and to handle and relay that information to the agency's agents and analysts…" *Id*. at 1298. No such allegation or failure exists here. The callers identified by the Plaintiffs spoke directly to FBI agents, not an employee of a PAL. The FBI agents then were able to make a decision whether to pursue the information provided or not, as is the FBI's discretionary decision under the FBI's non-mandatory investigative policies. And importantly, there was never an undertaking to protect third persons similar to that of *Marjory Stoneman Douglas*.

Additionally, while Plaintiffs may not need to show **reasonable** reliance, they must still plead a reliance claim that is **plausible**. *See Ashcroft v. Iqbal*. 556 U.S. 662, 679 (2009) (finding that the plausibility standard required under Rule 8 means more than "a sheer possibility"). Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. Here, it is not plausible that callers relied on the FBI years after their calls were placed, and after being hung up on, or not actually ever speaking with anyone from the FBI and with absolutely zero

7

follow-up. *See* FAC at ¶¶ 103, 149-55. The reliance by the caller in *Marjory Stoneman Douglas* lasted about a month, the alleged reliance alleged here spans over two decades. Using this Court's common sense, reliance over the course of two decades cannot be deemed plausible.

### E.      Zone of Risk Doctrine

Again, Plaintiffs attempt to plead a duty by the FBI for the sole fact that the FBI is an investigative agency of the government. *See* D.E. 115 ("because the FBI failed to adequately investigate those claims, it was foreseeable that Plaintiffs were abused and harmed"). However, the Plaintiffs have to plead a duty under Rule 8 that the FBI would be liable as a ***private person***. The mere fact that the FBI can investigate does not create a duty. As discussed in Defendant's Motion, *Marjory Stoneman Douglas*, while starkly different in the level of detail at the pleading stage and time periods, is the closest comparison to the facts of this case, and a comparison with *Marjory Stoneman Douglas* makes clear that no duty was properly plead here. *See generally Marjory Stoneman Douglas*, 482 F. Supp. 3d 1273.

Unlike *Marjory Stoneman Douglas*, where the court found that a foreseeable zone of risk was created when the FBI created and operated the PAL, thus limiting callers to speaking to an employee in West Virginia as opposed to an FBI agent at a Field Office, the FBI did nothing in this case to create such zone of risk. Further, the Plaintiffs have not alleged anything other than a conclusory allegation of failure to investigate, which does not meet the pleading requirements of Rule 8 to plausibly allege a duty under the zone of risk doctrine. Notably, Plaintiffs in their Response point to the closing of the FBI's investigation. [D.E. 115 at p. 18]. However, the closing of the investigation was a result of the U.S. Attorney's Office's decision to enter into a Non-Prosecution Agreement with Epstein, a Constitutionally vested discretionary decision, not an independent decision of the FBI. *In re Wild*, 994 F.3d at 1264. Thus, reliance on this allegation is unfounded.

Plaintiffs' reliance on the *Stephens* case is also misguided. In *Stephens*, the court found a duty under the foreseeable zone of risk doctrine because the government had failed to secure proper safety procedures for the shipping and handling of anthrax, and as a result, the anthrax was intercepted and ended with a person's death. *See United States v. Stevens,* 994 So. 2d 1062 (Fla. 2008). The facts in *Stephens* are starkly different from the facts of this case. In *Stephens*, the United States had knowledge of missing anthrax and despite that knowledge, failed to implement security measures for the handling and shipping of materials. In contrast, the Plaintiffs in this case simply

8

allege the FBI made the decision not to investigate their claims. *See* D.E. 115 at p 50. However, as the Defendant has already pointed out, "when the government is still in the process of investigating and deciding 'whether to prosecute'—its authority and discretion are understood to be 'exclusive' and 'absolute'." *In re Wild*, 994 F.3d at 1264 (quoting *U.S. v. Nixon,* 418 U.S. 683, 693 (1974)). Therefore, the decision of the FBI agents not to pursue a tip is within the FBI's discretion and does not create a duty to investigate further. And even if the FBI had a duty to investigate, such investigation occurred, which culminated in an 82-page prosecution memo and a 53-page draft indictment. *See In re Wild*, 994 F.3d at 1248.[2] Plainly, the Plaintiffs have not plausibly alleged a duty under the zone of risk doctrine, and this claim should be dismissed.

