UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**JANE DOE 1 *et al.*,**

***Plaintiffs,***

**Civ. Act. No: 9:25-cv-80880**

**v.**

**UNITED STATES OF AMERICA,**

***Defendant.***

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO QUASH SUBPOENA FOR TODD BLANCHE WITH SUPPORTING MEMORANDUM OF LAW**

Plaintiffs through the undersigned counsel, oppose Defendant's Motion to Quash the Subpoena to Testify at a Deposition in a Civil Action (the "Subpoena") directed to Attorney General Todd Blanche ("Blanche") and seeking a protective order.

Plaintiffs subpoenaed Blanche because he is the only Defendant's employee that has made statements that are precisely on point with the matter at issue for jurisdictional discovery, which is whether Defendant's failure to comply with its policies is discretionary or not.

Specifically, there is no dispute that the FBI received complaints that Jeffrey Epstein was sexually abusing children and had child pornography.

The only dispute is: did the FBI have discretion to ignore those complaints?

According to Todd Blanche, United States Attorney General, the answer is "no."

On July 16, 2026, Blanche told a room full of survivors of Jeffrey Epstein's sex trafficking, twice that the FBI failed to properly investigate Jeffrey Epstein before 2007.

Since the FBI failed to properly investigate, this indicates that the FBI did not have discretion.

Since Blanche is the only employee of Defendant that made these statements, the defense objections (at pp. 1, 4, 6-8) based on there being other sources of this information are not relevant here. Defendant's arguments to quash this subpoena are based on the fact that "Plaintiffs cannot demonstrate that the Attorney General has any unique information." That is plainly untrue and establishes that this deposition should proceed.

Moreover, mere moments before Defendant filed the instant motion to quash, its counsel asked what was the basis for Blanche's deposition. They were told that Blanche made these statements admitting that the FBI failed to properly investigate and as such, these decisions were not discretionary. Despite that, Defendant decided not to address any of this information in its motion.

Quashing this subpoena would again allow the Government avert accountability and transparency at the expense of the victims.

**<u>RELEVANT FACTS AND PROCEDURE FOR THIS MOTION</u>**

The parties are supposed to be conducting jurisdictional discovery as to whether the FBI had discretion to ignore complaints of child sex abuse and child pornography in violation of their policies and procedures. See ECF No. 135. However, the Government has continued to obstruct and conceal and have not produced a single piece of paper or witness. On October 15, 2026, counsel for the Government said in an email that they were still "attempting" to locate a 30(b)(6) witness with knowledge of all the topics listed in the notice. S*ee Declaration of Jennifer C. Plotkin,*

*annexed hereto as Exhibit "1."* Plaintiffs' counsel requested that the 30(b)(6) witnesses be produced as soon as possible given the short timeline to complete jurisdictional discovery, and there was no response. *Id.* To date, the Government has not offered any 30(b)(6) witnesses or furnished any responses to Plaintiffs' jurisdictional discovery demands. Plaintiffs also have subpoenaed Blanche, which is at issue for the current motion.

As per the attached Declarations of Jennifer C. Plotkin,. Esq., Jordan K. Merson, Esq. and two survivor-Plaintiffs, on July 16, 2026, survivors and their attorneys attended a meeting with Blanche in Washington, D.C. *Exhibits "1," "2, "3" and "4."* During that meeting, Blanche admitted twice that the FBI case against Epstein was mishandled. He first stated that the FBI case against Epstein "was handled improperly before 2007." Also, during that same meeting, Blanche stated to survivors: "you got screwed over by the FBI but I cannot fix the FBI's lack of investigation." If the FBI had discretion, then there could not be a failure to properly investigate.

As part of jurisdictional discovery, Plaintiffs subpoenaed Blanche, the only witness with personal knowledge of the statements and the meaning behind the statements he made on July 16, 2026. Further, as the United States Attorney General, he is particularly situated to comment on the mandatory or discretionary nature of government actions including those of the FBI. Moreover, as of today, Defendant has failed to identify any other knowledgeable witnesses on any subject let alone Blanche's admissions to the Epstein sex trafficking ring survivors. Defendant now opposes the subpoena of Blanche without justification.

