UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-80880-Leibowitz/McCabe

JANE DOE 1, et al.,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

_______________________________________/

**ORDER ON DE 140**

THIS CAUSE comes before the Court on the Government's motion to quash a subpoena and motion for protective order, which was referred to the undersigned by United States District Judge David S. Leibowitz. (DE 140, DE 142). The Court conducted a hearing on this matter on November 4, 2026. (DE 149). As set forth below, the Court **GRANTS** the motion in part and **DENIES** it in part.

## I. Background

This is a negligence case arising under the Federal Tort Claims Act ("FTCA") brought by numerous sexual abuse victims of Jeffrey Epstein. Plaintiffs allege that the Federal Bureau of Investigation ("FBI") acted negligently in failing to timely investigate Epstein, arrest him, and prevent him from committing further crimes, including those committed against Plaintiffs. (DE 104). On September 30, 2025, the District Judge entered a stay of discovery. (DE 67). On September 24, 2026, the District Judge lifted the stay to allow a ninety-day period of limited jurisdictional discovery on two issues:

(a) the existence and content of any mandatory established policies, protocols, and procedures, whether written or otherwise, governing the FBI's conduct in assessing or handling tips, reports, and complaints of sexual abuse, child sexual abuse, and/or child sexual abuse material, and

(b) the exhaustion of administrative remedies by Jane Does 13, 21, and 29.

(DE 129, DE 135).

Jurisdictional discovery has been underway since that time. During the hearing on this matter, the parties updated the Court on the status of jurisdictional discovery, and the Court made the following rulings from the bench:

- The Court ordered the parties to reach an agreement on a proposed confidentiality order by November 11, 2026 or, alternatively, to advise the Court if they cannot reach an agreement. If the parties cannot reach an agreement, the Court will enter its own standard confidentiality order.
- The Court ordered the Government to begin producing documents as soon as the confidentiality order is in place.
- The Court ordered the Government to answer outstanding interrogatories as soon as it begins producing documents.
- The Government advised that it had identified a Rule 30(b)(6) witness, but the parties have not yet set a deposition date. The Court ordered the parties, by November 11, 2026, to agree upon a date for the Rule 30(b)(6) deposition.
- The Court also ordered the parties to bring any discovery disputes to the Court as soon as they arise.

On or about October 9, 2026, Plaintiffs also sent a subpoena to counsel for the Government to take the deposition of "Todd Blanche." (DE 140-1). The subpoena does not indicate whether Plaintiffs seek to depose Mr. Blanche in his individual capacity or in his official capacity as Attorney General of the United States. The Court assumes the subpoena seeks an official-capacity deposition since Plaintiffs sent the subpoena to Government counsel rather than serving it upon Mr. Blanche personally. At the hearing, Government counsel also disavowed any representation of Mr. Blanche in his individual capacity or acceptance of service in that capacity. Plaintiffs seek to take the deposition in New York City. They also request that Mr. Blanche bring to the deposition, "[a]ny and all documents pertaining to Jeffrey Epstein." (DE 140-1 at 1).

This motion followed on October 26, 2026. (DE 140).

## II. Discussion

By way of this motion, the Government first seeks to quash the subpoena pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure. (DE 140 at 3). The Court denies this relief as Rule 45(d)(3) grants such authority only to a court "where compliance is required":

> (3) Quashing or Modifying a Subpoena.
>
> (A) When Required. On timely motion, *the court for the district where compliance is required* must quash or modify a subpoena that:
>
> …
>
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A) (emphasis added).

Here, the subpoena calls for the deposition to take place in New York City and for documents to be produced at the site of the deposition. (DE 140-1). A federal court in Florida cannot quash a subpoena that calls for compliance to take place in New York. *Cf. Bernath v. Seavey*, No. 2:15-CV-358-FTM-99CM, 2017 WL 11025770, at *2 (M.D. Fla. May 9, 2017)

("Here, the subpoena to Everyone's Internet requires compliance in Waxahachie, Texas ... Accordingly, pursuant to Federal Rule of Civil Procedure 45(d)(3)(A), the Middle District of Florida is not 'the district where compliance is required' and lacks the jurisdiction to quash this subpoena").

The Government next seeks entry of a protective order, under Rule 26(c), to prevent the deposition from going forward. (DE 140 at 1, 9). Unlike Rule 45(d)(3), a party seeking relief under Rule 26(c) may petition the court "where the action is pending" rather than the court "where compliance is required." *See Humphries v. Progressive Corp.*, No. 3:20-CV-548-X, 2022 WL 1018404, at *1 (N.D. Tex. Apr. 5, 2022) (noting that a party has standing to move for a protective order pursuant to Rule 26(c) even if the party does not have standing pursuant to Rule 45(d) to move to quash a subpoena); *Pena v. Casteel*, No. CV 15-0420, 2016 WL 800189, at *1 n.4 (W.D. La. Feb. 26, 2016) ("In contrast to Rule 45(d)(3), there is no indication that Rule 26(c)(1)'s alternative forum for 'matters relating to a deposition' is mandatory and exclusive").

