UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **JANE DOE 1 *et al.*,**<br>***Plaintiffs,***<br>**v.**<br>**UNITED STATES OF AMERICA,**<br>***Defendant.*** | **Civ. Act. No: 9:25-cv-80880** |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S NOTICE REGARDING PROTECTIVE ORDER AND 30(b)(6) DEPOSITION**

Under Federal Rule of Civil Procedure 26(c), this Court may enter a protective order only "for good cause." "The burden is on the party seeking the protective order to demonstrate good cause for its issuance." *Sierra Equity Grp. v. White Oak Equity Partners, LLC*, 672 F. Supp. 2d 1369, 1371 (S.D. Fla. 2009). That showing must be "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" supporting the need for such protection. *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 430 (M.D. Fla. 2005). When determining whether a party has established good cause, the Court must "balance the party's interest in obtaining access against the other party's interest in keeping information confidential." *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001).

Here, the Government has neither met that burden nor even tried to do so. It has proffered no "particular" or "specific" reasons or documents that favor cloaking discovery in this case. It has not offered any reason whatsoever. Even if the Government had tried to make the required showing – and it has not – the events giving rise to this case are of critical public concern, which the Government itself acknowledged by passing the Epstein Files Transparency Act ("EFTA"). Indeed, the EFTA instructs that "no record shall be withheld, delayed, or redacted on the basis of embarrassment, reputational harm, or political sensitivity, including to any government official, public figure, or foreign dignitary." Pub. L. No. 119-38, § 2(b)(1), 139 Stat. 656, 657 (2025). Further, the events here occurred between ten and thirty years ago, so there is no need to keep any of the requested information confidential.

Given the subject matter of this case, when the events giving rise to it occurred, and the Government's failure to establish the need for a protective order, no blanket protection is justified on this record.[1]

Respectfully submitted,

**MERSON LAW, PLLC**
*/s/ Samuel A. Martin*
Jennifer C. Plotkin, Esq.
Jordan Merson, Esq.
Samuel A. Martin (pro hac vice application forthcoming)
Attorneys for Plaintiffs
950 Third Avenue, 18th Floor
New York, New York 10022
Telephone: (212) 603-9100
Email: jmerson@mersonlaw.com
Email: jplotkin@mersonlaw.com
Email: smartin@mersonlaw.com

**THE HAGGARD LAW FIRM**
*By: /s/ Todd J. Michaels, Esq.*
Todd J. Michaels, Esq.
Attorneys for Plaintiffs
330 Alhambra Circle
Coral Gables, Florida 33134
Office: (305) 446-5700
Email: tmichaels@haggardlawfirm.com

[1] The only protection here should be for victims whose names could be redacted. A protective order is unnecessary for such redactions. Even so, the Government has not identified protecting Epstein's victims as a reason for its protective order. It has identified no reason.