**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:25-cv-80880-LEIBOWITZ/MCCABE**

**JANE DOE 1, *et al.,***

*Plaintiffs,*

*v.*

**UNITED STATES OF AMERICA,**

*Defendant.*
______________________________________/

**ORDER OVERRULING IN PART MAGISTRATE JUDGE**

**THIS CAUSE** is before the Court upon the Objection by Defendant United States of America's to U.S. Magistrate Judge Ryon McCabe's Order on Motion To Quash and Expedited Motion for Stay [ECF No. 154], filed on November 12, 2026. The Order which is the subject of the Government's Objection granted the Government's Motion to Quash the deposition of Attorney General Todd Blanche under the apex doctrine, but "allowed Plaintiffs to propound up to ten (10) interrogatories, pursuant to Rule 33, to be answered by Attorney General Blanche in his official capacity as an employee of the United States." [ECF No. 150 at 7]. The Court directed Plaintiffs to respond to the Objection in short order [ECF No. 155], which they have done [ECF No. 158].

Upon due consideration of the Motion [ECF No. 140], Judge McCabe's Order [ECF No. 150], the Government's Objection [ECF No. 154], Plaintiffs' First Set of Interrogatories to Attorney General Todd W. Blanche [ECF No. 154-1], and Plaintiff's response [ECF No. 158], the Court OVERRULES the Magistrate Judge's Order in part, as discussed below.

## I. INTRODUCTION

The Fourth Amended Complaint—filed by thirty-four (32) Jane-Doe plaintiffs—asserts one count of negligence (Count I: Voluntary Undertaking Doctrine) and one count of negligence (Count

II: Zone-of-Risk Doctrine) against the Federal Bureau of Investigation ("FBI") under the Federal Tort Claims Act ("FTCA") for alleged failure to follow FBI policies and protocols to prevent Plaintiffs from being "sex trafficked, raped, and sexually abused" by Jeffrey Epstein, beginning in 1996 through 2005. [ECF No. 104 ¶¶ 322–338]. For relief, Plaintiffs seek judgment against the FBI "for an amount in excess of $320,000,000.00 in compensatory damages, together with costs of this suit, legal interest, reasonable attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances." [*Id.* at 52].

## II. PROCEDURAL HISTORY

Plaintiffs initiated this action on September 25, 2024, in the U.S. District Court for the District of Columbia. [ECF No. 1]. On June 30, 2025, the case was transferred to the Southern District of Florida and randomly assigned to the undersigned. [*See* ECF Nos. 35, 36, 37]. On September 15, 2025, the parties filed a Consent Motion for Leave to File a Third Amended Complaint [ECF No. 59], which the Court granted [ECF No. 60]. Plaintiffs filed the Third Amended Complaint on September 17, 2025 [ECF No. 61].

At the Government's request, the Court stayed discovery on September 30, 2025, pending resolution of the Government's motion to dismiss for lack of jurisdiction. [ECF Nos. 62, 67]. On October 16, 2026, the undersigned referred the motion to dismiss to the United States Magistrate Judge Ryon M. McCabe for a report and recommendation ("R&R"). [ECF No. 72]. Judge McCabe recommended dismissing the Third Amended Complaint for lack of subject-matter jurisdiction, with leave to amend. [ECF No. 79 at 25]. Judge McCabe also denied Plaintiffs' request for jurisdictional discovery at that time. [*Id.* at 25]. Both parties objected to the R&R [ECF No. 84, 86], and after several extensions, responses to objections, and supplemental filings [ECF No. 88, 89, 90, 91, 92, 93, 94, 95, 96], the Court dismissed the Third Amended Complaint and directed Plaintiffs to file a motion for leave to amend if they could cure the pleading deficiencies identified. [ECF No. 97 at 15].

On May 21, 2026, Plaintiffs filed a Fourth Amended Complaint with leave of Court [ECF No. 104]. On June 4, 2026, the Government moved once again to dismiss the complaint for lack of jurisdiction [ECF No. 110]. The undersigned referred the Government's motion to dismiss to Judge McCabe for an R&R [ECF No. 111]. Judge McCabe held a hearing on the motion on July 28, 2026. [H'rg Tr., ECF No. 126], and both parties then filed supplemental briefs [ECF No. 127, 128].

On August 18, 2026, Judge McCabe's R&R recommended that the motion be denied and that limited jurisdictional discovery be permitted. Both parties filed Objections, followed by responses and a reply to the objections [ECF No. 130, 131, 132, 133, 134]. In its Order adopting Judge McCabe's R&R, the Court ruled as follows: "The Court will permit Plaintiffs to seek in discovery the *policies and procedures* Plaintiffs allege required the FBI to investigate their reports of sex trafficking." [ECF No. 135 at 8 (emphasis in original)].

## III. THE INSTANT DISPUTE

On October 26, 2026, the Government filed a Motion To Quash Deposition Subpoena and for Protective Order [ECF No. 140], seeking protection from Plaintiff's subpoena to U.S. Attorney General Todd Blanche commanding him to testify at a deposition in New York City [ECF No. 140-1]. The undersigned referred the motion to Judge McCabe for resolution [ECF No. 142]. Plaintiffs responded in opposition [ECF No. 147], and Judge McCabe held a hearing on the motion on November 4, 2026 [ECF No. 145]. Judge McCabe grated the Government's motion in part and denied it in part. [ECF No. 150 at 1, 6–7]. Judge McCabe ruled that, under the apex doctrine, the Attorney General need not sit for deposition. However, Judge McCabe allowed Plaintiffs to propound up to ten (10) interrogatories to the Attorney General limited to the July 16, 2026, meeting he held with Epstein victims in Washington, D.C. [*Id.* at 6–7].

## IV. LEGAL STANDARD

A district court reviewing a magistrate judge's discovery order is, in general, limited by statute and rule to reversing that order only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). In the absence of a legal error, a district court may reverse only if there was an "abuse of discretion" by the magistrate judge. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 401 (1990).

## V. PLAINTIFFS' INTERROGATORIES TO THE ATTORNEY GENERAL

On November 11, 2026, Plaintiff served the following ten (10) interrogatories on Attorney General Blanche:

> **INTERROGATORY NO. 1**: As completely as possible, set forth everything that you said during the meeting that you had in Washington, D.C. on July 16, 2026, with the victims of Jeffrey Epstein (hereinafter referred to as "the meeting") particularly, but not limited to, statements concerning the propriety of the FBI's investigation of Jeffrey Epstein and the adverse effect of its investigation upon the victims.
>
> **INTERROGATORY NO. 2:** Identify all documents and materials you read, prepared, reviewed, heard, or viewed that related to the FBI's investigation of Jeffrey Epstein and attach copies thereof, including those you read, prepared, reviewed, heard, or viewed before or in preparation for the meeting.
>
> **INTERROGATORY NO. 3**: Per your statements at the meeting, did the FBI have the responsibility from 1996 to 2018 to investigate complaints of child sex abuse, human trafficking, and/or child pornography?
>
> **INTERROGATORY NO. 4**: Did you ever say (verbatim or in substance) that the FBI "screwed up" its investigation into Jeffrey Epstein, failed to properly investigate Jeffrey Epstein, and/or failed to properly investigate matters relating to Jeffrey Epstein? If so, for each such statement state, as completely as possible, the text thereof and to whom and when they were made and attach copies of all documents relating thereto.
>
> **INTERROGATORY NO. 5:** Based upon any information that you were aware of at the time of or before the meeting, including information that you may have become aware of while serving as an Assistant U.S. Attorney, at any time did the FBI fail to properly investigate Jeffrey Epstein or matters relating to Jeffrey Epstein's criminal conduct, including, but not limited to, conduct regarding sexual abuse, sexual exploitation, child pornography, or trafficking of minors and women? If so, state the basis for your opinion, the source of the aforesaid information, when those failures occurred, describe the acts or omissions of the FBI that you believed constituted investigative failures, and identify and attach copies of all documents in your possession relating thereto.

**INTERROGATORY NO. 6**: List all persons with whom you communicated before the meeting who expressed knowledge of any investigation conducted by the FBI of Jeffrey Epstein, along with the dates and substance of each communication.

**INTERROGATORY NO. 7:** Prior to the meeting, did you have any conversations or communications with Donald J. Trump or his agents concerning Jeffrey Epstein, his conduct, or any FBI investigation relating thereto? If so, state, as completely as possible, everything that was said or communicated.

**INTERROGATORY NO. 8**: Prior to the meeting, at the meeting, and since, were you or are you aware of any investigation into whether the FBI violated any rules, regulations, policies, procedures or protocols concerning Jeffrey Epstein? If so, set forth the source of said knowledge including the names and dates relating thereto and the substance of all such communications.

**INTERROGATORY NO. 9**: At the time of the meeting, what was your knowledge of the FBI's obligations, policies, and/or procedures from 1996 to 2018 concerning its responsibility to investigate complaints of child sexual abuse, child pornography, or sex trafficking?

**INTERROGATORY NO. 10**: Identify all notes, recordings, videos, transcripts, documents, communications, or other materials concerning the meeting that you had with Jeffrey Epstein survivors in Washington, D.C. on July 16, 2026, including whether there should be notes, recordings or transcripts available given the room and circumstances where the meeting took place.

## VI. DISCUSSION

All discovery in this case has been stayed except for limited jurisdictional discovery into the "*policies and procedures*" that Plaintiffs allege in the Fourth Amended Complaint bring their claims outside of the discretionary function exception of the Federal Tort Claims Act. [*See* Order, ECF No. 135 at 8 (emphasis added)]. Plaintiffs' propounded interrogatories have nothing whatsoever to do with the FBI's mandatory policies and procedures in place during the relevant period. What Attorney General Blanche knew or said decades later has no bearing on that inquiry. As a result, Judge McCabe clearly erred by allowing any discovery directed at the Attorney General of the United States in violation of the Court's stay. Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Government's Objection [ECF No. 154] is **SUSTAINED**.

2. Plaintiffs may not inquire into what Attorney General Blanche knew or did not know in July 2026, unless and until the Fourth Amended Complaint survives dismissal.

3. Jurisdictional discovery allowed to proceed includes **only mandatory policies and procedures** that Plaintiffs allege required the FBI to investigate Plaintiffs' sex-trafficking claims (so as to take Plaintiffs' claims outside of the discretionary function exception of the Federal Tort Claims Act [Fourth Am. Compl., ECF No. 104 ¶¶ 325, 334].

**DONE AND ORDERED** in the Southern District of Florida on November 16, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record