## II. JURISDICTIONAL DEFENSES CANNOT BE WAIVED

Plaintiffs argue that the Government is precluded from asserting a "sum certain" defense, as it did not do so in previous briefing. *See* D.E. 115 at p. 21. However, Plaintiffs misconstrue the Federal Rules of Civil Procedure and Eleventh Circuit precedent. While Rule 12(g)(2) precludes *certain* defenses from being raised after the first Rule 12 motion, Rule 12(h)(3) makes clear that subject matter jurisdiction defenses can be raised and considered by the court *at any time*. Fed. R. Civ. P. 12. And, in fact, the Court has an independent duty—regardless of any arguments raised by the parties—to assure itself of its own jurisdiction to hear the case.

It is clear from Eleventh Circuit precedent that the sum-certain requirement under the FTCA is a jurisdictional one. *See Turner ex rel. Turner v. United States,* 514 F.3d 1194, 1200 (11th Cir. 2008) ("If the claimant fails to provide a sum certain within the claim, the administrative claim fails to meet the statutory prerequisite to maintaining a suit against the government and leaves the district court without jurisdiction to hear the case.") (*citing Dalrymple v. U.S.*, 460 F.3d 1318 (11th Cir. 2006) (internal quotations omitted). "The presentation requirement is meant to 'giv[e] agencies an opportunity to settle suits before litigation commence[s],' which in turn can 'ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States.'" *Hernandez v. United States*, No. 25-11336, 2026 WL 1648838, at *3 (11th Cir. June 8, 2026) (citing *Burchfield v. United*

---

[2] The Government recognizes that while these documents were drafted, Epstein ultimately entered into a Non-Prosecution Agreement (NPA) with the U.S. Attorney, which the Eleventh Circuit has already held is inherently discretionary. *See In re Wild*, 994 F.3d at 1261. However, the magnitude of the prosecution memo and draft indictment speaks to the comprehensive investigation conducted by the FBI that provided enough information for the AUSA to draft such documents.

*States*, 168 F.3d 1252, 1255 (11th Cir. 1999) (citation modified). Further, although it is true that the Eleventh Circuit has stated that it takes "a somewhat lenient approach to the sum certain requirement, we have held that the FTCA requires, at a minimum, that a claimant expressly claim a sum certain or provide documentation which will allow the agency to calculate or estimate the damages to the claimant." *Id.*

Here, Plaintiffs submitted only SF-95 forms, without ***any*** supporting documentation that would provide the Government the ability to calculate or estimate the damages to the claimant. Without a sum certain expressly included on the administrative claim form or supporting documentation included to help the Government calculate the damages, the sum certain requirement has not been met and the claims are jurisdictionally barred from proceeding. *Turner,* 514 F.3d at 1200. While Plaintiffs attempt to persuade this Court that a sum certain is not required, on the theory that Jane Does 13, 21, and 29 presented claims identical to their co-plaintiffs, such argument misstates the law. "The FTCA requires that *each* claim and *each* claimant meet the prerequisites for maintaining a suit against the government." *Id.;* citing *Dalrymple,* 460 F.3d at 1325. Thus, "in multiple claimant actions under the FTCA, each claimant must ***individually*** satisfy the jurisdictional prerequisite of filing a proper claim." *Id.* (emphasis added). Because Jane Does 13, 21 and 29  failed to present a sum certain, this Court lacks subject matter jurisdiction over their claims and they must be dismissed.

## CONCLUSION

The Defendant respectfully requests that this Court dismiss this case in its entirety without further leave to amend, as further amendment would be futile. Plaintiffs have continuously failed to meet the pleading requirements of Rule 8, fail to properly assert subject matter jurisdiction, and fail to state a claim upon which relief can be granted. As such, dismissal is warranted.

## REQUEST FOR HEARING

Pursuant to Local Rule 7.1(b), Defendant respectfully re-asserts the request for a hearing on its Motion to Dismiss. The Defendant believes a hearing would help clarify the issues and give the Court the opportunity to ask any questions necessary for resolution of the Defendant's Motion. The Defendant anticipates one hour would be needed for such hearing.

Respectfully submitted,

**JASON A. REDING QUIÑONES**
**UNITED STATES ATTORNEY**

By:     */s/ Kelsi R. Romero*
        KELSI R. ROMERO
        Assistant U.S. Attorney
        United States Attorney's Office
        Southern District of Florida
        Special Bar No. A5502758
        500 East Broward Blvd, Suite 700
        Fort Lauderdale, FL 33394
        kelsi.romero@usdoj.gov

By:     *Steven R. Petri*
        STEVEN R. PETRI
        Deputy Chief, Civil Division
        United States Attorney's Office
        Federal Bar No. A5500048
        500 East Broward Boulevard, Suite 700
        Fort Lauderdale, Florida 33394
        Tel: (954) 660-5799
        Steve.Petri@usdoj.gov

11