## ARGUMENT

### I. The Attorney General's Testimony Goes Directly to the Jurisdictional Question.

This Court permitted jurisdictional discovery as to the existence and content of any mandatory established policies, protocols and procedures, whether written or otherwise, governing the FBI's conduct in assessing or handling tips, reports and complaints of sexual abuse, child sexual abuse and/or child sexual abuse material and allowed the parties to engage in this limited jurisdictional discovery for ninety (90) days. *See* ECF No. 135. To date, the Government has not provided a response to Plaintiffs' 30(b)(6) demands and continues to fail to produce a 30(b)(6) witness. By the most generous interpretation, this would indicate that the Government has been unable to find any witnesses with relevant knowledge.

Blanche's statement that the FBI's case against Epstein "was handled improperly before 2007" and that "I cannot fix the FBI's lack of investigation" goes directly towards the jurisdictional discovery allowed to be conducted. Blanche's statements demonstrate that he has relevant and personal knowledge regarding whether investigation was mandatory or discretionary. The Government is wrong that the Plaintiffs cannot meet Rule 26(b)(1)'s relevance requirement and it is quite the opposite- Blanche's direct statements demonstrate his relevant knowledge of the FBI policies and his conclusion that the FBI failed to comply with them.

This is not an open-ended subpoena, but rather a direct and streamlined effort to obtain the jurisdictional discovery which the Defendant has continually fought, delayed, blocked and prevented. Plaintiffs are entitled to ask Blanche how the FBI violated its own policies and procedures and what he relied on in concluding that the FBI failed to meet its obligation to investigate. Moreover, Blanche's prior statements on this subject as United States Attorney General demonstrate that he has the relevant knowledge to respond; indeed, he already admitted

that the FBI failed to meet its obligations to a room full of people. His deposition is now necessary to better understand his statement and understanding of the FBI's obligations, via testimony made under oath.

## II. The Apex Doctrine Establishes that Blanche Should Comply with Plaintiffs' Subpoena.

### A. The *Morgan* Doctrine Is Not an Absolute Bar

First and foremost, the *Morgan* doctrine does not prohibit deposing high-ranking officials. It simply limits such depositions to exceptional circumstances, rather than imposing a categorical bar. In *In re United States (Kessler)*, the court noted that the practice of calling high officials as witnesses "should be discouraged." 985 F.2d 510, 512 (11th Cir. 1993). In support, it cited the D.C. Circuit's holding that top executive officials should not be called to testify about their reasons for official action "absent extraordinary circumstances." *Id.* (citing *Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985)). Yet, a rule discouraging a practice is not the same as a rule forbidding it, and such a rule merely confirms that the testimony is appropriate at times, including here.

The Eleventh Circuit has consistently framed the doctrine as a strong presumption rather than a categorical rule. *In re United States (Kessler), 985 F.2d 510 (11th Cir. 1993); In re United States (Jackson),* 624 F.3d 1368 (11th Cit. 2010). Courts within the Eleventh Circuit have compelled depositions of high government officials. *See Gray v. Kohl* No. 07-10024-CIV, 2008 WL 1803643 (S.D. Fla. April 21, 2008). In *Gray*, the Court held that given the "strong likelihood that an executive leader like Sherrif Roth would have personal knowledge concerning the matters…prevents the Court from finding good cause to issue a protective order banning Sherrif Rother's deposition." *Id at *2.* Similarly, in *Celentano v. Nocco,* the Court allowed the deposition of the sheriff because he was likely to have "unique personal knowledge concerning the matters

into which plaintiff is entitled to inquire." *No. 8:15-cv-1461-T-30AAS, 2016 WL 4943939* (M.D. Fla. Sept. 16, 2016) at *3.

Moreover, whereas the Government asserts that it is aware of no case since *Morgan* (decided in 1941) in which a high-ranking official has been deposed in a civil litigation (ECF No. 140 at 5), Plaintiffs faced no such difficulty finding such a case. For example, in 1980, in the case of *Carey v. Klutznick,* Judge Werker ordered the Commerce Secretary, Philip M. Klutznick to come to New York for a deposition after the "government has been obstructive." 508 F. Supp. 416 (S.D.N.Y. 1980); *See New York Times article by Robert McG. Thomas, Jr. Commerce Secretary Is Told to Testify on Census Count*, N.Y. Times, Nov. 13, 1980. Also, in Alabama, the District Court held in a federal voting rights case of *Greater Birmingham Ministries v. Merrill,* that the Secretary of State John Merrill had to appear for a deposition because he "may not so casually disavow his knowledge." 321 F.R.D. 406, 413 (N.D. Ala. 2017) (quoting *Gray*, No. 07-10024-CIV, 2008 WL 1803643 at *2).

The question is therefore not whether such a deposition can ever be ordered, but whether this case presents the circumstances that justify one. For the foregoing reasons, Blanche should be compelled to appear for a deposition given his unique personal knowledge.

B. <u>The Record Shows Bad Faith, Which Independently Justifies Inquiry Beyond the Official Record.</u>

The Supreme Court has recognized an exception to the general rule against ordering a deposition of sitting high ranking officials. *Department of Commerce v. New York*, 588 U.S. 752, 781 (2019). On "a strong showing of bad faith or improper behavior," such an inquiry may be warranted and may justify discovery beyond the record the government offers. *Id.* (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)).

In *Department of Commerce*, the Supreme Court ultimately did not foreclose deposing a Cabinet official on such a showing. Plaintiffs there challenged the reinstatement of a citizenship question on the 2020 census questionnaire. *Id.* at 758-59. Upon finding evidence that the Secretary of Commerce lied about his rationale for including the question, the District Court ordered his deposition as well as other extra-record discovery. *Id.* at 782. On review, the Supreme Court stayed the Secretary's deposition pending further review, but did not hold that it was impermissible. *Id.* at 765. On the merits, the Court reaffirmed the bad-faith exception and held that courts reviewing government action are "not required to exhibit a naiveté from which ordinary citizens are free." *Id.* at 785 (quoting *United States v. Stanchich*, 550 F.2d 1294, 1300 (2d Cir. 1977)). Where the record contradicts or undercuts the government's account, a court need not accept that account at face value. *Id.*

The standard is met here. Blanche's acknowledgment of the FBI's failure, the withholding of the FBI's records in this case and in releasing the files, failing to redact victim's names and redacting abusers' names instead demonstrate another reason and the need for this deposition. *Letter from Rep. Jamie Raskin, Ranking Member, H. Comm. on the Judiciary, & Rep. Madeleine Dean, to Todd W. Blanche, Att'y Gen., U.S. Dep't of Just., & Kashyap Patel, Dir., Fed. Bureau of Investigation (Oct. 7, 2026) at 3.* Blanche's statement, as the United States Attorney General goes to a contested element of this case. The Government contends that no mandatory directive governed the FBI's response and agents acted within their discretion. The head of the Department has said the exact opposite. That contradiction is at the center of the jurisdictional dispute, and only Blanche can explain it.

C. <u>Blanche Has Unique, First-Hand Knowledge of His Own Statements and Conduct.</u>

Both *Kessler* and *Jackson* turn on whether other witnesses can supply the information. *Kessler*, 985 F.2d at 512; *Jackson*, 624 F.3d at 1372. Here, they cannot. Any designee would have no knowledge of how and why Blanche concluded that the FBI failed to properly investigate.

The only dispute here is did the FBI have discretion to ignore complaints of child sex abuse and child pornography. According to Blanche, the answer is "no." Since Blanche is the only employee of the Defendant who made these statements, he is the one with unique and personal knowledge that the FBI failed to properly investigate and that the FBI did not have discretion. No questions will take place as to matters of national security or matters not relevant to the proceedings at law, but Blanche made these statements to Epstein victims, as to the heart of the matter, and they are a central part of this case now.

D. <u>All Alternatives are Exhausted.</u>

The Government has not provided jurisdictional discovery requested and has expressed an inability to locate a witness familiar with the requests. In addition, as to Blanche's statements, there are no alternatives and the deposition of Blanche is reasonable, relevant and permissible. This subpoena should not be quashed and Blanche's deposition should be scheduled to be held in the next fourteen (14) days.[1]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the Government's motion to quash, compel compliance with the subpoena and order Blanche to appear for a deposition within fourteen (14) days.

Dated: November 3, 2026

---

[1] Plaintiffs' counsel is willing to schedule a mutually agreeable deposition date, time and location.

**MERSON LAW, PLLC**
*By: /s/ Jennifer Plotkin, Esq.*
Jennifer C. Plotkin, Esq.
Jordan Merson, Esq.
Attorneys for Plaintiffs
950 Third Avenue
New York, New York 10022
Telephone:(212)-603-9100
Email: jmerson@mersonlaw.com
Email: jplotkin@mersonlaw.com

**THE HAGGARD LAW FIRM**
*By: /s/ Todd J. Michaels, Esq.*
Todd J. Michaels, Esq.
Attorneys for Plaintiffs
330 Alhambra Circle
Coral Gables, FL. 33134
Office: (305) 446-5700
Email: tmichaels@haggardlawfirm.com

*Counsel for Plaintiffs*