Rule 26(c) allows the entry of a protective order for "good cause" as follows:

> (c) Protective Orders.
>
> (1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. … *The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following*:
>
> (A) forbidding the disclosure or discovery;
>
> …
>
> (B) prescribing a discovery method other than the one selected by the party seeking discovery;
>
> (C) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

…

Fed. R. Civ. P. 26(c) (emphasis added). For purposes of this rule, "good cause" means "sound basis or legitimate need" to limit the discovery in question. *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11th Cir. 1987).

Applying these standards here, the Court finds that the Government has shown good cause for entry of a protective order for two reasons. First, Plaintiffs' duces tecum request for "any and all documents pertaining to Jeffrey Epstein" goes far beyond the limited jurisdictional discovery permitted by the District Judge. As previously explained, the District Judge limited discovery to two discrete issues. (DE 129, DE 135). The duces tecum request goes far afield of these topics.

Second, the Government has shown good cause under the "apex doctrine," which protects high-ranking government officials from judicial subpoenas for testimony except in rare circumstances. *See, e.g.*, *In re United States*, 624 F.3d 1368, 1376 (11th Cir. 2010). Under the apex doctrine, "a district court should rarely, if ever, compel the attendance of a high-ranking official in a judicial proceeding." *Id.* The reasons behind the doctrine are two-fold: (1) to protect separation-of-powers concerns between co-equal branches of government, and (2) to protect high-ranking government officials from being "monopolized" by the obligations of testifying in response to judicial subpoenas. *Id.* at 1372.

To overcome the apex doctrine, the record must show "extraordinary circumstances" or "special needs" for compelling the appearance of a high-ranking officer in a judicial proceeding. *Id.* Of significance here, the doctrine cannot be overcome where a claimant can obtain the desired testimony or information from alternative sources. *See id.* at 1373 (finding that EPA Administrator could not be compelled to testify at hearing where Assistant Administrator was available to testify on same topics and the "district court failed to explain what information the Administrator can

provide … that the Assistant Administrator for Water cannot"); *In re United States*, 985 F.2d 510, 512 (11th Cir. 1993) (finding that FDA Commissioner could not be compelled to testify where the "record disclose[d] that testimony was available from alternate witnesses"). As the Fourth Circuit recently explained, the record must show that the high-ranking official has "firsthand information that is relevant and material to [the] claims and that cannot be reasonably obtained from other sources or modes of discovery." *In re Musk*, 169 F.4th 445, 448 (4th Cir. 2026).

Applying these standards here, the Court finds that the record lacks "extraordinary circumstances" or "special needs" sufficient to overcome the apex doctrine. An apex deposition should be a party's last resort in discovery, not a first resort. *See Musk*, 169 F.4th at 449 (granting mandamus to prevent deposition of high-ranking government official where plaintiffs had not exhausted other forms of written discovery). Here, Plaintiffs are still in the midst of the limited jurisdictional discovery allowed by the District Judge. They have not yet received responses to their written discovery, nor have they deposed the Government's Rule 30(b)(6) witness(es). The Court has taken steps to expedite the outstanding discovery and will continue to do so to ensure Plaintiffs get the discovery they are due.

To this end, Plaintiffs have submitted evidence that Attorney General Blanche held a meeting in Washington, D.C. on July 16, 2026, with numerous Epstein victims and their counsel, including many of the Plaintiffs and counsel in this case. (DE 147-1 ¶ 3, DE 147-2 ¶ 3, DE 147-3 ¶ 2, DE 147-4 ¶ 2). During that meeting, Attorney General Blanche purportedly said that the FBI case against Epstein "was handled improperly before 2007." (DE 147-1 ¶ 4, DE 147-2 ¶ 4, DE 147-3 ¶ 3, DE 147-4 ¶ 3). He also purportedly told the victims that "you got screwed over by the FBI, but I cannot fix the FBI's lack of investigation." (DE 147-1 ¶ 5, DE 147-2 ¶ 5, DE 147-3 ¶ 4, DE 147-4 ¶ 4).

In the Court's view, these comments implicate matters potentially within the scope of the limited jurisdictional discovery allowed by the District Judge. As such, the Court will allow Plaintiffs to propound up to ten (10) interrogatories, pursuant to Rule 33, to be answered by Attorney General Blanche in his official capacity as an employee of the United States. The scope of the interrogatories must be limited to the comments allegedly made by Attorney General Blanche during the meeting on July 16, 2026. The interrogatories shall be answered within fifteen (15) days after being propounded.

At the conclusion of all written discovery and the upcoming Rule 30(b)(6) deposition, Plaintiffs may renew their request to depose Attorney General Blanche, upon a proper showing of "extraordinary circumstances" or "special needs" after the exhaustion of other available discovery methods. In the meantime, the Court **GRANTS** the Government's motion for entry of a protective order. The deposition may not proceed without further order of the Court.

## III. Conclusion

For all of the above reasons, the Court **ORDERS** as follows:

1. The pending motion (DE 140) is **GRANTED IN PART AND DENIED IN PART** as set forth above.

2. Pursuant to Fed. R. Civ. P. 37, the Court declines to shift fees in connection with this motion, as the Court finds the parties were substantially justified in taking their respective positions and the circumstances would make an award of expenses unjust.

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 5th day of November 2026.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE